**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **IN RE: GRANULATED SUGAR ANTITRUST LITIGATION** | Case No. 24-md-3110 (JWB/DTS) |
| This Document Relates to: *Commercial Indirect Purchaser Plaintiff Actions* | |

**MEMORANDUM IN SUPPORT OF**
**COMMERCIAL INDIRECT PURCHASER PLAINTIFFS'**
**JOINT MOTION TO APPOINT INTERIM CO-LEAD COUNSEL**

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................. 3

I.      Appointing Moving Counsel Will Best Represent the Interests of the
Commercial Class.......................................................................................... 4

    A.    Moving Counsel have expended significant time and resources to
investigate Plaintiffs' claims and advance this litigation. ............................ 5

    B.    Moving Counsel have extensive experience in class actions
and antitrust litigation, with expertise in the applicable law......................... 6

        1.    Lockridge Grindal Nauen PLLP ......................................... 7

        2.    Freed Kanner London & Millen LLC ............................... 12

        3.    Larson · King, LLP ............................................................ 18

        4.    Cuneo Gilbert & LaDuca, LLP ........................................ 22

        5.    Zimmerman Reed, LLP...................................................... 28

    C.    Moving Counsel's leadership best serves the interests of the
Commercial Class and is supported by all Commercial Counsel. .............. 34

    D.    Moving Counsel have the resources needed to prosecute
this litigation. .............................................................................................. 37

CONCLUSION ........................................................................................................ 37

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adedipe v. U.S. Bank, Nat'l Ass'n*,
  Nos. 0:13-cv-02687, 0:13-cv-02944, 2014 WL 835174
  (D. Minn. Mar. 4, 2014) ................................................................................................ 3

*In re Broiler Chicken Antitrust Litig.*,
  No. 1:16-cv-08637-TMD-JTG, 2021 WL 5709250
  (N.D. Ill., Dec. 1, 2021) ......................................................................................... 9, 17

*Mississippi ex rel. Hood v. AU Optronics Corp.*,
  571 U.S. 161 (2014) ................................................................................................... 30

*Lusk v. Life Time Fitness, Inc.*,
  No. 0:15-cv-01911, 2015 WL 9858177 (D. Minn. July 10, 2015) ............................... 3

*In re Peanut Farmers Antitrust Litig.*,
  No. 2:19-cv-00463-RAJ-LRL, 2021 WL 9494033
  (E.D. Va., Aug. 10, 2021) ............................................................................................ 8

*In re Potash Antitrust Litig. (II)*,
  No. 1:08-cv-06910-RC, 2013 WL 12470850 (N.D. Ill. June 12, 2013) ....................... 9

*Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd., et al.*,
  No. 1:08-cv-00042-BMC-PK, 2013 WL 4525323
  (E.D.N.Y. Aug. 27, 2013) ............................................................................................ 9

*Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd., et al.*,
  No. 1:08-cv-00042-BMC-PK, 2015 WL 6964973
  (E.D.N.Y. Nov. 10, 2015) ............................................................................................ 9

*Third Circuit Task Force Report on Selection of Class Counsel*,
  208 F.R.D. 340, 417 (2002) ...................................................................................... 35

*Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*,
  337 F.R.D. 405 (S.D. Ohio 2021) .............................................................................. 36

**Other Authorities**

7B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1802.3
(3d ed. 2005) ................................................................................................ 3

Fed. R. Civ P. 23(g) ............................................................................... 1, 2, 3, 34

Manual for Complex Litigation (Fourth) § 10.221 ................................. 4, 34, 35

Manual for Complex Litigation (Fourth) § 21.272 (2004) ................................ 36

iii

# INTRODUCTION

In accordance with Fed. R. Civ P. 23(g), Commercial Indirect Purchaser Plaintiffs ("Commercial") identified in the attached Exhibit A (together, "Plaintiffs") respectfully move for appointment of Lockridge Grindal Nauen PLLP ("LGN"), Freed Kanner London & Millen LLC ("FKLM"), Larson King, LLP ("Larson · King"), and Cuneo Gilbert & LaDuca, LLP ("CGL") as Interim Co-Lead Counsel, and Zimmerman Reed, LLP ("ZR") as Coordinating Counsel (together, "Moving Counsel") for the putative Commercial Class. This Proposed Private Ordering is supported by all counsel representing Commercial Plaintiffs in this multidistrict litigation ("MDL"). That support is no small matter. One of the most significant challenges among plaintiffs in coordinated complex litigation is working cooperatively with many firms representing varying plaintiff interests and avoiding disagreements that can detract from the efficient prosecution of the action. Moving Counsel's ability to generate this level of support and cooperation at this early stage is thus a strong vote of confidence in favor of the Motion.

As of this filing, the MDL centralizes more than 50 actions alleging that the Defendants—major producers, refiners, and distributors of granulated sugar—conspired to fix and raise prices for granulated sugar in the United States.[1] For example, the complaints allege that for years the producing Defendants engaged in price signaling and exchanged "detailed, accurate, non-public, competitively sensitive information (including forward-

---

[1] *See, e.g.*, *WNT LLC, et al. v. United Sugar Prods. & Ref'rs. Coop.*, No. 0:24-cv-00959 (D. Minn., filed Mar. 18, 2024) ("*WNT*") Compl. ¶¶ 1, 41; *Morelos Bakery LLC v. United Sugar Producers & Refiners Coop., et al.*, No. 0:24-cv-00966 (D. Minn., filed Mar. 19, 2024) ("*Morelos*") Compl. ¶¶ 1, 40.

looking price information)" both directly, and through co-Defendants Commodity and Wistisen.[2] These exchanges had a clear purpose: "to avoid competing with one another by ensuring [Defendants] did not undercut each other's prices, thus maintaining [g]ranulated [s]ugar prices that are higher than they otherwise would be in a competitive market."[3] And the conspiracy was wildly successful. Over the past twenty years, the price index for granulated sugar doubled with price increases notably accelerating in the past four years.[4] Plaintiffs and the putative Commercial Class are indirect purchasers of granulated sugar for use in food goods sold in their businesses and who because of Defendants' anticompetitive conduct paid artificially high prices for granulated sugar.

Moving Counsel filed the first three Commercial actions in this MDL and were instrumental in coordinating and presenting a unified front across all plaintiff tracks to argue for centralization in this District. Moving Counsel: (a) took significant steps to identify and investigate potential claims; (b) possess extensive experience in indirect purchaser antitrust class actions; (c) have proven track records of effectively and efficiently spearheading similar litigation in numerous challenging cases; and (d) are supported by most Commercial Plaintiffs and their counsel in this MDL. Application of the Rule 23(g) factors strongly favor their appointment here. For the reasons set forth below, Moving Counsel respectfully submit that the Proposed Private Ordering offers a formidable team

---

[2] *WNT* Compl. ¶¶ 3, 41; *Morelos* Compl. ¶¶ 3, 40.

[3] *WNT* Compl. ¶ 48; *Morelos* Compl. ¶ 47.

[4] *WNT* Compl. ¶¶ 63-67; *Morelos* Compl. ¶¶ 62–66.

of attorneys with diverse experience and expertise that will efficiently and effectively manage this litigation.

## **ARGUMENT**

The Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action,"[5] and generally considers at least the following factors in doing so: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class."[6] In addition, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]"[7] No single factor is determinative; instead, a court should appoint interim co-lead counsel after evaluating all relevant considerations and comparing the applicants' relative strengths.[8]

---

[5] Fed. R. Civ. P. 23(g)(3).

[6] Fed. R. Civ. P. 23(g)(1)(A); *see also In re Pork Antitrust Litig.*, No. 0:18-cv-01776 (D. Minn.) (ECF No. 150) (appointing counsel who filed the first case and were supported by plaintiffs and the firms representing those businesses); *Adedipe v. U.S. Bank, Nat'l Ass'n*, Nos. 0:13-cv-02687, 0:13-cv-02944, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim co-lead counsel because they "devoted the more substantial effort toward pre-suit investigation and identification of claims"); *Lusk v. Life Time Fitness, Inc.*, No. 0:15-cv-01911, 2015 WL 9858177, at *2 (D. Minn. July 10, 2015) (finding proposed interim co-lead counsel's experience and service in prior leadership roles to be particularly persuasive).

[7] Fed. R. Civ. P. 23(g)(1)(B).

[8] *See* Fed. R. Civ. P. 23(g)(1)(A)–(B); 7B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1802.3 (3d ed. 2005).

## I.    APPOINTING MOVING COUNSEL WILL BEST REPRESENT THE INTERESTS OF THE COMMERCIAL CLASS.

Moving Counsel respectfully submit that LGN, FKLM, Larson · King, and CGL should collectively be appointed Co-Lead Counsel and made responsible for executing all lead counsel duties, including, among others, those set forth in the Manual for Complex Litigation: presenting written and oral arguments to the Court; communicating with opposing parties; initiating and organizing discovery requests and responses; conducting examination of deponents; delegating specific tasks to other counsel; ensuring that schedules are met; and other pretrial duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of the Court.[9]

Moving Counsel further submit that ZR should be appointed Coordinating Counsel and made responsible for monitoring the activities of Consumer Indirect Purchaser Plaintiffs, Direct Purchaser Plaintiffs, and any Direct-Action Plaintiffs in this action on behalf of Commercial Plaintiffs, and to serve as the main point of contact with respect to these parties on behalf of Commercial Plaintiffs. As appropriate, Coordinating Counsel will work with all Plaintiffs' counsel to foster efficiency, minimize duplicative discovery, and avoid any management difficulties. Specifically, in order to ensure the efficient coordination of the litigation, Coordinating Counsel will track all material developments— related to all Plaintiff groups—in these proceedings and will keep Co-Lead Counsel for Commercial Plaintiffs informed of the same. Coordinating Counsel will also serve a liaison role by coordinating administrative matters, such as receiving and distributing

---

[9] *See* Manual for Complex Litigation (Fourth) § 10.221 (2004).

communications between the Court and other counsel, convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities.

### A.    Moving Counsel have expended significant time and resources to investigate Plaintiffs' claims and advance this litigation.

Moving Counsel invested significant time and resources into commencing this litigation.  Together, each proposed co-lead firm developed the theory and strategy for bringing claims on behalf of Commercial indirect purchasers and filed the first three Commercial suits in this MDL.[10] Moving Counsel engaged in a thorough pre-filing investigation and analysis of the conduct at issue. That investigation included the efforts of retained and in-house economists and attorneys with extensive experience representing indirect purchasers in antitrust cases. Moving Counsel researched and analyzed the structure of the sugar industry, Defendants' public disclosures and statements, pricing trends, court filings in *United States v. United States Sugar Corp.*, No. 1:21-cv-01644-MN (D. Del. Nov. 23, 2021), and other publicly available sources of information. In addition, well before many other plaintiffs filed tag-along actions, Moving Counsel initiated and are negotiating a Freedom of Information Act request lodged with the United States Department of Justice.[11]

Thereafter, Moving Counsel led efforts to organize all related cases and seek consolidation in this District.  Now they are working collaboratively to coordinate with all

---

[10] *See WNT* (filed Mar. 18, 2024); *Morelos* (filed Mar. 19, 2024); *Up at 4, Inc., d/b/a Great Harvest Bread Co. v. ASR Group Int'l, Inc., et al.*, No. 0:24-cv-00970 (D. Minn., filed Mar. 19, 2024).

[11] *See* Declaration of Kimberly A. Justice ("Justice Decl.") ¶ 3.

direct and indirect purchaser counsel to streamline efforts in this MDL. If appointed, Moving Counsel will continue to coordinate and advance the litigation, including by working collaboratively with other Commercial counsel to prepare a consolidated class action complaint.

Moving Counsel are committed to efficiently prosecuting the consolidated cases and to that end have created a time and expense reporting protocol for all Commercial counsel, to be set forth in a letter substantially in the form attached as Exhibit A to the accompanying Declaration of Heidi M. Silton ("Silton Decl."). As described in greater detail in the draft letter, the protocol proposes that time and expenses be reported monthly, in tenths of an hour, and by task.[12] Moving Counsel will collect and review all time entries from all firms performing work on behalf of the Commercial Class at the direction of co-lead counsel. Time entries that are duplicative or excessive will be removed or modified. Moving Counsel will include expense reimbursement guidelines that limit travel meals and accommodation to reasonable expenses for business travel, and billable time for document review work will be capped at $400 per hour. Moving Counsel will assign work that is consistent with each firm's experience and abilities to ensure efficient and effective representation of the Commercial Class.

B.    **Moving Counsel have extensive experience in class actions and antitrust litigation, with expertise in the applicable law.**

Moving Counsel are more than qualified to serve as Interim Co-Lead Class Counsel and Coordinating Counsel on behalf of the Commercial Class. Each firm has an established

---

[12] *See* Silton Decl., Ex. A (Time and Expense Billing Protocol).

record of experience, knowledge, and commitment to similar litigation, including in some of the largest and most complex antitrust class action lawsuits in recent years. Specifically, Ms. Silton, Ms. Justice, Mr. Raiter, Mr. Flannery and Mr. Cialkowski are best suited to lead and to coordinate on behalf of the proposed Commercial Class. Individually and together, they have an extensive track record of leading antitrust class actions on behalf of classes of purchasers in nationwide antitrust litigation, with extraordinary results.

### 1.    Lockridge Grindal Nauen PLLP

LGN is a more than 60-lawyer firm based in Minneapolis, Minnesota, with additional offices in Chicago, Illinois and Boston, Massachusetts. The firm has over 40 years of experience in antitrust and other federal civil litigation.

LGN's attorneys have prosecuted major cases and class actions involving price-fixing, industry cartels, predatory pricing, and other antitrust cases in courts nationwide. In just the last decade, LGN and its colleagues have recovered billions of dollars for their clients and class members in national and international antitrust cases. LGN currently leads complex cases in federal courts across the country including: *In re Axon VieVu Antitrust Litigation*, No. 3:23-cv-07182-RK-RLS (D.N.J.) (co-lead counsel for direct purchasers); *In re Concrete and Cement Additives Antitrust Litigation*, No. 1:24-md-03097-LJL (S.D.N.Y.) (co-lead counsel for indirect purchasers); *In re Eyewear Antitrust Litigation*, No. 1:24-cv-04826-MKV (S.D.N.Y.) (co-lead counsel for direct purchasers); *In re Valve Antitrust Litigation*, No. 2:21-cv-00563-JCC (W.D. Wash.) (co-lead counsel for game publishers); *Wood Mountain Fish LLC, et al. v. Mowi ASA, et al.*, No. 19-cv-22128-RS (S.D. Fla.) (co-lead counsel for indirect purchasers); *In re Pork Antitrust Litigation*, No.

0:18-cv-01776 (D. Minn.) (co-lead counsel for direct purchasers); *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 0:16-md-2724-CMR (E.D. Pa.) (plaintiffs' steering committee for end payor plaintiffs); *In re Passenger Vehicle Replacement Tires Antitrust Litigation*, No. 5:24-md-03107-SL (N.D. Ohio) (direct purchasers' executive committee).

LGN's antitrust attorneys are leaders in the field and have served in a variety of national leadership positions in the antitrust legal community, including on the Board of Directors and Advisory Board of the American Antitrust Institute (AAI); President of the Committee to Support the Antitrust Laws (COSAL); the Minnesota Bar Association's Antitrust Law Section; the Antitrust Law Advisory Board of Strafford Publications; and the American Bar Association Antitrust Section's committees. Additionally, its attorneys participate in the Federal Practice Committee and Merit Selection Panels for the District of Minnesota and serve as members of the Sedona Conference.

Courts have consistently praised LGN's antitrust team. For instance, United States District Court Judge Raymond Jackson praised the firm's (and co-lead counsel FKLM's) "effective and efficient prosecution" of one antitrust case in discovery, class certification, fully briefed summary judgment practice and full trial preparation that led to "an excellent result for the Class," without the benefit of a government investigation.[13] U.S. District Court Judge Thomas Durkin lauded LGN's willingness to "invest[] massive resources of time and money when no other counsel expressed interest, with little assurance of success,"

---

[13] *In re Peanut Farmers Antitrust Litig.*, No. 2:19-cv-00463-RAJ-LRL, 2021 WL 9494033, at *2, 3 (E.D. Va., Aug. 10, 2021).

noting that the firm's "performance to date has been exemplary."[14] United States District Court Judge John Gleeson (retired) described LGN's attorneys as "highly experienced practitioners in complex litigation generally and antitrust litigation specifically,"[15] and later added that "[t]he settlement amounts proposed here attest to Class Counsel's abilities."[16] United States District Court Chief Judge Ruben Castillo (retired) recognized not only "the outstanding result obtained for the Class" but also "the quality of work product and quantity of work" LGN performed for its clients and the class.[17]

### Heidi M. Silton

Ms. Silton will have primary responsibility for this litigation at LGN. Ms. Silton has represented plaintiffs in nationwide antitrust class actions and clients in high-stakes complex civil litigation for more than 25 years. Ms. Silton possesses extensive experience in all aspects of multidistrict litigation and is a seasoned advocate for plaintiffs in MDLs. The vast majority of Ms. Silton's litigation career has been collaborative in nature. She, and her firm, are routinely appointed to leadership roles that require high levels of cooperation with other plaintiffs' firms. Throughout her career, Ms. Silton has successfully

---

[14] *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637-TMD-JTG, 2021 WL 5709250, at *3 (N.D. Ill., Dec. 1, 2021) (noting additionally that the firm's efforts "appears to have prompted the government investigations that lead to . . . indictments").

[15] *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd., et al.*, No. 1:08-cv-00042-BMC-PK, 2013 WL 4525323, at *16 (E.D.N.Y. Aug. 27, 2013) (round one settlements).

[16] *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd., et al.*, No. 1:08-cv-00042-BMC-PK, 2015 WL 6964973, at *8 (E.D.N.Y. Nov. 10, 2015) (round two settlements).

[17] *In re Potash Antitrust Litig. (II)*, No. 1:08-cv-06910-RC, 2013 WL 12470850, at *1 (N.D. Ill. June 12, 2013).

represented clients in antitrust actions, earning her a reputation as a skilled and aggressive advocate for her clients' interests. She is known and respected by courts nationwide and by both plaintiffs' and defendants' counsel.

Ms. Silton is also a leader in the nationwide antitrust community and an active participant in antitrust policy discussions. She is the past president of COSAL, an Advisory Board member of AAI, and the current co-chair of AAI's Private Enforcement Awards Committee. She is also a past chair and emeritus of the Minnesota State Bar Association Antitrust Law Section. Ms. Silton has worked with Twin Cities Diversity and Practice on their Membership and Engagement Committee and is actively involved in mentoring lawyers inside and outside her firm to support and encourage diversity in the bar.

Additional LGN attorneys prosecuting this case bring a wide array of relevant experience, intellect and insight.

### Jessica N. Servais

Ms. Servais is a partner in LGN's antitrust and class action practice. Ms. Servais represents businesses, institutions, and consumers in complex litigation, with an emphasis on antitrust cases involving domestic and international cartels. She has extensive experience in the adversarial process, including directing discovery, motion practice, witness examination, and class certification. Further, Ms. Servais has written and presented on antitrust issues related to expert analysis, class certification, and arbitration. She also served on the Minnesota State Bar Association's Antitrust Law Section Council from 2020 to 2023. Before entering private practice, Ms. Servais served as a judicial law clerk to the Honorable Michael J. Davis, United States District Court, District of Minnesota.

### Joseph C. Bourne

Mr. Bourne is also a partner in LGN's antitrust group. For more than a decade in private practice, Mr. Bourne has litigated antitrust, class action, and other complex civil litigation matters involving agriculture, food product, technology, logistics, and healthcare industries, among others. He has presented at seminars and CLEs concerning antitrust and class certification issues, and he has authored publications concerning access to justice, the role of pharmacy benefits managers in the healthcare industry, and the timing of class certification in antitrust multidistrict litigation. Mr. Bourne's peers have repeatedly recognized his skill and professionalism as an antitrust practitioner. Mr. Bourne received the American Antitrust Institute's Outstanding Antitrust Litigation Achievement by a Young Lawyer award in 2022 for his work leading and coordinating discovery of the defendants and third parties in *In re Pork Antitrust Litigation*. He also was recognized by his peers as a Minnesota Super Lawyer in 2024 and as a Rising Star every year from 2014-2023.

Mr. Bourne's career also reflects commitment to the courts, the bar, and members of the public who need representation. Mr. Bourne has devoted hundreds of hours to litigation through the Federal Pro Se Project, including withstanding a summary judgment motion and obtaining a favorable settlement in an Eighth Amendment case. Most recently, Mr. Bourne secured a reversal of his client's conviction in a criminal appeal through the Minnesota Public Defender Pro Bono Program. Before entering private practice, Mr. Bourne served as a judicial law clerk to Judge Francis J. Connolly, and later to then-Chief Judge Edward Toussaint, Jr., at the Minnesota Court of Appeals.

**Antonia M. Konkoly**

Ms. Konkoly joined Lockridge Grindal Nauen PLLP in June 2024, after serving for more than a decade as a civil litigator at the U.S. Department of Justice ("DOJ"), first as an Assistant U.S. Attorney in the Eastern District of Virginia, and then as a trial attorney with the DOJ's Civil Division, Federal Programs Branch. In both roles, she defended federal agencies in complex civil litigation, typically involving constitutional or statutory challenges to significant federal programs or regulations. In March 2024, she was awarded a "Special Commendation for Outstanding Service," for her work on a constellation of cases challenging the FDA's exercise of regulatory authority under the Tobacco Control Act. Prior to her DOJ service, Ms. Konkoly clerked for Magistrate Judge James Orenstein (retired) on the U.S. District Court for the Eastern District of New York, and Judge Thomas C. Wheeler (retired) on the U.S. Court of Federal Claims.

LGN is also dedicated to providing the more junior members of their team with substantive involvement in this case, as is the firm's practice. More information about Ms. Silton, Ms. Servais, Mr. Bourne, Ms. Konkoly and LGN can be found at www.locklaw.com.

### 2.    Freed Kanner London & Millen LLC

FKLM, a law firm with offices in Chicago and Philadelphia, has a reputation as one of the most effective Plaintiffs' litigation firms in the nation, having secured billions of dollars in recoveries for the clients and classes it has represented. Its attorneys have undertaken lead, executive, or steering committee roles in class action litigation throughout

12

the United States that have resulted in significant class recoveries, including two of the three largest civil antitrust settlements ever obtained in the Seventh Circuit.[18]

Peers and the legal media alike have recognized FKLM's focus and commitment to excellence in selecting the firm and its attorneys for numerous honors. For example, in recent years, FKLM received the American Antitrust Institute's (AAI) Award for Outstanding Antitrust Litigation Achievement in Private Law Practice for its role as Co-Lead Counsel in *In re Peanut Farmers Antitrust Litigation*, No. 2:19-cv-00463 (E.D. Va.) which settled for $102.75 million and for its role in *Cameron v. Apple Inc*., No. 4:19-cv-03074 (N.D. Cal.), an antitrust case brought on behalf of app developers that settled for $100 million. Likewise, Chambers & Partners USA recognizes FKLM as a "famous class action firm," ranking it year in and year out as among the nation's top Plaintiffs' class action antitrust firms.[19]

## Kimberly A. Justice

Ms. Justice will lead the FKLM team committed to this litigation. Ms. Justice has been litigating antitrust matters for two decades, routinely leads major cases against the largest defendants, and is frequently brought in by co-counsel to provide high-level strategic and trial advice. Ms. Justice is dynamic, professional, exceptionally well prepared and has proven herself capable of leading major litigation such as this one. Ms. Justice is

---

[18] *See* Justice Decl., Ex. A (FKLM Firm Resume); *see also* Josh Paul Davis & Rose Kohles, 2022 Antitrust Annual Report: Class Actions in Federal Court (Sep. 28, 2023) (available at https://ssrn.com/abstract=4586022) (ranking FKLM antitrust settlements among the top in the country).

[19] *See* Justice Decl., Ex. A.

amongst a select number of applicants to have successfully tried (as first chair) a class action case to a favorable plaintiff verdict.[20]

Ms. Justice has been personally appointed to numerous leadership positions. For example, she currently serves as Co-Lead Counsel for consumer indirect purchasers in *In re: Fragrance End-User Plaintiff Antitrust Litigation*, No. 2:23-cv-01627 (D.N.J.). Ms. Justice also serves as Lead Counsel in *Murphy v. Toyota Motor Corporation*, No. 4:21-cv-00178-ALM (E.D. Tex.), which resulted in a recall to fix the alleged defect in over 1.8 million vehicles and a significant reimbursement program for class members (final settlement approval pending). Ms. Justice also co-led (along with LGN) the successful prosecution of *In re Peanut Farmers Antitrust Litigation,* a case with striking similarities to the conduct alleged here. Courts likewise have appointed Ms. Justice to Plaintiff Steering/Executive Committees in the following matters: *In re Liquid Aluminum Sulfate Antitrust Litigation*, No. 16-md-02687 (D.N.J.) (over $90 million in settlements for direct purchaser plaintiff class); *In re Local TV Advertising Antitrust Litigation*, No. 18-cv-06785 (N.D. Ill.) ($48 million in partial settlements approved to date); and *In re Farm-Raised Salmon & Salmon Products Litigation*, No. 19-cv-21551 (S.D. Fla.) ($85 million in settlements for direct purchaser plaintiff class). These representative appointments illustrate the respect Ms. Justice has earned from her peers and the judiciary alike, and her commitment to prosecuting the rights of those harmed by corporate malfeasance.

---

[20] *See In re Longtop Fin. Techs. Ltd. Sec. Litig.*, No. 11-cv-3658 (S.D.N.Y.) (Hon. Shira A. Sheindlin ret.).

Prior to entering private practice, Ms. Justice served as a federal antitrust prosecutor for nearly a decade where she led teams of trial attorneys and law enforcement agents who investigated and prosecuted domestic and international cartel activity, including in the following industries: graphite electrodes, carbon products, ocean shipping, and benchmark interest rates (LIBOR).[21] In addition, Ms. Justice successfully tried to guilty verdict the Antitrust Division's case against the first U.K. national extradited by the Division.[22]

Additional FKLM litigation partners prosecuting this case bring a wide array of relevant experience, intellect and insight:

### Douglas A. Millen

Mr. Millen is a founding partner at FKLM who has dedicated the past 30 years to prosecuting claims brought under federal and state antitrust laws. Having contributed significantly to dozens of successful price-fixing class actions, he would bring extensive experience and expertise toward the efficient and successful litigation of this case. For example, he has served on the Plaintiffs' Steering Committees for notable litigations such as the direct purchaser plaintiff *Cattle & Beef Antitrust Litigation*, currently pending in this district, and the $140 Million *Lithium Ion Batteries Antitrust Litigation*. His prominent roles in major antitrust cases like the *Cathode Ray Tube (CRT) Antitrust Litigation*, *Dynamic Random Access Memory (DRAM) Antitrust Litigation*, *Vitamins Antitrust Litigation*, and *Rubber Chemicals Antitrust Litigation* have led to the recovery of billions for class members. Recognized as a top competition lawyer by Global Competition Review

---

[21] *See* Justice Decl., Ex. A.

[22] *See United States v. Norris*, No. 03-cr-0632 (E.D. Pa.) (Hon. Eduardo C. Robreno ret.).

and other references, Mr. Millen currently represents, on an individual basis, several Fortune 500 companies in the *Rail Freight Fuel Surcharge Antitrust Litigation* and offers antitrust compliance consultation for multi-national corporations.[23]

### Jonathan M. Jagher

With over 20 years of experience, Mr. Jagher has a national practice representing plaintiffs in consumer and antitrust class actions. Prior to entering private practice, Mr. Jagher served as a supervising Assistant District Attorney for the Middlesex District Attorney in Cambridge, Massachusetts where he tried approximately forty jury cases. Mr. Jagher has been appointed to leadership positions in several complex litigation cases. Notably, he was appointed to serve on the Plaintiffs' Steering Committee in *In Re: TikTok, Inc., Consumer Privacy Litigation*, MDL No. 2948 (N.D. Ill.), a class action related to allegations of data privacy violations. In this case, Mr. Jagher was one of the primary negotiators of a $92 million settlement, one of the largest in Illinois history. Mr. Jagher also served as co-lead counsel in *Kent v. Women's Health USA, Inc.*, No. FST-CV21-6054676-S (Conn. Super. Ct.), an antitrust class action alleging defendants artificially inflated prices for assisted reproductive technology services, wherein he obtained a settlement for the class representing approximately 50% of total damages.[24]

### Robert J. Wozniak

A partner at Freed Kanner, Mr. Wozniak has been involved in complex commercial litigation since 2001, with a primary emphasis on antitrust, employment, and consumer

---

[23] *See* Justice Decl., Ex. A.

[24] *See id.*

16

fraud class action cases. Prior to engaging in private law practice, Mr. Wozniak worked as a trial attorney for the United States Department of Justice, Antitrust Division (Honors Program). The complex antitrust class actions in which Mr. Wozniak has had significant involvement include: *In re Broiler Chicken Antitrust* Litigation (N.D. Ill.); *In re Pork Antitrust Litigation* (D. Minn.); *In re Opana ER Antitrust Litigation* (N.D. Ill.); *In re Local TV Advertising Antitrust Litigation* (N.D. Ill.); *Mulhern, et al. v. Pepperidge Farm* (N.D. Ill.) (consolidated and transferred to C.D. Cal for settlement approval); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (E.D.N.Y.); *Kleen Products, et al. v. International Paper, et al.* (N.D. Ill.) ("*Containerboard Antitrust Litigation*"); *In re NCAA Student-Athlete Names & Likeness Licensing Litigation* (N.D. Cal.); *In re Fresh and Process Potatoes Antitrust Litigation* (D. Idaho); *In re Municipal Derivatives Antitrust Litigation* (S.D.N.Y.); *In re Flat Glass Antitrust Litigation (II)* (W.D. Pa.); *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal.); *In re Static Random Access Memory (SRAM) Antitrust Litigation* (N.D. Cal.); *In re Hydrogen Peroxide Antitrust Litigation* (E.D. Pa.); *In re Intel Corp. Microprocessor Antitrust Litigation* (D. Del.); *In re Dynamic Random Access Memory (DRAM) Litigation* (N.D. Cal.); *In re Buspirone Antitrust Litigation* (S.D.N.Y.); and *In re Terazosin Hydrochloride Antitrust Litigation* (S.D. Fla.). Mr. Wozniak played an active role at trial in both the *Opana ER* and *Broiler Chicken* cases.[25]

More information about FKLM is available at www.fklmlaw.com.

---

[25] *See id.*

### 3.    Larson · King, LLP

Larson · King is a 40-lawyer firm based St. Paul, Minnesota, with an additional office in Fargo, North Dakota. For more than 25 years, the firm has handled class action, mass tort, antitrust, and other civil litigation.[26] Since it was formed, Larson · King has maintained a dual-sided practice in which it represents parties appearing as plaintiffs or defendants. The firm has recovered billions of dollars for businesses and individuals in offensive litigation and has defended Fortune 500 companies in mass tort, class action, and multi-jurisdictional disputes.[27] Larson · King attorneys try cases, and all partners have first chair trial experience.[28]

Larson · King and its attorneys actively support and often lead various pro bono, and legal and community organizations devoted to diversity and inclusion. Its attorneys have served on the Board of Directors of Twin Cities Diversity and Practice and the Leadership Council on Legal Diversity.[29] One partner is the past President of the National Association of Women Lawyers and several are past Presidents of the Ramsey County Bar Association. Attorneys at the firm also include members of the Southern Minnesota Regional Legal Services Campaign for Legal Aid, a member of the Minnesota Commission on Judicial Selection, and members of other groups focused on advancing opportunities for attorneys from underrepresented groups.[30]

---

[26] *See* Declaration of Shawn M. Raiter ("Raiter Decl.") ¶ 1.

[27] *Id.* ¶¶ 1, 11, 12.

[28] *Id.* ¶ 11.

[29] *Id.* at ¶ 13.

[30] *Id.*

### Shawn M. Raiter

Mr. Raiter will have primary responsibility for this litigation at Larson · King. Mr. Raiter has practiced for more than 30 years and has served as court-appointed lead counsel in numerous multi-district litigations.[31] He has considerable expertise representing commercial indirect purchaser plaintiff classes in antitrust matters. In 2012, Mr. Raiter was appointed co-lead counsel by Judge Marianne Battani of the Eastern District of Michigan to represent indirect purchaser automobile dealerships in *In re Automotive Parts Antitrust Litigation*, No. 12-md-02311 (E.D. Mich.)[32] That appointment involved putative classes of thousands of new vehicle automobile dealers bringing dozens of actions in what has been described as the largest, most complex, antitrust litigation in U.S. history.[33] That MDL involved more than 45 different conspiracies (each their own case) and more than 160 different defendants, most of which are foreign companies. The *Auto Parts* litigation resulted in well over $1.5 billion in indirect purchaser settlements. The commercial indirect purchaser automobile dealership plaintiffs recovered over $400 million in settlements.[34]

In the District of Minnesota, Mr. Raiter has been appointed to lead other commercial indirect purchaser plaintiff classes, including *In re Cattle and Beef Antitrust Litigation*, No. 22-md-03031 (D. Minn.) (co-lead counsel representing putative classes of commercial indirect purchasers of beef) and *In re Pork Antitrust Litigation*, No. 18-cv-01776-JRT-HB

---

[31] *Id.* ¶¶ 2, 4.

[32] *Id.* ¶¶ 8, 9.

[33] *Id.*

[34] *Id.*

(D. Minn.) (co-lead counsel representing certified classes of commercial indirect purchasers of pork) as well as litigation involving product liability and other claims, including *In re Zurn Pex Plumbing Products Liability Litigation*, MDL No. 1958 (ADM/AJB) (D. Minn.) (lead counsel) and *In re Uponor, Inc. F1807 Plumbing Fittings Products Liability Litigation*, MDL No. 2247 (ADM/JJK) (D. Minn.) (lead counsel).[35] He has also been appointed to other leadership positions in this District, including *In re Stryker Rejuvenate and ABG II Hip Implants Products Liability Litigation*, MDL No. 2441 (D. Minn.) (plaintiffs' steering committee), *In re National Hockey League Players' Concussion Injury Litigation*, MDL 2551 (D. Minn.) (plaintiff's executive committee), and *In Re: Baycol Products Liability Litigation*, MDL No. 1431 (D. Minn.) (lead firm attorney as plaintiffs' liaison counsel).[36]

Mr. Raiter has also served in leadership roles in other MDL litigations representing intermediate level indirect purchasers, like the commercial group here. For example, in *In re: Hard Disk Drive Suspension Assemblies Antitrust Litigation*, MDL No. 2918 (N.D. Cal.), he was appointed co-lead counsel for indirect purchaser reseller plaintiffs in litigation involving computer or hard disk drive parts.[37] He serves on the Plaintiffs' Steering Committee for Indirect Purchaser Pharmacy Resellers in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724 (E.D. Pa.) and works closely with the Cuneo Gilbert & LaDuca firm in *In re Turkey Antitrust Litigation*, No. 20-cv-02295 (N.D. Ill.)

---

[35] *Id.* ¶¶ 2, 4.

[36] *Id.* ¶ 4.

[37] *Id.*

representing commercial indirect purchasers of turkey and representing the commercial food preparer indirect purchaser class in *In re Packaged Seafood Products Antitrust Litigation*, No. 15-md-02670 DMS (MSB) (S.D. Cal.)[38] He has been class counsel in numerous other class actions and has also defended class actions.[39] Since 2010, he been one of a small number of lawyers in the country who are recognized in *The Best Lawyers in America* for representing both plaintiffs and defendants in mass tort and class action litigation.[40]

Additional Larson King attorneys prosecuting this case will bring a wide array of relevant experience, intellect and insight:

### <u>Matthew Bolt</u>

Mr. Bolt devotes a substantial part of his practice to class action and multi-district litigation. He represents businesses and consumers in complex litigation with an emphasis on antitrust and other class action cases. Before attending law school, Mr. Bolt managed a nonprofit mediation program, negotiating settlements in dozens of civil cases in state court. After attending the University of Minnesota, studied at the graduate level at universities in Norway and Russia. Before working as an attorney at Larson · King, Mr. Bolt served as a judicial law clerk to the Honorable Louise Dovre Bjorkman of the Minnesota Court of Appeals.

---

[38] *Id.*

[39] *Id.* ¶¶ 5, 6.

[40] *Id.* ¶ 3.

### Madison Fernandez

Ms. Fernandez is a graduate of Baylor University and the University of St. Thomas School of Law where she served as Editor-in-Chief of the University of St. Thomas Law Journal. She joined Larson · King as a summer associate from the Twin Cities Diversity in Practice (TCDIP) 1L Clerkship program through which she split her time between Larson · King and the 3M Company. Before joining Larson · King as an attorney, Ms. Fernandez worked at 3M as a Compliance Extern, in the legal department at another large Minnesota corporation, and as a Pro Bono Law Clerk for a Minneapolis firm. Her practice as an attorney has included working on various complex litigations handling discovery, motion practice, and trial preparation.

### 4.    Cuneo Gilbert & LaDuca, LLP

CGL is a law firm based in Washington, DC with additional offices in St. Louis, Missouri and Brooklyn, New York. CGL represents clients in complex liability and class action litigation involving antitrust, securities, corporate governance, consumer protection, and products liability.[41]

CGL has considerable expertise in representing commercial indirect purchaser plaintiff classes in antitrust matters alleging price-fixing. In 2012, Judge Marianne Battani of the Eastern District of Michigan appointed CGL and the late Jonathan W. Cuneo interim co-lead counsel for indirect purchaser automobile dealerships in *In re Automotive Parts Antitrust Litigation*, No. 12-md-02311 (E.D. Mich.). Mr. Cuneo was appointed to represent

---

[41] *See* Declaration of Michael J. Flannery ("Flannery Decl.").

putative classes of thousands of automobile dealers bringing dozens of actions stemming from the largest antitrust investigation in the history of the U.S. Department of Justice's Antitrust Division. The *Auto Parts* litigation involves more than 45 different conspiracies (each their own case) and more than 160 different defendants, most of which are foreign companies. It has been described as the largest, most complex, antitrust litigation in U.S. history. The *Auto Parts* litigation continues today and has resulted in well over $1 billion in indirect purchaser settlements. The commercial indirect purchaser automobile dealership plaintiffs have recovered over $400 million in settlements.[42]

CGL also leads other commercial indirect purchaser plaintiff classes in multidistrict litigation actions, including *In re Cattle and Beef Antitrust Litigation*, No. 22-md-03031 (D. Minn.) (Mr. Flannery appointed as co-lead counsel representing a putative class of commercial indirect purchasers of beef); *In re Pork Antitrust Litigation*, No. 18-cv-01776-JRT-HB (D. Minn.) (Mr. Flannery appointed as co-lead counsel representing a certified class of commercial indirect purchasers of pork); *In re Turkey Antitrust Litigation*, Case No. 20-cv-02295 (N.D. Ill.) (Mr. Flannery appointed as co-lead settlement class counsel for commercial indirect purchasers of turkey); and *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, Case No. 16-md-2724 (E.D. Pa.) (representing a putative class of indirect purchaser pharmacy resellers bringing indirect purchaser actions against drug manufacturers). CGL is also the sole court-appointed lead counsel for the Commercial

---

[42] *See id.* ¶ 4.

Food Preparer Plaintiff Class in *In re Packaged Seafood Products Antitrust Litigation*, No. 15-md-02670 DMS (MSB) (S.D. Cal.).[43]

CGL is an active member in the antitrust legal community. Members of the firm currently serve as the Legal Representative and Executive Director for the Committee to Support Antitrust Laws (an organization co-founded by Mr. Cuneo), the Chair of the Board of Directors of the American Antitrust Institute, the Co-Founder and Director of U.S. Competition Policy for a new international coalition called the Responsible Online Commerce Coalition, and Co-Chair of the American Bar Association's U.S. Comments and Policy Committee as part of the Section on Antitrust Law. Through those associations, CGL attorneys act as policy consultants, draft comments to the Federal Trade Commission and briefs before federal appellate courts and represent third-party witnesses in government antitrust litigation and investigations.

## Michael J. Flannery

Mr. Flannery is a partner at CGL and will be the lead attorney on the case for CGL. He has over 33 years of experience in leadership roles concerning complex antitrust matters. He serves as the lead attorney for CGL in the aforementioned lead counsel roles in *Beef*, *Pork*, *Seafood*, and *Turkey*. Mr. Flannery was also recently appointed as co-lead counsel for Indirect Purchaser Plaintiffs in *In re Fragrance Indirect Purchaser Antitrust Litigation*, No. 23-cv-3249 (WJM) (JSA) (D.N.J.).

---

[43] *See id.* ¶ 5.

Mr. Flannery previously served as co-lead counsel for plaintiffs in the *In re Microsoft Corp. Antitrust Litigation*, MDL No. 1332 (D. Md.), where consumers and small businesses alleged that they paid more for the computers than was fair due to Microsoft's anticompetitive conduct. He also served as part of the lead counsel team in the *Law v. NCAA*, Nos. 94-2053-KHV, 94-2392-KHV and 95-2026-KHV (D. Kansas) (also known as the Restricted Earnings Coach Antitrust Litigation), where hundreds of college coaches alleged that they were wrongfully denied fair pay by their schools as part of a misguided NCAA effort to cut costs. He also worked on one of the largest antitrust class actions ever brought, serving as part of the team that prosecuted the *In re NASDAQ Market-Makers Antitrust Litigation*, MDL No. 1023 (S.D.N.Y.).

Mr. Flannery also has extensive lead counsel experience in other complex class action matters. He is currently appointed as interim co-lead counsel in a matter pending against Ferrari, *Rose v. Ferrari North America*, No. 21-cv-20772 (JKS) (CLW) (D.N.J.), alleging that certain models of Ferrari vehicles have defective braking systems. In a recent case that was litigated in Missouri state court, *Hootselle v. George Lombardi*, No. 12AC-CC00518-01 (Mo. Cir. Ct., Cole Cty.), Mr. Flannery and co-lead counsel represented a certified class of 13,000 correctional officers owed backpay for thousands of hours of uncompensated work. He was also one of three co-lead counsel in the *In re Toll Roads Litigation*, No. 16-CV-00262-ODW-ADS (C.D. Cal.). Lastly, he served as co-lead counsel on behalf of classes of Hispanic and female employees of the Regents of the University of California working at Los Alamos National Laboratory in Los Alamos, New Mexico, *Longmire v. Regents of the University of California*, No. 03-CV-1404 (D.N.M.).

### Evelyn Yifei Riley

Ms. Riley is a partner at CGL. She has over a decade of experience in litigating and managing complex multidistrict litigation with a focus on antitrust matters. She served as one of the two principal female attorneys representing thousands of automobile dealerships in 30 jurisdictions against upstream OEM part-suppliers who fixed prices and rigged bids in the *Auto Parts* MDL. In this role, she commenced and defended each complaint filed on behalf of more than 40 named class representatives against over 70 defendant families; briefed scores of motions and successfully argued several of them before the MDL court; defended the class representatives in dozens of discovery disputes and led discovery effort in propounding and obtaining discovery from defendants and third parties.

Ms. Riley currently serves as part of the co-lead counsel team in *Beef*, *Pork*, and *Turkey*, representing Commercial and Institutional Purchaser Plaintiffs. She has worked closely with co-lead counsel in taking depositions, managing and briefing pre-trial motions, and obtaining third-party discoveries to advance the claims alleged by the Commercial and Institutional Purchaser Plaintiffs class. Ms. Riley is also part of the co-lead counsel team in *In Re: Passenger Vehicle Replacement Tires Antitrust Litigation,* No. 5:24-md-3107 (N.D. Ohio) representing indirect purchasers of replacement tires from the largest tire manufacturers in the world. The case alleges that the defendants engaged in a conspiracy to fix the prices of replacement tires for passenger cars, vans, trucks and buses sold in the United States.

Ms. Riley also has considerable experience in other complex class action matters. She represents hospitals in cases against companies that fraudulently marketed and

distributed opioids in the United States. She was part of the lead counsel team that crafted and successfully defended the hospitals' class complaints against multiple rounds of motions to dismiss in both federal and state courts.

Ms. Riley serves on the board of The Asian Pacific American Bar Association of the Greater Washington, D.C. Area, Inc., the oldest and largest association of APA attorneys in the Washington, D.C. area.

### Christian Hudson

Mr. Christian Hudson is a partner at CGL. He has significant antitrust class action and MDL expertise, as well as litigation experience in a wide variety of complex matters. Mr. Hudson is currently the court-appointed lead counsel for the indirect purchaser class in *Generics*, in which he represents independent pharmacies and hospitals in litigating what is alleged to be possibly the largest cartel case in the history of the country. Mr. Hudson has also represented state and federal government offices and agencies, Fortune 500 companies, and High Net Worth Individuals, while also developing a strong pro bono practice assisting major public universities, theatrical organizations, LGBTQ+ individuals, and asylum applicants.

### Lissa Morgans

Mrs. Lissa Morgans is an associate with CGL. She is an active member of CGL's lead counsel team in *Beef*, *Pork*, *Seafood*, and *Turkey*. In *Seafood*, she has taken the primary role in settlement administration of two post-class certification settlements. Mrs. Morgans is active in the antitrust community—she is a member of the ABA's Antitrust Section and most recently helped COSAL draft an antitrust amicus brief for the U.S. Court of Appeals

for the Seventh Circuit. She was a federal law clerk at both the district court and appellate court levels and has represented hundreds of clients in trial court proceedings as a former public defender.

More information about CGL is available at the firm's website, www.https://cuneolaw.com/.

### 5.    Zimmerman Reed, LLP

Over the last 40 years, courts and peers have recognized ZR as a leader in complex and class action litigation involving antitrust, securities, consumer protection, public clients, products liability, data breach, and medical device and pharmaceutical mass torts. ZR is the largest Minnesota-based law firm exclusively dedicated to representing plaintiffs in large-scale complex litigation.[44] Given ZR's reputation for excellence, courts in this District have appointed the firm as Lead or Liaison Counsel in numerous multi-district litigations, including: *CenturyLink Residential Customer Billing Disputes Litigation*, MDL No. 2795, *National Hockey League Players' Concussion Injury Litigation*, MDL No. 2551, *Target Corp. Customer Data Security Breach Litigation*, MDL No. 2522, *Stryker Rejuvenate & ABG II Hip Implant Products Liability Litigation*, MDL No. 2441, *National Arbitration Forum Trade Practices Litigation*, MDL No. 2122, *Levaquin Products Liability Litigation*, MDL No. 1943, *Medtronic, Inc. Sprint Fidelis Leads Products Liability Litigation*, MDL No. 1905, *Medtronic Implantable Defibrillators Products Liability Litigation*, MDL No. 1726, *Guidant Corp. Implantable Defibrillators Products Liability*

---

[44] Declaration of David M. Cialkowski ("Cialkowski Decl.") ¶ 8.

*Litigation*, MDL No. 1708, *Baycol Products Liability Litigation*, MDL No. 1431, *St. Jude Medical, Inc. Silzone Heart Valves Products Liability Litigation*, MDL No. 1396.[45] More information about Zimmerman Reed's leadership can be found at www.zimmreed.com.

ZR has achieved significant results for its clients against some of the largest companies and some of the most powerful defense firms in the country. Notable achievements include: *Stryker Rejuvenate & ABG II Hip Implant Products Liability Litigation* (D. Minn.) (lead counsel committee member, $1.4 billion settlement); *Baycol Products Liability Litigation* (D. Minn.) (co-lead counsel, $1.15 billion settlement); *National Football League Players' Concussion Injury Litigation* (E.D. Pa.) (plaintiffs' steering committee member, over $1 billion paid in claims to date); *Indiana v. Cardinal Health, Inc*. (Ind. Super. Ct., Marion Super. Cty.) (public enforcement outside counsel, $508 million settlement); *Guidant Corp. Implantable Defibrillators Products Liability Litigation* (D. Minn.) (co-lead counsel, $230 million settlement); *Vermont v. Cardinal Health, Inc.* (Vt. Super. Ct., Chittenden Unit) (public enforcement outside counsel, over $65 million settlement); *CenturyLink Sales Practices and Securities Litigation*, (D. Minn.) (co-lead counsel, $55 million settlement); *Target Corp. Customer Data Security Breach Litigation* (D. Minn.) (lead counsel, $39 million settlement); *City of Farmington Hills Employees Retirement System v. Wells Fargo Bank, N.A.* (D. Minn.) (class counsel, $62.5 million settlement); *Minnesota ex rel. Ellison v. JUUL Labs, Inc.*, No. 27-CV-19-19888 (Minn. Dist. Ct.) (appointed by Minnesota Attorney General to represent the State in

---

[45] *Id*. ¶ 9.

deceptive marketing case against e-cigarette manufacturers, achieving a $60.5 million settlement after three-week jury trial).[46] ZR has also obtained confidential settlements affecting tens of thousands of individual clients.[47]

### David M. Cialkowski

Dave Cialkowski is a partner at ZR, where he has practiced for over 20 years in numerous state and federal courts nationwide and currently leads ZR's Antitrust Department.[48]Mr. Cialkowski was a member of the outside counsel team representing the Mississippi Attorney General's Office in the State's antitrust case against an alleged LCD-TFT screen manufacturer cartel, where he argued against CAFA jurisdiction before the U.S. Court of Appeals for the Fifth Circuit, and subsequently briefed the issue in the Supreme Court, leading to the Court's unanimous ruling in Mississippi's favor in *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014).[49]

Mr. Cialkowski has been appointed to leadership posts in several antitrust cases, including *In re Eyewear Antitrust Litigation*, No. 1:24-cv-04826-MKV (S.D.N.Y) (appointed co-lead Counsel by Court in the District of Minnesota before transfer to S.D.N.Y.); *In re Deere & Co. Repair Services Antitrust Litigation*, MDL No. 3030 (N.D. Ill.) (appointed to MDL plaintiffs' steering committee in 2022); *In re Crop Inputs Antitrust Litigation*, No. 21-MD-2993 (E.D. Mo.) (appointed to MDL plaintiff executive committee

---

[46] *Id.* ¶¶ 10-11.

[47] *Id.* ¶ 12.

[48] *Id.* ¶ 1.

[49] *Id.* ¶ 2.

in 2021); *In re Pork Antitrust Litigation*, No. 18-cv-01776 (D. Minn.) (appointed to MDL plaintiffs' steering committee in 2021); *In re Passenger Vehicle Replacement Tires Antitrust Litigation*, MDL 3107 (N.D. Ohio) (appointed to plaintiff executive committee); and consumer class cases, including *Chen v. Target Corp.*, No. 21-1247 (D. Minn) (DWF/DJF) (appointed to plaintiffs' steering committee in 2021); *In re Generali COVID-19 Travel Insurance Litigation*, No. 20-md-2968 (S.D.N.Y) (appointed to executive committee in 2021). Chief Judge John R. Tunheim appointed him co-lead class counsel of two nationwide classes the Court certified in *Hudock et al. v. LG Electronics U.S.A., Inc.*, 0:16-cv-01220 (D. Minn.).[50]

Mr. Cialkowski is the original co-author of *Minnesota Business Disputes: Claims and Remedies Deskbook, Chapter 15, Class Actions* (minncle.org), and has co-authored all Deskbook Class Action chapter updates for over 10 years.[51] He is a member of the Phi Beta Kappa honor society, and his peers recognized him as one of Minnesota's top 100 lawyers in 2020-24 and as a Super Lawyer from 2015-2024.[52] He has been a member of the MSBA Antitrust Section Council for four years and has served as an officer three times, including his current position as Chair of the Council.[53] He also serves as Chair of the Amicus Committee for COSAL.[54]

---

[50] *Id.* ¶ 3.

[51] *Id.* ¶ 4.

[52] *Id.* ¶ 5.

[53] *Id.*¶ 6.

[54] *Id.*¶ 6.

Finally, Mr. Cialkowski acts as ZR's member representative for Twin Cities Diversity in Practice and serves on TCDIP's Outreach Committee. TCDIP serves our legal community by mentoring and educating firms and companies, facilitating their ability to attract, retain, and advance attorneys of color in Minnesota. As one of only a few plaintiff law firm members of TCDIP, ZR recognizes its responsibility to act as an agent of change, to elevate equity, and encourage the inclusion of all individuals to nurture a robust workplace and world.[55]

### Ian F. McFarland

Ian F. McFarland is an associate at ZR, where he is a member of the firm's antitrust practice group.[56] Mr. McFarland currently represents plaintiffs and class members in several antitrust cases, including serving as counsel in *In re Deere & Company Repair Services Antitrust Litigation*, No. 22-cv-50188, MDL No. 3030 (N.D. Ill.), where ZR is a member of Plaintiffs' Executive Committee, and in *In re Pork Antitrust Litigation*, No. 18-1776, MDL No. 21-2998 (D. Minn), where ZR is a member of the Plaintiffs' Steering Committee. He also serves as counsel for Commercial and Institutional Indirect Purchaser Plaintiffs in *In re Cattle and Beef Antitrust Litigation*, No. 22-md-3931 (D. Minn.), and *In re Turkey Antitrust Litigation*, No. 20-cv-02295 (N.D. Ill.), and Mr. McFarland serves as counsel for Reseller Plaintiffs in *In re Hard Disk Drive Suspension Assemblies Antitrust Litigation*, 10-md-291 (N.D. Cal.).[57]

---

[55] *Id.*¶ 7.

[56] Cialkowski Decl., Ex. A.

[57] *Id.*

### Zachary J. Freese

Zachary J. Freese is an associate at ZR, where he is a member of the firm's antitrust practice group.[58] Mr. Freese currently represents plaintiffs and class members in several antitrust cases, including representing consumers in *In re Eyewear Antitrust Litigation*, No. 1:24-cv-04826 (S.D.N.Y.). He also serves as counsel in *In re Deere & Company Repair Services Antitrust Litigation*, No. 22-cv-50188, MDL No. 3030 (N.D. Ill.), and *In re Pork Antitrust Litigation*, No. 18-1776, MDL No. 21-2998 (D. Minn), where ZR is a member of Plaintiffs' Steering Committee. Mr. Freese also represents Commercial and Institutional Indirect Purchaser Plaintiffs in *In re Cattle and Beef Antitrust Litigation*, No. 22-md-3931 (D. Minn.), and *In re Turkey Antitrust Litigation*, No. 20-cv-02295 (N.D. Ill.).[59]

### Giselle M. Webber

Giselle M. Webber is an associate at Zimmerman Reed, where she is a member of the firm's antitrust and consumer protection practice groups. Her current antitrust work includes representing a class of businesses against the nation's largest beef processors and representing a class of farmers challenging unlawful tying arrangements that restrict competition for farming equipment repairs. Prior to joining the firm, Giselle worked in the legal department of a Fortune 500 financial services company where she handled a variety of matters, including contracts, regulatory research and analysis, commercial lending, and real estate.

---

[58] Cialkowski Decl., Ex. A.

[59] *Id.*

### C.     <u>Moving Counsel's leadership best serves the interests of the Commercial Class and is supported by all Commercial Counsel.</u>

Each action in this MDL defines a class that includes purchasers of Granulated Sugar in the United States, with direct purchaser actions on behalf of entities that purchased directly from the Producer Defendants[60] or any of their co-conspirators, the consumer actions on behalf of a class of consumers who purchased indirectly for their personal use and not for resale, and the Commercial actions on behalf of businesses or organizations that indirectly purchased Granulated Sugar for use in commercial food and beverage preparation and product manufacturing or production. The proposed leadership structure set forth above best ensures adequate representation for Commercials in this litigation under Rule 23(g). This Proposed Private Ordering affords the Commercial Class outstanding, diverse and efficient leadership and will achieve efficiency and economy.[61] It also allows for effective coordination amongst the three proposed plaintiff tracks.

The Moving Firms respectfully submit that this co-lead structure, with the ability for co-lead counsel to call upon and utilize the legal talent in the group, is best suited to manage the overall litigation. Significantly, this structure is supported by every firm representing Commercial Plaintiffs in this MDL. The complexity of this litigation likewise

---

[60] The Producer Defendants are the largest players in the domestic Granulated Sugar market, including United Sugar Producers & Refiners Cooperative f/k/a United Sugars Corporation; American Sugar Refining, Inc.; ASR Group International, Inc.; Domino Foods, Inc.; Cargill, Inc.; and/or Michigan Sugar Company. Not all consolidated actions name Cargill, Inc., as a Defendant.

[61] *See* Manual for Complex Litigation (Fourth) § 10.221 ("The most important [factor in appointing lead counsel] is achieving efficiency and economy without jeopardizing fairness to the parties. . . . [T]he number should not be so large as to defeat the purpose of making such appointments.").

supports the appointment of four firms as interim co-lead counsel. Leading commentators and the Manual for Complex Litigation advise: "court[s] should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of counsel, especially in a complex case where the defendants are represented by a number of large and highly qualified law firms." *Third Circuit Task Force Report on Selection of Class Counsel*, 208 F.R.D. 340, 417 (2002) (footnote omitted); *see also* MCL § 10.221 (noting benefit to having multiple lead counsel in large class action cases). For these reasons, courts in this district frequently approve multi-firm leadership structures in complex class actions. *See, e.g.*, *In re Eyewear Antitrust Litig.*, No. 1:24-cv-04826 (S.D.N.Y.) (ECF No. 115) (appointing 4 co-lead counsel and 6 firm executive committee); *In re Cattle and Beef Antitrust Litig.*, No. 0:20-cv-01319 (D. Minn.) (ECF No. 71) (appointing 4 firm co-lead counsel and 4 firm plaintiffs' steering committee); *In Re: Bair Hugger Forced Air Warming Products Liability Litig.*, No. 0:15-md-02666 (D. Minn.) (ECF No. 21) (appointing 3 co-lead counsel, 4 plaintiffs' executive committee and liaison counsel); *In Re: Fluoroquinolone Products Liability Litig.*, No. 0:15-md-02642 (D. Minn.) (ECF No. 112) (appointing 2 co-lead counsel, 5 attorney plaintiffs' executive committee, 10 attorney plaintiffs' steering committee and liaison counsel); *In Re: Nat'l. Hockey League Players' Concussion Injury Litig.*, No. 0:14-md-02551 (D. Minn.) (ECF No. 18) (appointing 3 firm co-lead counsel, 8 firm plaintiffs' executive committee and liaison counsel); *In Re: SuperValu, Inc. Customer Data Security Breach Litig.*, No. 0:14-md-02586 (D. Minn.) (ECF No. 14) (appointing 2 co-lead counsel, 5 attorney plaintiffs' executive committee and liaison counsel); *In re: Stryker Rejuvenate and ABG II Hip*

*Implant Products Liability Litig.*, No. 0:13-md-02441 (D. Minn.) (ECF No. 114) (appointing 6 attorney Lead Counsel Committee, 2 liaison counsel, and 18 attorney plaintiffs' steering committee).

Further, in selecting interim class counsel, courts commonly give weight to plaintiffs' counsel's "self-selection." *See* Manual for Complex Litigation (Fourth) § 21.272 (2004) ("By far the most common [method for selecting among competing applicants] is the so-called 'private ordering' approach: The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."); *Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 410 (S.D. Ohio 2021) ("[T]he rest of the plaintiffs have agreed to the structure through a private ordering approach, which is '[b]y far the most common' method to selecting competing applicants for class counsel.'" (citing Manual for Complex Litigation (Fourth) § 21.272)). Here, the proposed leadership structure was formed following numerous communications over the past several months with counsel representing plaintiffs in multiple of the Commercial cases filed to date. Many of the counsel representing Commercial plaintiffs possess the requisite experience and a proven track record of court-appointed leadership in antitrust class actions to have sought appointment in this MDL. The fact that plaintiffs and their counsel in these actions support the proposed structure is a testament to the confidence that those firms and the plaintiffs they represent have in Moving Counsel's leadership and ability to run a nationwide complex action.

In short, the Moving Counsel are fully supported and submit that the Proposed Private Ordering will provide the Commercial Class with considered, thoughtful, strategic and ethical representation and serve the goal of efficient management of the MDL.

### D. **Moving Counsel have the resources needed to prosecute this litigation.**

Each of the Moving Counsel firms has the means to litigate and fund cases of any size. Each routinely finances cases that cost millions in out-of-pocket expenses. Whether it is expenses related to hosting a large volume of documents, or fees to expert witnesses and consultants, each firm has extensive experience financing cases of this type. Our commitment to properly resourcing a case has never wavered. Further, Moving Counsel represent that their case is not being underwritten by litigation funders, and therefore, they are not beholden to any outside interest.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint LGN (Heidi Silton), FKLM (Kimberly Justice), Larson · King (Shawn Raiter) and CGL (Michael Flannery) as Co-Lead Counsel, and ZR (David Cialkowski) as Coordinating Counsel for the Commercial Class.

Dated: August 16, 2024

Respectfully submitted,

LOCKRIDGE GRINDAL NAUEN PLLP

s/Heidi M. Silton
Heidi M. Silton (MN #025759X)
Jessica N. Servais (MN #0326744)
Joseph C. Bourne (MN #0389922)
Antonia M. Konkoly (MN #0504377)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com
amkonkoly@locklaw.com

s/Kimberly A. Justice
Kimberly A. Justice
Jonathan M. Jagher
FREED KANNER LONDON & MILLEN LLC
923 Fayette Street
Conshohocken, PA 19428
(610) 234-6486
kjustice@fklmlaw.com
jjagher@fklmlaw.com

Matthew W. Ruan (MN #033909X)
Douglas A. Millen
Robert J. Wozniak
FREED KANNER LONDON & MILLEN LLC
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
mruan@fklmlaw.com
dmillen@fklmlaw.com
rwozniak@fklmlaw.com

s/Shawn M. Raiter
Shawn M. Raiter (MN #240424)
LARSON KING, LLP
30 East Seventh Street, Suite 2800
St. Paul, MN 55101
(651) 612-6500
sraiter@larsonking.com

s/Michael J. Flannery
Michael J. Flannery (*pro hac vice*)
CUNEO GILBERT & LADUCA, LLP
Two City Place Drive, Second Floor
St. Louis, MO 63141
mflannery@cuneolaw.com

Evelyn Riley
Lissa Morgans
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Ave. NW, Suite 200
Washington, DC 20016
(202) 789-3960
evelyn@cuneolaw.com
lmorgans@cuneolaw.com

s/ David M. Cialkowski
David M. Cialkowski (MN #0306526)
Ian F. McFarland (MN #0392900)
Zachary J. Freese (MN #0402252)
ZIMMERMAN REED, LLP
1100 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
(612) 341-0400
david.cialkowski@zimmreed.com
ian.mcfarland@zimmreed.com
zachary.freese@zimmreed.com

**COUNSEL FOR COMMERCIAL INDIRECT
PURCHASER PLAINTIFFS**

**EXHIBIT A**
**Commercial Indirect Purchaser Cases**

| | **Caption** | **Civil Action No.** | **Date Filed** |
|---|---|---|---|
| 1. | *WNT, LLC and WNT Farmington, LLC v. American Sugar Refining, Inc., et al.* | 0:24-cv-00959 | 3/18/2024 |
| 2. | *Morelos Bakery LLC v. United Sugar Producers & Refiners Coop. f/k/a United Sugars Corp., et al.* | 0:24-cv-00966 | 3/19/2024 |
| 3. | *Up at 4, Inc., d/b/a Great Harvest Bread Co. v. ASR Group Int'l, Inc., et al.* | 0:24-cv-00970 | 3/19/2024 |
| 4. | *Quarterback Club, et al. v. ASR Group Int'l, Inc., et al.* | 0:24-cv-01017 | 3/21/2024 |
| 5. | *BW-SS, INC. v. ASR Group International, Inc., et al.* | 0:24-cv-01047 | 3/22/2024 |
| 6. | *Golden Goose Markets, Inc. v. ASR Group Int'l, Inc., et al.* | 0:24-cv-02345 | 3/22/2024 |
| 7. | *Boca Botana's Inc v. United Sugar Producers & Refiners Coop., et al.* | 0:24-cv-01106 | 3/29/2024 |
| 8. | *King Kullen Grocery Co., Inc. v. ASR Group Int'l, Inc., et al.* | 0:24-cv-01122 | 4/2/2024 |
| 9. | *Piala LLC v. United Sugar Producers & Refiners Coop., et al.* | 0:24-cv-01232 | 4/8/2024 |
| 10. | *The Union Public House, LLC v. American Sugar Refining, Inc., et al.* | 0:24-cv-01292 | 4/11/2024 |
| 11. | *Vicky Enterprises Inc. v. ASR Group Int'l, Inc. et al.* | 0:24-cv-02340 | 4/12/2024 |
| 12. | *Wilson Coffee House, LLC d/b/a Linden Street Coffee House v. ASR Group Int'l, Inc., et al.* | 0:24-cv-01322 | 4/12/2024 |

|  | Caption | Civil Action No. | Date Filed |
|---|---|---|---|
| 13. | *Sam Restaurants, Inc. d/b/a Carolina's Diner v. United Sugar Producers & Refiners Coop. f/k/a United Sugars Corp., et al.* | 0:24-cv-02349 | 4/16/2024 |
| 14. | *Corbos Deli Southside, LLC and Corbo Corner Deli, West LLC v. United Sugar Producers & Refiners Coop., et al.* | 0:24-cv-01370 | 4/16/2024 |
| 15. | *Madison Pizza LLC d/b/a Rosati's of Madison (East) et al. v. ASR Group Int'l, Inc., et al.* | 0:24-cv-02351 | |
| 16. | *Nineteenseventynine LLC d/b/a The Breakfast Joynt, et al. v. ASR Group International, Inc., et al.* | 0:24-cv-01525 | 4/26/2024 |
| 17. | *Triple Elm Coffee and Ice Cream, LLC v. United Sugar Producers & Refiners Coop., et al.* | 0:24-cv-01536 | 4/29/2024 |
| 18. | *Modern Pastry Shop, Inc. v. United Sugar Producers & Refiners Coop., et al.* | 0:24-cv-01537 | 4/29/2024 |
| 19. | *Cowbell Grill & Tap, LLC v. United Sugar Producers & Refiners Coop., et al.* | 0:24-cv-01539 | 4/29/2024 |
| 20. | *Portland Hunt-Alpine Club, LLC v. ASR Group Int'l, Inc. et al.* | 0:24-cv-01560 | 4/30/2024 |
| 21. | *Union LLC d/b/a Union Hospitality Group v. ASR Group Int'l, Inc., et al.* | 0:24-cv-02338 | 5/3/2024 |
| 22. | *Western Axe LLC d/b/a Mo's House of Axe v. ASR Group Int'l, Inc., et al.* | 0:24-cv-01653 | 5/6/2024 |
| 23. | *Natile Inc. d/b/a Alpine View Family Restaurant, et al. v. American Sugar Refining, Inc., et al. \* | 0:24-cv-01654 | 5/7/2024 |
| 24. | *Moretti's Ristorante & Pizzeria (Schaumburg) v. ASR Group Int'l, et al.* | 0:24-cv-02344 | 5/8/2024 |

|  | Caption | Civil Action No. | Date Filed |
|---|---|---|---|
| 25. | *Wood Ranch Moorpark, Inc. et al v. ASR Group Int'l, Inc., et al.* | 0:24-cv-02339 | 5/9/2024 |
| 26. | *Pattibakes LLC v. American Sugar Refining, Inc., et al.* | 0:24-cv-01812 | 5/16/2024 |
| 27. | *Jennivee's Bakery, LLC v. ASR Group International, Inc., et al.* | 0:24-cv-01848 | 5/17/2024 |
| 28. | *2nd Pit LLC v. ASR Group Int'l, Inc., et al.* | 0:24-cv-01859 | 5/20/2024 |
| 29. | *Hu-Yu, Inc, d/b/a City Wok v. ASR Group Int'l, Inc., et al.* | 24-cv-01903 | 5/22/2024 |
| 30. | *JM Hospitality Group, LLC v. ASR Group Int'l, Inc., et al.* | 0:24-cv-01907 | 5/22/2024 |
| 31. | *Kedzie Boulevard Café, Inc., d/b/a Scofflaw v. ASR Group Int'l, Inc., et al.* | 0:24-cv-01949 | 5/23/2024 |
| 32. | *Sugar Bake Shop, Inc. v. ASR Group Int'l, Inc., et al.* | 0:24-cv-01992 | 5/28/2024 |
| 33. | *San Gennaro Feast, Inc., et al. v. ASR Group Int'l, Inc., et al.* | 0:24-cv-02489 | 6/27/2024 |