**ROBINS KAPLAN** LLP

800 LASALLE AVENUE
SUITE 2800
MINNEAPOLIS MN 55402

612 349 8500 TEL
612 339 4181 FAX
ROBINSKAPLAN.COM

STACEY P. SLAUGHTER
612 349 8289 TEL
SSLAUGHTER@ROBINSKAPLAN.COM

*Via ECF*

September 30, 2024

The Honorable Jerry W. Blackwell
United States District Court
316 North Robert Street
St. Paul, MN 55101

Re:   *In Re: Granulated Sugar Antitrust Litigation*
      MDL No. 24-3110 (JWB/DTS)
      Leadership Application

To The Honorable Jerry W. Blackwell:

Per Pretrial Order No. 3, I respectfully apply to serve as a steering committee member. I have professional experience in antitrust class litigation. I am also prepared to dedicate the time, resources, and talent required to serve as an active steering committee member and work together effectively with co-counsel, and defense counsel, to lead this case.

I am a partner and Co-Chair of the Antitrust Practice Group at Robins Kaplan. I have practiced law for more than 25 years, focusing on complex antitrust, financial, commercial, and consumer litigation. During this time, I have represented clients in multi-party, civil-litigation like this one, often against large, well-funded defendants. My professional bio is at ECF No. 169-1 at 16–20.

My antitrust and MDL experience includes substantive work on cases such as: *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.) ("*Interchange*") (Robins Kaplan served as co-lead counsel in antitrust class case alleging major credit card issuers conspired to fix swipe fees charged to merchants for accepting payment cards, which settled for $5.54 billion); *Dahl, et al. v. Bain Capital Partners, LLC, et al.*, No. 1:08-CV-10254 (D. Mass.) ("*Private Equity*") (Robins Kaplan served as co-lead counsel in antitrust class case alleging that private equity firms conspired to suppress

95436587.5

acquisition prices and allocate the market for target companies in leveraged buyouts, which settled for nearly $600 million); *In re Cattle and Beef Antitrust Litig.* (*"Cattle"*), MDL No. 3031 (D. Minn.) (Robins Kaplan serves as interim substantive liaison counsel for cattle rancher class who allege price fixing in the cattle processing industry); *In re Libor-Based Financial Instruments* ("*Libor*"), MDL No. 2262 (S.D.N.Y.) (Robins Kaplan represents direct-action plaintiffs in antitrust case alleging defendant banks conspired to fix the USD LIBOR benchmark); *Mirage Wine + Spirits, Inc., et. al. v. Apple Inc., et al.*, No. 3:23-cv-03942 (S.D. Ill.) (Robins Kaplan is co-lead counsel in antitrust class case alleging that Apple, Visa, and MasterCard agreed to restrict competing developers' access to iPhone's near-field payment technology and forgo market entrance); and *In re RealPage Inc. Rental Software Antitrust Litigation* (*"RealPage"*), MDL No. 3071 (M.D. Tenn.) (I am court-appointed co-lead counsel in antitrust class action for renters against a software company and landlords that use its algorithmic software to set rent prices).

In this case, I represent plaintiff Andrew Mathisen, a Minnesota resident and representative for the consumer indirect purchaser class. Mr. Mathisen and the consumer class plaintiffs are uniquely situated in this litigation, as is each plaintiff class in the distribution chain. The key difference concerns injury, which goes directly to damages and impacts various stages of litigation, including discovery, expert selection, and settlement.

In order to fairly and adequately represent Mr. Mathisen and similarly situated plaintiffs, I respectfully apply to serve on the steering committee to represent the interests of the consumer class plaintiffs. I appreciate the time and resources necessary to be an effective leader in an MDL action and am fully committed to dedicating my personal and firm resources as a steering committee member. My firm is willing and able to commit to time-consuming litigation. As a firm specializing in litigation and trial, we have more than 200 attorneys in seven offices across the United States, including Minnesota, and, for this reason, are well positioned to meet the demands of multi-party litigation, where witnesses are found all over the country. The firm has committed substantial resources to develop in-house expertise for antitrust cases specifically, including PhD scientists and economists, and forensic financial consultants. Our in-house eDiscovery group's sole mission is to provide customized, cost-effective, and efficient document discovery, analysis, and review, complete with document-hosting capability. Robins Kaplan is prepared to contribute any of these resources, together with attorney time and capital, for the benefit of the consumer class. *See* ECF No. 169-1 at 2–15.

Hon. Jerry W. Blackwell
September 30, 2024
Page 3

---

If Your Honor decides to appoint multiple firms to represent the distinct purchaser classes, as courts have done in similar MDLs (*see, e.g., Cattle*, No. 0:19-cv-01129 (D. Minn.), ECF No. 68), I am prepared to work cooperatively with other plaintiffs' counsel, and have done so in many cases. The plaintiffs' antitrust bar is a relatively small, tight knit professional community, and through my years of experience as a member of this community, I have developed relationships and collaborated with a number of my colleagues. For example, my initial leadership application proposed working together with the Lowey Dannenberg and Fegan Scott law firms to represent the indirect consumer class. *See* ECF No. 166. In the past, I have worked with the competing firms who seek to represent indirect consumers, Pearson Warshaw and Robbins Geller. Similarly, I have worked with many of the law firms who seek to lead the case for direct and commercial indirect purchasers. I have also worked professionally with opposing counsel, including some of the firms in this case, as well as respected national mediators, while at the same time vigorously advocating for my clients.

Your Honor also asked for other relevant factors you might consider in forming the leadership group in this case. I respectfully submit that diversity and inclusion should be one such consideration. There has been focus recently in the legal community on increasing the number of qualified, diverse candidates in MDL leadership roles. *See, e.g.,* Duke Law Center for Judicial Studies Conference, *Increasing the Number of Women and Minority Lawyers Appointed to Leadership Positions in Class Actions and MDLs* (2017); *see also* ECF No. 168 at 27 (discussing the lack of women in leadership roles in antitrust litigation). Equally important is a focus on opportunities for attorneys at different levels in their respective careers. This case presents many opportunities for a meaningful, substantive role in various aspects of the case. I have experience in each aspect of case management and prosecution and can serve in any of these roles. I will also seek to provide opportunities to women and other diverse members of my firm, as well as to younger attorneys, where possible. The leadership group should be structured to provide these opportunities and experiences to a broader cross-section of the legal community. Finally, it is worth noting that Robins Kaplan is a leader in *pro bono* work nationally. *See* ECF No. 169-3. As part of these efforts, I host a legal clinic for the Jeremiah Program, which serves single mothers and their children.

I look forward to an opportunity to serve in this case.

Hon. Jerry W. Blackwell
September 30, 2024
Page 4

---

Respectfully submitted,

*Stacey Slaughter*

Stacey Slaughter (#0296971)

95436587.5