UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: Granulated Sugar　　　　　　　　　　　　MDL No. 24-3110 (JWB/DTS)
Antitrust Litigation

**PRETRIAL ORDER NO. 6:**
**Introduction of Master Consolidated and Short-Form Complaints and Extended Deadline for Protective Order and ESI Protocol**

To promote clarity, efficiency, and fairness in managing this multidistrict litigation ("MDL"), the Court is considering a Master Consolidated Complaint and the use of Short-Form Complaints to streamline common allegations while preserving class-specific claims and forms of relief. The parties have also filed a stipulation requesting an extension to the proposed ESI Protocol and Protective Order deadline. These issues are addressed below.

1. **Master Consolidated Complaint and Short-Form Complaints**

This MDL involves three distinct classes of Plaintiffs—Direct Purchasers, Commercial Indirect Purchasers, and Indirect Consumer Purchasers—all alleging violations of Section 1 of the Sherman Act and other related claims arising from the same underlying factual allegations.

Given the substantial factual and legal overlap among Plaintiffs' claims, the filing of a Master Consolidated Complaint for all common allegations and shared claims will avoid redundancy and promote efficiency. In addition, the use of Short-Form Complaints will allow each Plaintiff class to incorporate the Master Complaint by reference while

asserting their unique claims, class definitions, damages models, and forms of relief. The intent is to streamline responsive pleadings, discovery, pretrial motions, and proceedings without compromising the distinct interests of the different Plaintiff groups.

    A.    **Proposed Structure and Page Limits**

The Court proposes the following:

    **(i)**    **Master Consolidated Complaint**

Plaintiffs' Co-Lead Counsel will draft and file a Master Consolidated Complaint consolidating all common factual allegations and shared causes of action (e.g., Section 1 of the Sherman Act). This document will serve as the legally operative pleading for pretrial motions, including motions to dismiss, and for coordinated discovery on liability issues. The Master Consolidated Complaint shall not exceed 70 pages.

    **(ii)**    **Short-Form Complaints**

Each Plaintiff group (Direct Purchasers, Commercial Indirect Purchasers, and Indirect Consumer Purchasers) will file a Short-Form Complaint adopting the Master Consolidated Complaint by reference. The Short-Form Complaints will identify each class-specific claim (e.g., Clayton Act damages for Direct Purchasers or state law claims for Indirect Purchasers), and specify the relief sought (e.g., damages, injunctive relief). Each Short-Form Complaint shall not exceed 25 pages, exclusive of appendices or exhibits.

2.    **Status of Current Consolidated Complaints**

The current Consolidated Complaints filed by the Direct Purchasers, Commercial

Indirect Purchasers, and Indirect Consumer Purchasers (Doc. Nos. 292, 293, 294) shall be superseded by the Master Consolidated Complaint for purposes of pretrial proceedings. They will no longer function as operative pleadings upon the filing of the Master Consolidated Complaint and Short-Form Complaints.

Defendants should not respond at this time to the current Consolidated Complaints. The Master Consolidated Complaint will serve as the operative document for motions to dismiss and other dispositive motions addressing common liability issues and will serve as the operative document for discovery related to the alleged collusion and overarching conspiracy. The Short-Form Complaints will preserve and incorporate any class-specific claims or unique relief (e.g., Clayton Act damages for Direct Purchasers or state-law claims for Indirect Purchasers) to ensure that no Plaintiff class is prejudiced by this consolidation. Plaintiffs may reference the current Complaints in their Short-Form Complaints as necessary for clarity or completeness.

**4.     Opportunity for Party Input**

Input from the parties is essential to ensure the workability and fairness of this proposed structure. Therefore, the parties are directed to meet and confer on this proposal. By **January 3, 2025**, the parties shall file a joint submission addressing:

a.  Their agreement or objections to the proposed Master Consolidated and Short-Form Complaint framework.

b.  Any suggested modifications to the structure, content, or timing of the pleadings.

c.  The identification of any unique issues that may require the Court's attention.

3

If the parties cannot agree, they may submit their positions separately within the same timeframe.

5. **Timing**

Following the parties' submissions, the Court will finalize the structure of the Master Consolidated Complaint and Short-Form Complaints. The tentative deadlines are:

   a. Plaintiffs' Co-Lead Counsel shall file the Master Consolidated Complaint within 30 days of the Court's final order on this matter.

   b. Each Plaintiff group (Direct Purchasers, Commercial Indirect Purchasers, and Indirect Consumer Purchasers) shall file their Short-Form Complaints within 45 days of the Court's final order on this matter.

The parties may propose alternative timelines or adjustments as part of their joint submission due by January 3, 2025. The Court will consider any such proposals at or before the next status conference.

6. **Request for Extension of Court-Ordered Deadlines**

The parties submitted a stipulation on Thursday, December 12, 2024, seeking to extend the deadline to submit a proposed Protective Order and ESI Protocol, originally due Monday, December 16, 2024, by 23 days, to January 8, 2025. (Doc. No. 296.) The request is **GRANTED**. Going forward, however, absent exigent circumstances and specific only to this MDL, any such requests for an extension of time must be submitted at least five business days before the affected deadline, excluding the filing date.

Date:   December 16, 2024            *s/ Jerry W. Blackwell*
                                     JERRY W. BLACKWELL
                                     United States District Judge