## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: GRANULATED SUGAR ANTITRUST LITIGATION | Case No. 24-md-03110 (JWB/DTS) |
| This Document Relates To:<br><br>ALL COMMERCIAL INDIRECT PURCHASER ACTIONS<br><br>0:24-cv-00959<br>0:24-cv-00966<br>0:24-cv-00970<br>0:24-cv-01017<br>0:24-cv-01047<br>0:24-cv-01122<br>0:24-cv-01232<br>0:24-cv-01292<br>0:24-cv-01560<br>0:24-cv-01654<br>0:24-cv-01812<br>0:24-cv-01992<br>0:24-cv-02338<br>0:24-cv-02349 | **COMMERCIAL INDIRECT PURCHASER PLAINTIFFS' SHORT-FORM CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

# TABLE OF CONTENTS

I.      RELEVANT BACKGROUND ...................................................................2

II.     NATURE OF THE ACTION ....................................................................2

III.    PARTIES ...................................................................................................2

        A.    Plaintiffs ..........................................................................................2

        B.    Defendants .......................................................................................7

IV.     JURISDICTION, VENUE, AND COMMERCE .........................................7

V.      FACTUAL ALLEGATIONS ....................................................................7

        A.    The Market for Granulated Sugar in the United States....................7

        B.    The Defendants Have Market Power ...............................................8

        C.    Defendants Unlawfully Raised, Fixed, Maintained, or Stabilized Prices
              of Granulated Sugar in the United States........................................8

        D.    Additional Plus Factors Support the Existence of a Conspiracy...................8

        E.    Defendants' Information Exchange is an Independent Violation of
              Section 1 of the Sherman Act ........................................................8

        F.    The USDA Sugar Program Does Not Render the Conspiracy Any Less
              Plausible.........................................................................................8

        G.    Defendants' Anticompetitive Conduct Proximately Caused Commercial
              Indirect Purchaser Plaintiffs and Class Members to Suffer Antitrust
              Injury and Damages ........................................................................9

VI.     LIMITATIONS AND TOLLING...............................................................10

VII.    CLASS ALLEGATIONS ........................................................................10

VIII.   CLAIMS FOR RELIEF ..........................................................................14

IX.     PRAYER FOR RELIEF .........................................................................21

X.      DEMAND FOR JURY TRIAL ................................................................22

Commercial Indirect Purchaser Plaintiffs Union LLC d/b/a Union Hospitality Group, Piala LLC, Pattibakes LLC, WNT, LLC, WNT Farmington, LLC, The Union Public House, Natile Inc. d/b/a Alpine View Family Restaurant, Portland Hunt-Alpine Club, LLC, Morelos Bakery LLC, Up at 4, Inc. d/b/a Great Harvest Bread Co., Gladys' Restaurant, LLC d/b/a Gladys', SAM Restaurants, Inc. d/b/a Carolina's Diner, BW-SS Inc., King Kullen Grocery Co., PCA Too, LLC d/b/a Sugar Bakeshop, and The Coffee Bean LLC (collectively "Commercial Indirect Purchaser Plaintiffs"), individually and on behalf of all others similarly situated (the "Class," as defined below), upon personal knowledge as to the facts pertaining to themselves, and upon information and belief based on investigation of counsel as to all other matters, bring this suit against ASR Group International, Inc. ("ASR Group"), American Sugar Refining, Inc. ("ASR"), Domino Foods, Inc. ("Domino," and, together with ASR Group and ASR, referred to herein as "ASR/Domino"), United Sugar Producers & Refiners f/k/a United Sugars Corporation ("United"), Michigan Sugar Company ("Michigan Sugar"), and Louis Dreyfus Company LLC ("Louis Dreyfus") (collectively, "Producer Defendants"), Commodity Information, Inc. ("Commodity"), and Richard Wistisen ("Wistisen"), (collectively, along with the Producer Defendants, referred to as "Defendants") for violations of Sections 1 and 3 of the Sherman Act (15 U.S.C. §§ 1, 3) and various state antitrust, consumer protection, and unjust enrichment laws. Commercial Indirect Purchaser Plaintiffs seek injunctive relief, damages (to be trebled under applicable state laws), and other relief, as set forth below and in the attached Addendum.

## I.    RELEVANT BACKGROUND

1.    In Pretrial Order No. 7 (ECF No. 315) ("PTO 7"), the Court instructed the three Plaintiff subgroups—(i) the DPPs, (ii) the Commercial Indirect Purchaser Plaintiffs, and (iii) the Consumer Indirect Purchaser Plaintiffs—to submit a Master Consolidated Complaint setting forth all factual allegations and shared causes of action that are common across the subgroups.  ECF No. 315. On February 27, 2025, the Plaintiff subgroups timely submitted the Master Consolidated Complaint. ECF No. 332. PTO No. 7 also instructed the three Plaintiff subgroups to each submit Short-Form Complaints and identify "any class specific claims . . . and specify any unique relief sought . . . .").  PTO No. 7, ¶ 2.

## II.    NATURE OF THE ACTION

2.    Commercial Indirect Purchaser Plaintiffs incorporate by reference Section I, paragraphs 1-13 of the Master Consolidated Complaint, as though fully set forth herein.

## III.    PARTIES

### A.    Plaintiffs

3.    Commercial Indirect Purchaser Plaintiffs incorporate by reference Section II.A.2, paragraph 15 of the Master Consolidated Complaint, as though fully set forth herein.

4.    Plaintiff Union LLC d/b/a Union Hospitality Group ("Union LLC") is an Arizona limited liability company with its principal place of business located in Tucson, Arizona. Plaintiff Union LLC purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. Union LLC

therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

5.      Plaintiff Piala LLC ("Piala") is a California limited liability company with its principal place of business located in Sebastopol, California. Piala operates a Georgian restaurant in Sebastopol, California. Plaintiff Piala purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. Piala therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

6.      Plaintiff Pattibakes LLC ("Pattibakes") is a California limited liability company with its principal place of business located in Solvang, California. Plaintiff Pattibakes purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. Pattibakes therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

7.      Plaintiff WNT, LLC ("WNT Hartford") is a Connecticut limited liability company with its principal place of business located in Hartford, Connecticut. Plaintiff WNT Hartford purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. WNT Hartford therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

8.      Plaintiff WNT Farmington LLC ("WNT Farmington") is a Connecticut limited liability company with its principal place of business located in Farmington,

Connecticut. Plaintiff WNT Farmington purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. WNT Farmington therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

9.     Plaintiff The Union Public House, LLC ("Union Public House") is a Florida limited liability company with its principal place of business located in Pensacola, Florida. Plaintiff Union Public House purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. Union Public House therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

10.     Plaintiff Natile, Inc. d/b/a Alpine View Family Restaurant ("Natile") is an Illinois corporation with its principal place of business located in Rockford, Illinois. Plaintiff Natile purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. Natile therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

11.     Plaintiff Portland Hunt-Alpine Club, LLC ("Portland Hunt") is a Maine limited liability company with its principal place of business located in Portland, Maine. Plaintiff Portland Hunt purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. Portland Hunt therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

12.    Plaintiff Morelos Bakery LLC ("Morelos Bakery") is a Minnesota limited liability company with its principal place of business located in Saint Paul, Minnesota. Plaintiff Morelos Bakery purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. Morelos Bakery therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

13.    Plaintiff Up at 4, Inc. D/b/a Great Harvest Bread Company ("Up at 4") is a Minnesota corporation with its principal place of business located in Duluth, Minnesota. Plaintiff Up at 4 purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. Up at 4 therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

14.    Plaintiff Gladys' Restaurant, LLC d/b/a Gladys' ("Gladys") is a Mississippi limited liability company with its principal place of business located in Lexington, Mississippi. Plaintiff Gladys purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. Gladys therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

15.    Plaintiff SAM Restaurants, Inc. d/b/a Carolina's Diner ("SAM Restaurants") is a North Carolina corporation with its principal place of business located in Greensboro, North Carolina. Plaintiff SAM Restaurants purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period.

SAM Restaurants therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

16.    Plaintiff BW-SS, Inc. ("BW-SS") is a North Dakota corporation with its principal place of business located in Mandan, North Dakota. Plaintiff BW-SS purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. BW-SS therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

17.    Plaintiff King Kullen Grocery Co, Inc. ("King Kullen") is a New York domestic business corporation with its principal place of business located in Hauppauge, New York. Plaintiff King Kullen purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. King Kullen therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

18.    Plaintiff PCA Too, LLC d/b/a Sugar Bakeshop ("PCA Too") is a South Carolina limited liability company with its principal place of business located in Charleston, South Carolina. Plaintiff PCA Too purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. PCA Too therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

19.    Plaintiff The Coffee Bean LLC ("Coffee Bean") is a Wisconsin limited liability company with its principal place of business located in Milwaukee, Wisconsin.

Plaintiff Coffee Bean purchased Granulated Sugar indirectly from one or more of the Producer Defendants or their co-conspirators during the Class Period. Coffee Bean therefore suffered antitrust injury as a result of the antitrust violations alleged in the Master Consolidated Complaint and this Short-Form Complaint.

**B.    Defendants**

20.    Commercial Indirect Purchaser Plaintiffs incorporate by reference Section II.B, paragraphs 17-42 of the Master Consolidated Complaint, as though fully set forth herein.

## IV.    JURISDICTION, VENUE, AND COMMERCE

21.    Commercial Indirect Purchaser Plaintiffs incorporate by reference Section III, paragraphs 43-49 of the Master Consolidated Complaint, as though fully set forth herein.

22.    The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Commercial Indirect Purchaser Plaintiffs' state law claims.

## V.    FACTUAL ALLEGATIONS

**A.    The Market for Granulated Sugar in the United States**

23.    Commercial Indirect Purchaser Plaintiffs incorporate by reference Section IV.A, paragraphs 50-57 of the Master Consolidated Complaint, as though fully set forth herein.

**B.    The Defendants Have Market Power**

24.    Commercial Indirect Purchaser Plaintiffs incorporate by reference Section IV.B, paragraphs 58-62 of the Master Consolidated Complaint, as though fully set forth herein.

**C.    Defendants Unlawfully Raised, Fixed, Maintained, or Stabilized Prices of Granulated Sugar in the United States**

25.    Commercial Indirect Purchaser Plaintiffs incorporate by reference Section IV.C, paragraphs 63-167 of the Master Consolidated Complaint, as though fully set forth herein.

**D.    Additional Plus Factors Support the Existence of a Conspiracy**

26.    Commercial Indirect Purchaser Plaintiffs incorporate by reference Section IV.D, paragraphs 168-194 of the Master Consolidated Complaint, as though fully set forth herein.

**E.    Defendants' Information Exchange is an Independent Violation of Section 1 of the Sherman Act**

27.    Commercial Indirect Purchaser Plaintiffs incorporate by reference Section IV.E, paragraphs 195-210 of the Master Consolidated Complaint, as though fully set forth herein.

**F.    The USDA Sugar Program Does Not Render the Conspiracy Any Less Plausible**

28.    Commercial Indirect Purchaser Plaintiffs incorporate by reference Section IV.F, paragraphs 211-220 of the Master Consolidated Complaint, as though fully set forth herein.

**G.      Defendants' Anticompetitive Conduct Proximately Caused Commercial Indirect Purchaser Plaintiffs and Class Members to Suffer Antitrust Injury and Damages**

29.      Commercial Indirect Purchaser Plaintiffs incorporate by reference Section IV.G, paragraphs 221-222 of the Master Consolidated Complaint, as though fully set forth herein.

30.      Granulated Sugar is widely used in commercial and institutional settings like Commercial Indirect Purchaser Plaintiffs' businesses and other restaurants, bakeries, caterers, food service operations, food and beverage manufacturers, and other producers of commercial products. Most commercial and institutional users purchase Granulated Sugar from food service distributors, while some purchase through wholesalers.

31.      As described in Section II.A, during the Class Period, Commercial Indirect Purchaser Plaintiffs indirectly purchased Granulated Sugar from Producing Defendants for commercial use in making food or other products for business purposes.

32.      The Granulated Sugar distribution chain is easily tracked and the overcharges associated with Defendants' illegal conduct can be followed through that chain. As commercial end-users of Granulated Sugar, Commercial Indirect Purchaser Plaintiffs and other Class members necessarily absorbed price increases caused by the illegal conduct described in this Complaint when they purchased Granulated Sugar for production purposes.

33.      As a result of Defendants' anticompetitive conduct, Commercial Indirect Purchaser Plaintiffs and Class members paid more for Granulated Sugar than they otherwise would have and thus suffered antitrust injury and damages. The overcharges paid

by Commercial Indirect Purchaser Plaintiffs and members of the Classes for Granulated Sugar constitute antitrust injury and harm to competition under both federal and state laws.

34.     This is an antitrust injury of the type that the antitrust laws were meant to punish and prevent.

35.     Commercial Indirect Purchaser Plaintiffs and their counsel have retained experts who can demonstrate using economic analyses the amount of overcharges sustained by Class members as a result of Defendants' conduct that violates the applicable laws.

## VI.     LIMITATIONS AND TOLLING

36.     Commercial Indirect Purchaser Plaintiffs incorporate by reference Section V, paragraphs 223-229 of the Master Consolidated Complaint, as though fully set forth herein.

## VII.     CLASS ALLEGATIONS

37.     Commercial Indirect Purchaser Plaintiffs bring this action on behalf of themselves and as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2), seeking injunctive relief and other relief pursuant to federal antitrust laws on behalf of the members of the following Class (the "Nationwide Class"):

> All persons and entities who indirectly purchased Granulated Sugar from any of the Producer Defendants or any of their co-conspirators for their own use in commercial food preparation or the creation of other commercial products in the United States and its territories at any time from January 1, 2019 until the present (the "Class Period").

38.     Commercial Indirect Purchaser Plaintiffs also bring this action on behalf of themselves and as a class action under Federal Rules of Civil Procedure, Rule 23(a) and (b)(3) seeking damages pursuant to antitrust, unfair competition, and consumer protection

laws as well as common law unjust enrichment on behalf of the following Class (the "Damages Class"):

> All persons and entities who indirectly purchased Granulated Sugar from any of the Producer Defendants or any of their co-conspirators for their own use in commercial food preparation or the creation of other commercial products in an Indirect Purchaser State[1] during the Class Period.

39.     The Nationwide Class and Damages Class are referred to collectively as the "Classes" unless otherwise indicated. Specifically excluded from the Classes are the Defendants, their parent companies, subsidiaries and affiliates, co-conspirators, federal government entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, the Court, and persons who purchased Granulated Sugar directly from Defendants.

40.     Commercial Indirect Purchaser Plaintiffs reserve the right to amend this Class definition, including, without limitation, the Class Period.

41.     **Numerosity**. Commercial Indirect Purchaser Plaintiffs do not know the exact number of Class members because such information is presently under exclusive control of the Producer Defendants, the direct purchaser intermediaries, or both. Commercial Indirect Purchaser Plaintiffs believe that due to the nature of the trade and commerce

---

[1] The "Indirect Purchaser States" as set forth in Counts III, IV, and V, and the attached Addendum are: Alabama, Arkansas, Arizona, California, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

involved, there are thousands of Class members geographically dispersed throughout the United States, such that joinder would be impracticable.

42.    **Typicality**. Commercial Indirect Purchaser Plaintiffs' claims are typical of the claims of the members of the Classes because Commercial Indirect Purchaser Plaintiffs purchased Granulated Sugar indirectly from one or more of the Producer Defendants and were damaged by the same common course of wrongful conduct.

43.    **Predominance of Common Questions**. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members, including, but not limited to:

a.    Whether Defendants and their co-conspirators engaged in a contract, combination, or conspiracy to raise, fix, maintain, or stabilize prices of Granulated Sugar sold in interstate commerce in the United States in violation of federal and state laws;

b.    Whether Defendants agreed to unreasonably restrain trade in violation of federal and state laws;

c.    The identity of the participants of the alleged conspiracy;

d.    The scope and duration of the alleged conspiracy;

e.    The acts performed by Defendants and their co-conspirators in furtherance of the alleged conspiracy;

f.    The effect of Defendants' alleged conspiracy on the prices of Granulated Sugar sold in the United States during the Class Period;

g.  Whether the conduct of Defendants and their co-conspirators, as alleged in this Complaint, caused injury to the business or property of Commercial Indirect Purchaser Plaintiffs and other members of the Classes;

h.  Whether Commercial Indirect Purchaser Plaintiffs and other members of the Classes are entitled to, among other things, injunctive relief and if so, the nature and extent of such injunctive relief;

i.  The appropriate class-wide measure of damages; and

j.  Whether the statute of limitations was tolled or whether Defendants fraudulently concealed the existence of their anticompetitive conduct from Commercial Indirect Purchaser Plaintiffs and the Classes.

44.  **Adequacy**. Commercial Indirect Purchaser Plaintiffs will fairly and adequately protect the interests of the Classes in that Commercial Indirect Purchaser Plaintiffs' interests are aligned with, and not antagonistic to, those of other Class members and Commercial Indirect Purchaser Plaintiffs have retained counsel competent and experienced in the prosecution of class actions and antitrust litigation to represent themselves and the Classes.

45.  **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impractical and Class members do not have interests in individually controlling the prosecution of separate actions. Prosecution as a class action will eliminate the possibility of duplicative litigation. The damages suffered by individual Class members compared to

the expense and burden of individual prosecution of the claims asserted in this litigation means that, absent a class action, it would not be feasible for Class members to seek redress for the violations of law herein alleged. Furthermore, individual litigation presents the potential for inconsistent or contradictory judgments and the establishment of incompatible standards of conduct for Defendants and would greatly magnify the delay and expense to all parties and to the court system. Therefore, a class action presents far fewer case management difficulties and will provide the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

46.    **Injunctive Relief**. Defendants have acted on grounds generally applicable to Commercial Indirect Purchaser Plaintiffs and Class members, thereby making final injunctive relief appropriate with respect to the Classes as a whole.

## VIII.  CLAIMS FOR RELIEF

### COUNT I
### Violation of Sections 1 and 3 of the Sherman Act—Unlawful Price-Fixing
### (15 U.S.C. §§ 1, 3,)
(On Behalf of Commercial Indirect Purchaser Plaintiffs and the Nationwide Class)

47.    Commercial Indirect Purchaser Plaintiffs incorporate and reallege each allegation set forth in the preceding paragraphs of this Complaint, as though fully set forth herein.

48.    Commercial Indirect Purchaser Plaintiffs incorporate by reference Count I, paragraphs 230-236 of the Master Consolidated Complaint, as though fully set forth herein.

## COUNT II
## Violation of Sections 1 and 3 of the Sherman Act—Unlawful Information Exchange
## (15 U.S.C. §§ 1, 3)
(On Behalf of Commercial Indirect Purchaser Plaintiffs and the Nationwide Class)

49.     Commercial Indirect Purchaser Plaintiffs incorporate and reallege, as though fully set forth herein, each allegation set forth in the preceding paragraphs of this Complaint.

50.     Commercial Indirect Purchaser Plaintiffs incorporate by reference Count II, paragraphs 237-245 of the Master Consolidated Complaint, as though fully set forth herein.

## COUNT III
## Violation of State Antitrust Statutes—Unlawful Price Fixing[2]
(On Behalf of Commercial Indirect Purchaser Plaintiffs and the Damages Class)

51.     Commercial Indirect Purchaser Plaintiffs incorporate and re-allege each allegation in the preceding paragraphs, as though fully set forth in this Count.

52.     Defendants engaged in the actions described in the Master Consolidated Complaint for the purpose of carrying out their unlawful agreement to fix, increase, maintain, or stabilize prices of Granulated Sugar. Defendants' conspiracy had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in the states included in this Count; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high,

---

[2] The following states permit indirect purchasers, like Commercial Indirect Purchaser Plaintiffs, to bring antitrust claims for damages, either by statute or judicial decision: Alabama, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Hawaii, Illinois, Iowa, Kansas, Maine, Maryland, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

non-competitive levels throughout the states included in this Count; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.

53.    As a direct and proximate result, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were deprived of free and open competition and paid more for Granulated Sugar than they otherwise would have in the absence of Defendants' unlawful conduct. This injury is of the type the antitrust laws of the states included in this Count were designed to prevent, and this injury flows from that which makes Defendants' conduct unlawful.

54.    Defendants' anticompetitive acts described in Count I were knowing, willful, and constitute violations of the state antitrust statutes set forth in the attached Addendum at Table 1, pages 1-39.

55.    Accordingly, Commercial Indirect Purchaser Plaintiffs and the members of the Damages Class seek the relief set forth in the attached Addendum at Table 1, pages 1-39.

**COUNT IV**
**Violation of State Antitrust Statutes—Unlawful Information Exchange**
(On Behalf of Commercial Indirect Purchaser Plaintiffs and the Damages Class)

56.    Commercial Indirect Purchaser Plaintiffs incorporate and re-allege each allegation in the preceding paragraphs, as though fully set forth in this Count.

57.    Defendants' information exchange, as described in the Master Consolidated Complaint, had the following effects, among others: (1) Granulated Sugar price competition was restrained, suppressed, and/or eliminated in the states included in this Count; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout the states included in this Count; and (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of the benefits of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.

58.    As a direct and proximate result, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class were deprived of free and open competition and paid more for Granulated Sugar than they otherwise would have in the absence of Defendants' unlawful conduct. This injury is of the type the antitrust laws of the states included in this Count were designed to prevent, and this injury flows from that which makes Defendants' conduct unlawful.

59.    Defendants' anticompetitive acts described above were knowing, willful, and constitute violations of the state antitrust statutes set forth in the attached Addendum at Table 2, pages 40-77.

60.    Accordingly, Commercial Indirect Purchaser Plaintiffs and the members of the Damages Class seek the relief set forth in the attached Addendum at Table 2, pages 40-77.

## COUNT V
## Violation of State Consumer Protection Laws[3]
(On Behalf of Commercial Indirect Purchaser Plaintiffs and the Damages Class)

61.    Commercial Indirect Purchaser Plaintiffs incorporate and re-allege each allegation in the preceding paragraphs, as though fully set forth in this Count.

62.    During the Class Period, Defendants engaged in unfair competition or unfair or unconscionable acts or practices in violation of the state consumer protection and unfair competition laws set forth in the attached Addendum at Table 3, pages 78-93.

63.    Defendants' unlawful conduct had the following effects: (1) Granulated Sugar price competition was restrained, suppressed, and eliminated throughout the states included in this Count; (2) Prices for Granulated Sugar sold by the Producer Defendants were raised, fixed, maintained, or stabilized to or at artificially high, non-competitive levels throughout the states included in this Count; (3) Commercial entities that purchased Granulated Sugar indirectly from the Producer Defendants or their co-conspirators were deprived of free and open competition; and (4) Commercial Indirect Purchaser Plaintiffs and members of the Damages Class paid supra-competitive, artificially inflated prices for Granulated Sugar.

64.    As a direct and proximate result of Defendants' unlawful conduct, Commercial Indirect Purchaser Plaintiffs and Class members were injured and are threatened with further injury.

---

[3] Courts have interpreted the consumer protection statutes of the following states to permit indirect purchasers, like Commercial Indirect Purchaser Plaintiffs, to bring antitrust claims for damages: Arkansas, California, Florida, Hawaii, Illinois, Minnesota, Nebraska, Nevada, New Mexico, North Carolina, South Carolina, and Vermont, West Virginia.

65.     Defendants' anticompetitive acts constitute violations of the state consumer protection laws set forth in the attached Addendum at Table 3, pages 78-93.

66.     Accordingly, Commercial Indirect Purchaser Plaintiffs and members of the Damages Class seek the relief set forth in the attached Addendum at Table 3, pages 78-93.

**COUNT VI**
**Unjust Enrichment[4]**
(On Behalf of Commercial Indirect Purchaser Plaintiffs and Damages Class)

67.     Commercial Indirect Purchaser Plaintiffs incorporate and reallege, as though fully set forth herein, each allegation set forth in the preceding paragraphs.

68.     To the extent there may be no adequate remedy at law for Commercial Indirect Purchaser Plaintiffs and members of the Damages Class, this claim is pleaded in the alternative to the other claims in this Complaint.

69.     As a result of their unlawful conduct described in the Master Consolidated Complaint, Defendants were and continue to be unjustly enriched by the receipt of, at a minimum, unlawfully inflated prices, and unlawful profits on sales of Granulated Sugar.

70.     Commercial Indirect Purchaser Plaintiffs and the Damages Class have conferred upon Defendants an economic benefit, in the form of profits resulting from unlawful and ill-gotten overcharges during the Class Period, to the economic detriment of the Commercial Indirect Purchaser Plaintiffs and the Damages Class.

---

[4] Unjust enrichment claims are alleged under the laws of the following states: Alabama, Arkansas, Arizona, California, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

71.    Defendants are aware of and appreciate the benefits bestowed upon them by Commercial Indirect Purchaser Plaintiffs and the Damages Class. Defendants consciously accepted those benefits and continue to do so as of the date of this filing.

72.    There is no legitimate justification for Defendants' retention of, and enrichment from, the benefits they received, which caused economic detriment to Commercial Indirect Purchaser Plaintiffs and the Damages Class in the form of supra-competitive prices, and it would be inequitable for Defendants to retain gains from their unlawful overcharges.

73.    Pursuit of any remedies against the firms from which Commercial Indirect Purchaser Plaintiffs and Class members purchased Granulated Sugar subject to Defendants' conspiracy would have been futile, given that those firms did not take part in Defendants' conspiracy.

74.    Commercial Indirect Purchaser Plaintiffs and the Damages Class are entitled to the amount of Defendants' ill-gotten gains resulting from their unlawful, unjust, and inequitable conduct. Commercial Indirect Purchaser Plaintiffs and the Damages Class are entitled to the establishment of a constructive trust consisting of all ill-gotten gains from which Commercial Indirect Purchaser Plaintiffs and the Damages Class may make claims on a pro rata basis.

75.    By engaging in the foregoing unlawful or inequitable conduct depriving Plaintiffs and the Damages Class of the opportunity to purchase lower-priced Granulated Sugar and forcing them to pay higher prices for Granulated Sugar during the Class Period, Defendants have been unjustly enriched in violation of the common law of

various States and Commonwealths set forth in the attached Addendum at Table 4, pages 94-114.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Commercial Indirect Purchaser Plaintiffs, on behalf of themselves and the proposed Class, incorporate by reference the Master Consolidated Complaint's Prayer for Relief, and separately, respectfully request judgment against Defendants, as follows:

A.    That the Court determine that this action may be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, appoint Commercial Indirect Purchaser Plaintiffs as Class Representatives and their counsel of record as Class Counsel, and direct that notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given to the Class, once certified;

B.    That the unlawful contract, combination, or conspiracy alleged herein be adjudged and decreed: (a) an unlawful combination, trust, agreement, understanding and/or concert of action in violation of the state antitrust and unfair competition and consumer protection laws as set forth herein; or, alternatively, (b) acts of unjust enrichment by Defendants as set forth herein;

C.    That Commercial Indirect Purchaser Plaintiffs and members of the Damages Class recover damages to the maximum extent allowed under the applicable state laws, and that a joint and several judgment in their favor be entered against Defendants in an amount to be trebled to the extent such laws permit;

D.      That Commercial Indirect Purchaser Plaintiffs and members of the Damages Class recover damages, to the maximum extent allowed by such laws, in the form of restitution and/or disgorgement of profits unlawfully obtained;

E.      That Commercial Indirect Purchaser Plaintiffs and members of the Damages Class be awarded restitution, including disgorgement of profits Defendants obtained as a result of their acts of unfair competition and acts of unjust enrichment, and the Court establish of a constructive trust consisting of all ill-gotten gains from which Commercial Indirect Purchaser Plaintiffs and members of the Damages Class may make claims on a pro rata basis;

F.      That Commercial Indirect Purchaser Plaintiffs and the Damages Class be awarded pre- and post- judgment interest as provided by law, and that such interest be awarded at the highest legal rate from and after the date of service of this Complaint;

G.      That Commercial Indirect Purchaser Plaintiffs and Class members recover their costs of suit, including reasonable attorneys' fees, expenses, and costs as provided by law; and

H.      That Commercial Indirect Purchaser Plaintiffs and the Classes be granted such other and further relief as the case may require and the Court may deem just and proper.

## X.      DEMAND FOR JURY TRIAL

Commercial Indirect Purchaser Plaintiffs, on behalf of themselves and all others similarly situated, hereby request a jury trial, pursuant to Federal Rule of Civil Procedure 38(b), on any and all claims so triable.

Dated: March 14, 2025

Respectfully submitted,
LOCKRIDGE GRINDAL NAUEN PLLP

*/s/ Heidi M. Silton*
Heidi M. Silton (MN #025759X)
Jessica N. Servais (MN #0326744)
Joseph C. Bourne (MN #0389922)
Antonia M. Konkoly (MN #0504377)
Michael J.K.M. Kinane (MN# 0504621)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com
amkonkoly@locklaw.com
mjkmkinane@locklaw.com


*/s/ Kimberly A. Justice*
Kimberly A. Justice
FREED KANNER LONDON & MILLEN LLC
923 Fayette Street
Conshohocken, PA 19428
(484) 234-6335
kjustice@fklmlaw.com

Matthew W. Ruan
Douglas A. Millen
Robert J. Wozniak, Jr.
FREED KANNER LONDON & MILLEN LLC
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
(224) 632-4500
mruan@fklmlaw.com
dmillen@fklmlaw.com
rwozniak@fklmlaw.com

***PSC Members and Co-Lead Counsel for the Commercial Indirect Purchaser Plaintiffs***

Shawn M. Raiter
LARSON · KING LLP
30 East Seventh Street, Suite 2800
St. Paul, MN 55101
(651) 312-6518
sraiter@larsonking.com

Michael J. Flannery
CUNEO GILBERT & LADUCA, LLP
Two City Place Drive
Second Floor
St. Louis, MO 63141
(314) 226-1015
mflannery@cuneolaw.com

David M. Cialkowski
ZIMMERMAN REED, LLP
1100 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
(612) 341-0400
david.cialkowski@zimmreed.com

Jon A. Tostrud
Anthony M. Carter
TOSTRUD LAW GROUP, P.C.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 278-2600
jtostrud@tostrudlaw.com
acarter@tostrudlaw.com

***Co-Lead Counsel for the Commercial Indirect
Purchaser Plaintiffs***