**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In Re: Granulated Sugar Antitrust Litigation     Case No. 24-md-3110 (JWB/DTS)

**PROTECTIVE ORDER**

This Document Relates To:
All Actions

The Court enters the following Protective Order, which shall apply to this MDL No. 3110 generally, all parties to this MDL No. 3110 and each and every action consolidated for pretrial proceedings herein (collectively, "the Parties," and each party individually, a "Party"), and to each and every action consolidated for pretrial proceedings herein, or which at any time may be transferred to, consolidated with, or otherwise joined with this MDL.

IT IS HEREBY ORDERED that any Person subject to this Protective Order—including without limitation the Parties to this Action, their representatives, agents, experts, and consultants, all third parties providing discovery in this Action, and all other interested Persons with actual or constructive notice of this Protective Order—shall adhere to the following terms.

I.  **Scope of this Protective Order.**

1. All materials produced or exchanged in the course of discovery including, but not limited to, initial disclosures, written responses to discovery requests, all Documents produced in discovery, all deposition testimony and exhibits, and other materials which may be subject to restrictions on disclosure for good cause

and information derived directly therefrom (hereinafter collectively "Discovery Material"), are subject to this Order as set forth below.

2. The protections conferred by this Protective Order on Discovery Material apply equally to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

3. Documents designated as Protected Material under this Protective Order shall not be used or disclosed, directly or indirectly, by the Parties, counsel for the Parties or any other Persons identified in Sections X and XI for any purpose whatsoever other than to prosecute or defend the Action, prepare for and to conduct discovery, to inform any settlement proceeding, and for trial in this Action, including any appeal thereof. Discovery Material obtained in this Action that is not designated as Protected Material need not be filed under seal in submissions to the Court, but shall not be used for any other purpose other than to prosecute or defend the Action, prepare for and to conduct discovery, to inform any settlement proceeding, and for trial in this Action, including any appeal thereof.

4. Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

5. Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing, subject to that Party following the procedures set forth herein, including sealing any such Protected Material, consistent with District of Minnesota Civil Local Rule 5.6.

6. Nothing in this Order shall abridge the right of any Party (including any natural person plaintiff or any employee or agent of a corporate entity plaintiff) to have their Outside Counsel discuss high-level summaries, characterizations, or general references to evidence in the case, including Protected Material, for the purpose of Outside Counsel providing legal advice.

**II.     Definitions.**

1. "Action" or "Actions" means the above-captioned litigation, *In Re: Granulated Sugar Antitrust Litigation*, Case No. MDL No. 24-3110 (JWB/DTS), which is currently pending in the United States District Court for the District of Minnesota, and includes any and all related actions transferred by the Judicial Panel for Multidistrict Litigation for coordination, pending such transfer (including but not limited to "tag-along" actions), and that may be transferred in the future, and all actions originally filed herein.

2. "Designating Party" means any Party or non-party that has a valid confidentiality interest in Discovery Material and designates such Discovery Material as Protected Material in accordance with this Protective Order.

3. "Document" has its broadest meaning consistent with Federal Rule of Civil Procedure 34 and includes both ESI and paper or hard copy documents.

4. "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

5. "Objecting Party" means any Party or non-party that objects to the designation of Protected Material as inconsistent with the terms of this Protective Order.

6. "Party" (plural, "Parties"), as defined above, means any party to this Action, including all of a Party's officers, directors, employees, retained experts, and outside counsel and their support staffs.

7. "Person" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, board members, officers, employees, agents, attorneys, and representatives.

8. "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this Action.

9. "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as provided for in this Protective Order.

10. "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

### III. "Confidential" Defined.

1. Any Party or non-party producing Discovery Material shall have the right to designate any Discovery Material as "CONFIDENTIAL" if the Producing Party reasonably and in good faith believes the Discovery Material: contains (a) confidential or proprietary business, commercial, research, product, or financial content belonging to or in the possession, custody, or control of the Producing Party; (b) any Person's private or confidential personal

      information (including, but not limited to medical information, psychiatric records, employment records, credit card or banking information); (c) information received in confidence from third parties; or (d) information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2. Public records and other information or Documents that are publicly available may not be designated CONFIDENTIAL.

### IV. "Highly Confidential" Defined.

1. Any Party or non-party producing Discovery Material shall have the right to designate any Discovery Material as "HIGHLY CONFIDENTIAL" if the Producing Party reasonably and in good faith believes that the Discovery Material is so competitively sensitive that:

    (a) it is the subject of reasonable efforts to maintain its secrecy;

    (b) it is sufficiently valuable and confidential to afford a potential or actual advantage over others; or

    (c) its disclosure to existing or potential competitors or customers is likely to cause injury to the business, commercial, competitive, or financial interests of the Producing Party.

2. Public records and other information or Documents that are publicly available may not be designated HIGHLY CONFIDENTIAL.

### V. Designation of Documents.

The Parties will follow the processes for designating Discovery Material as Confidential and Highly Confidential laid out in the Order Regarding the Discovery of

Electronically Stored Information and Hard Copy Documents (ECF No. 342) ("ESI Order").

VI. **Designation of Deposition Transcripts.**

With respect to deposition transcripts, a Producing Party (or their counsel of record) may designate a portion as Confidential or Highly Confidential, as authorized under this Protective Order, either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after receipt of the final transcript (or such other time as may be agreed to in writing by the Parties), of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated as Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for applying the appropriate designation(s) to the copies of the applicable transcript or exhibit (as the case may be) in their possession or under their control as directed by the Producing Party (or their counsel of record). During this 30-day period following receipt of the final transcript, the entire deposition transcript will be treated as Highly Confidential.

VII. **Designation After Production.**

The inadvertent failure to designate qualified information does not waive the Designating Party's right to secure protection under this Order for such material. If at any time prior to the exchange of objections to trial exhibit lists in this Action, the Producing Party determines that the Discovery Material identified as an exhibit was inadvertently produced without being designated as Confidential or Highly Confidential or that the Discovery Material was produced with an incorrect designation, the Producing Party may

6

designate or amend the designation of the Discovery Material by: (a) apprising all prior recipients of the Discovery Material in writing within seven (7) days of identifying such inadvertent disclosure or incorrect designation; and (b) providing the appropriate designation, in compliance with the provisions of Section III or IV and this Order, as appropriate; and (c) complying with the ESI Order.

### VIII. Designated Discovery Material.

Any recipient of any Designated Discovery Material may use such Designated Discovery Material solely for the prosecution and defense of this action, to prepare for and to conduct discovery, to inform any settlement proceeding, and for trial in this Action, and any appeals thereto, and specifically (and by way of example and not limitation) shall not use Designated Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of a Person to use or disclose information or material obtained independently and not through or pursuant to the Federal Rules of Civil Procedure.

### IX. Standard of Care for Protected Material.

Each Person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all reasonable precautions to prevent its unauthorized or inadvertent disclosure. The recipient of any Protected Material that is produced under this Order shall maintain such Protected Material in a secure and safe area and shall exercise reasonable care over such Protected Material as with respect to its own Protected Material.

**X.     Disclosure of Confidential Discovery Material.**

No Person subject to this Protective Order, other than the Producing Party, shall disclose any of the Discovery Material designated by a Producing Party as Confidential to any Person, except the following:

1. The Parties to this Action, including the Party's current or former employees, officers, or directors, provided that disclosure is limited to the portion of any Confidential Discovery Material that counsel has a good-faith basis for believing is relevant to events, transactions, discussions, communications, or data about which the individual Party or current or former employee, officer, or director has knowledge; and that such Party, or current or former employee, officer, or director has completed the certification contained in Attachment A (Acknowledgment and Agreement to Be Bound);

2. named class representatives, to the extent reasonably necessary for the named plaintiff's participation in the case as determined in good faith by the plaintiff's Outside Counsel, provided the named plaintiff has completed the certification contained in Attachment A (Acknowledgment and Agreement to Be Bound);

3. as to any Document: (i) its author, (ii) any addressees or any Person indicated on the face of the Document as having received a copy, or (iii) any witness who a Party's counsel in good faith believes reviewed or had personal knowledge of the Document;

4. the Parties' insurers and counsel to their insurers, provided such insurer or counsel to insurer executed an Acknowledgment and Agreement to be Bound in the form annexed as Exhibit A hereto;

5. counsel retained specifically for this Action, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter ("Outside Counsel");

6. in-house counsel for the Parties, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter ("In-House Counsel");

7. outside vendors or service providers (such as copy-service providers, document-review providers, eDiscovery providers and consultants, document-management consultants, graphic production service providers, or other litigation support service providers) that a Party or Outside Counsel hire and assign to this matter, including computer service personnel performing duties in relation to a document-review system or eDiscovery platform, provided such vendor or provider has first executed an Acknowledgement and Agreement to be Bound in the form annexed as Exhibit A hereto;

8. any mediator, arbitrator, or special master that the Parties engage or that this Court appoints in this Action, provided such Person has first executed an Acknowledgement and Agreement to be Bound in the form annexed as Exhibit A hereto;

9

9. any Person retained by a Party or Outside Counsel to serve as an expert witness or otherwise provide specialized advice to Outside Counsel in connection with this Action including their staff, provided such Person has first executed an Acknowledgement and Agreement to be Bound in the form annexed as Exhibit A hereto;

10. any professional jury or trial consultants retained in connection with this litigation, provided such Person has first executed an Acknowledgement and Agreement to be Bound in the form annexed as Exhibit A hereto;

11. stenographers engaged to transcribe or videographers engaged to record depositions conducted in this Action;

12. this Court, including any appellate court, jurors, and the court reporters and support personnel for the same; and

13. other Persons agreed to in writing by the Producing Party, but such consent shall not be unreasonably withheld, or upon order of the Court and on such conditions as may be agreed or ordered.

**XI.    Disclosure of Highly Confidential Discovery Material.**

No Person subject to this Protective Order, other than the Producing Party, shall disclose any of the Discovery Material designated by a Producing Party as Highly Confidential to any Person, except the following:

1. The individuals identified in Section X, paragraphs (4), (5), and (7) through (13);

2. as to any Document, (i) its author, (ii) its addressees or any Person indicated on the face of the Document as having received a copy, (iii) any

Person identified in the Document whose conduct or communications are substantially described within the Document, provided review is limited to that portion of the Document relating to such conduct or communications and such additional portions of the document reasonably necessary to provide appropriate context; or (iv) any witness who a Party's counsel in good faith believes reviewed or had personal knowledge of the Document.

XII.     **Agreements to be Bound.**

Prior to any disclosure of any Protected Material to any Person required to execute an Acknowledgement and Agreement to be Bound under this Protective Order, such Person shall be provided by counsel with a copy of this Order and shall sign an Acknowledgement and Agreement to be Bound in the form annexed as Exhibit A hereto stating that that Person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Acknowledgement and Agreement to be Bound in their files and affirm to Opposing counsel that such signed Agreement has been obtained upon request.

XIII.    **Filing Protected Material.**

While an Action is in the District of Minnesota, the Parties shall comply with District of Minnesota Civil Local Rule 5.6, including without limitation its provisions for filing under temporary seal, contemporaneous filing of redacted versions of sealed documents, and its requirements for the submission of a joint motion regarding continued sealing. Following transfer to another District, the Parties shall continue to comply with the provisions of Local Rule 5.6, unless the District to which the Action has been transferred has its own Local Rule providing for filings under seal, or if the Judge to whom

the case is transferred issues an Order regarding sealed filings, in which event the Parties shall comply with the operative Local Rule or Order.

### XIV. Use of Protected Material at Hearings.

Nothing in this Order shall be construed to limit the use of any document(s) at any hearing provided that the Parties take necessary advanced precautions to avoid the public disclosure of Protected Material. A Party that intends to present another Party's Protected Material at a hearing shall, when practicable, bring that issue to the Court's and the Parties' attention sufficiently in advance of the proceeding without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such documents at hearings. If a Party or Non-Party desires to limit the disclosure of Protected Material at trial, the issue should be addressed during the pre-trial conference.

### XV. Challenging Confidentiality Designations.

A Party challenging the designation of Confidential or Highly Confidential (the "Challenging Party") must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated Document, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Producing Party must respond to the challenge within ten (10) days of the meet and confer. If the Parties are unable to resolve the challenge through the meet and confer process, the Challenging Party may seek resolution with the Court, consistent with District of Minnesota Civil Local Rule 37.1.

XVI. **Disclosure of Confidential Discovery Material in Response to a Subpoena or Other Compulsory Process.**

Nothing in this Protective Order will prevent any Person from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce it by law or by any government agency having jurisdiction and authority to compel production; provided, however, that the recipient of such a subpoena or other request shall immediately provide written notice to the Producing Party, and shall do so before disclosure, and, if permitted by the time allowed under the request, at least ten (10) days before disclosure.  If ten days' notice is not allowed under the subpoena or other compulsory process or demand as issued, the Receiving Party shall in good faith seek additional time from the subpoenaing or demanding party.  Upon receiving such notice, the Producing Party will have the right to oppose the recipient's compliance with the subpoena, other compulsory process, or other legal demand if the Producing Party deems it appropriate to do so.

XVII. **Redaction of Personally Identifying Information in Discovery Material.**

A Producing Party may redact any PHI or PII appearing in Discovery Material. To the extent that a Producing Party chooses not to redact PHI or PII, and the Person receiving such PHI or PII experiences a data breach, the receiving Person shall promptly notify the Producing Party of such data breach and the Producing Party and receiving Person shall work cooperatively and in good faith to jointly address and remedy the breach.

XVIII. **Unauthorized Disclosure of Protected Material.**

13

If a Receiving Party learns that any Person not authorized under this Protective Order has obtained Protected Material, the Receiving Party must promptly (a) notify the Producing Party in writing; and (b) use reasonable efforts to retrieve all unauthorized copies of the Protected Material. In addition, and if feasible, the Receiving Party must use reasonable efforts to promptly obtain the signatures of such Persons to the Acknowledgement and Agreement to be Bound attached as Exhibit A to this Protective Order, the execution of which will be retroactively binding on the Person who obtained Protected Material.

### XIX. Limitations on Waiver of Privilege.

1. **Clawback of Inadvertent Disclosure**. This Order is entered, *inter alia*, pursuant to Federal Rule of Evidence 502(d). If a Producing Party produces or otherwise discloses information in connection with these Actions thereafter claims that such information is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding. By entering this Protective Order, the Court intends to provide the maximum protection allowed by Rule 502(d).

    (a) **Assertion of a Clawback.** A Producing Party may request, in writing, the return of any Disclosed Protected Information by identifying it and

stating the basis for withholding such material or information from production. The Producing Party must also provide a privilege log explaining the basis for the assertion of the privilege within seven (7) days of asserting a clawback.

**(b) Clawbacks before Deposition**. To the extent a Party believes a clawback made prior to a scheduled deposition impacts that deposition, the Parties will meet and confer and a Party may seek guidance from the Court if the meet and confer does not reach a successful resolution.

**(c) Clawback Process**. Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of Disclosed Protected Information.

  i. If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more Parties, the Receiving Party—unless it contests the claim of attorney-client privilege or work product protection in accordance with Section XIX, paragraph (1)(d)—shall immediately and no later than five (5) days of receipt of written notice:

1) destroy or return to the Producing Party the Disclosed Protected Information and all copies thereof, and

2) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.

**(d) Challenging a Clawback**. If a Receiving Party seeks to challenge a Producing Party's clawback, the Receiving Party shall notify the

15

        Producing Party within ten (10) days of receipt of the privilege log describing the clawed back document, that it wishes to challenge the claim of privilege or work product protection. Nonetheless, the Challenging Party must immediately, and no later than within five (5) days of receipt of written notice of the clawback, sequester the Disclosed Protected Information and not review or use the Disclosed Protected Information for any reason until the challenge is resolved. The Parties agree to meet and confer regarding the claim of privilege or work product. If, at the conclusion of the meet and confer process, the Parties are still not in agreement, the Parties may bring the issue to the Court. For any such filing, the Disclosed Protected Information at issue shall be filed under seal pursuant to District of Minnesota Civil Local Rule 5.6.

    **(e)** Disclosed Protected Information that is sought to be reclaimed by the Parties to these Actions pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in these Litigations.

    **(f)** Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed Protected Information.

2. Where a Party agrees to or is ordered to destroy a clawed back document, the Party must instruct their e-discovery vendor to delete the document entirely from their e-discovery database and delete other copies of the clawed back document. To the extent that it is not technologically feasible

> for a Receiving Party to destroy a clawed back document (for example, if the clawed back document is part of a production provided on read-only production media such that the clawed back document cannot be destroyed without destroying the entire production media), the Parties will meet and confer as to an acceptable alternative approach.
>
> 3. **Receiving Party's Obligation**. Without waiving the ability to challenge a clawback under this Order, a Party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or Producing Party. A Party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

XX. **Assertions of Privilege and Privilege Logs.**

The Parties will follow the processes for claiming privilege or work product protection, and for exchanging privilege logs, as laid out in the ESI Order.

XXI. **Duration of this Protective Order.**

This Order shall remain in full force and effect upon transfer of any Action consolidated within MDL No. 3110, subject to the authority of the Court receiving the transferred action to modify this Order, in whole or in part, as it pertains to the individual action so transferred. Subject to the authority of any court to which an Action is transferred, this Protective Order shall survive the termination of this Litigation. Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of the Litigation by settlement or exhaustion of all appeals, all Parties in receipt of Protected Material shall use reasonable efforts to either return such

materials and copies thereof to the Producing Party or destroy such Protected Material and certify that fact in writing.  The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order and destroyed in due course.  Counsel for the Parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports, communications, and attorney work product that contain or refer to Protected Material, provided that such counsel and employees of such counsel shall not disclose such Protected Material to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

**XXII.  Large Language Models / Generative AI Tools.**

All Parties shall take commercially reasonable steps to prevent unauthorized access to Protected Material, including when using generative AI tools or large language models.  Absent notice to and permission from the Producing Party, any person or entity with access to Protected Material under the terms of this Order shall not use Protected Material in advanced AI tools or similar applications (*e.g.*, OpenAI GPT, ChatGPT, Google Bard, Meta LLAMA, MidJourney, DALL-E, and Stable Diffusion) that

18

allow use of inputs to train the AI model or for commercial purposes (*i.e.*, sales or advertising) that do not adhere to cybersecurity best practices and administrative controls to prevent unauthorized access. Feeding Protected Material into such an AI tool constitutes unauthorized disclosure and is a violation of this Protective Order.

**XXIII. Violations.**

This Court shall retain jurisdiction over all Persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder.

**XXIV. Additional Parties.**

In the event a new Party is added, substituted, or otherwise brought into this Action, this Order will be binding on and inure to the benefit of the new Party.

Dated: March 17, 2025                                __s/ David T. Schultz_____
                                                     DAVID T. SCHULTZ
                                                     United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In Re: Granulated Sugar Antitrust Litigation     Case No. 24-md-3110 (JWB/DTS)

**EXHIBIT A**
**ACKNOWLEDGEMENT AND**
**AGREEMENT TO BE BOUND**

I, _____, acknowledge that I have read and understand the Protective Order governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential in this Action ("Protected Material"). I agree that I will not disclose such Protected Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it or, upon permission of that party or attorney, destroy such information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for District of Minnesota for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____