# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Granulated Sugar Antitrust Litigation | MDL No. 24-3110 (JWB/DTS) |
| This Document Relates to:<br><br>ALL ACTIONS | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT LOUIS DREYFUS COMPANY LLC'S
MOTION TO DISMISS PLAINTIFFS' MASTER CONSOLIDATED
AND SHORT FORM COMPLAINTS**

July 11, 2025

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT......................................................................................................................... 1

    I.      PLAINTIFFS ALLEGE NO WELL-PLED, NON-CONCLUSORY FACTS TYING LDC TO THE ALLEGED CONSPIRACY. .................................... 1

    II.    PLAINTIFFS FAILED TO PLEAD PERSONAL JURISDICTION. ........... 4

    III.  PLAINTIFFS' CLAIMS AGAINST LDC SHOULD BE DISMISSED WITH PREJUDICE. ................................................................................... 6

CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................................................... 2

*Creative Calling Sol'ns v. LF Beauty*,
799 F.3d 975 (8th Cir. 2015) ......................................................................... 5

*Hawkeye Gold v. China Nat'l Materials*,
89 F.4th 1023 (8th Cir. 2023) ....................................................................... 5

*In re Genetically Modified Rice*,
576 F. Supp. 2d 1063 (E.D. Mo. 2008)......................................................... 5

*In re TFT-LCD*,
586 F. Supp. 2d 1109 (N.D. Cal. 2008) ........................................................ 3

*McDonough v. Anoka*,
799 F.3d 931 (8th Cir. 2015) ......................................................................... 2

*Porous Media v. Pall*,
186 F.3d 1077 (8th Cir. 1999) ....................................................................... 4

*Rivera v. Bank of Am.*,
993 F.3d 1046 (8th Cir. 2021) ....................................................................... 6

*Viasystems v. EBM-Papst St. Georgen*,
646 F.3d 589 (8th Cir. 2011) ......................................................................... 5

*Watkins v. Algoa Corr. Facility*,
2022 WL 452476 (W.D. Mo. Feb. 14, 2022) ............................................... 3

**Statutes & Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................. 4

Louis Dreyfus Company LLC ("LDC") joins Defendants' Joint Reply, and submits this Reply in further support of LDC's Motion (Dkt. 379).

## PRELIMINARY STATEMENT

Plaintiffs' Opposition (Dkt. 404) reinforces the Complaints' deficiencies as to LDC.  Plaintiffs now attempt to walk away from (1) Wistisen and Commodity, despite having alleged them to be the "Mechanism of Information Exchange" and "crucial" hub of the alleged conspiracy (MCC ¶¶66-71) and (2) DOJ's Findings of Fact, despite having quoted them (*id.* ¶¶163-65), made allegations based on their exhibits (*e.g.*, *id.* ¶¶58, 86-120, 124-25, 127-28, 131-32, 150, 152-53, 163-65) and relied on them to claim discovery-based tolling (*id.* ¶224).  Plaintiffs' attempt to draw LDC into this case, by contorting a handful of allegations unrelated to the conspiracy they otherwise allege, is inadequate and implausible.  Further, Plaintiffs' new unpled allegations remain insufficient to establish personal jurisdiction over LDC in the cases underlying this MDL.  The Complaints against LDC should be dismissed with prejudice given Plaintiffs' inability to allege facts tying LDC to the alleged conspiracy, despite access to thousands of pages of discovery and multiple opportunities to amend.

## ARGUMENT

**I.    PLAINTIFFS ALLEGE NO WELL-PLED, NON-CONCLUSORY FACTS TYING LDC TO THE ALLEGED CONSPIRACY.**

Plaintiffs still point to no facts to allege LDC had a single communication with Wistisen or Commodity.  Instead, Plaintiffs attempt to recharacterize the alleged conspiracy as stretching "beyond Wistisen and Commodity" (Opp. 7), by pointing to a

single email chain with a non-defendant broker, entirely unrelated to Wistisen and Commodity (MCC ¶89).  Plaintiffs do not allege any facts sufficient to plead that the information in that email came from another Defendant or was non-public, or that there was any illicit agreement among Defendants to use this broker (or any broker for that matter), as opposed to Mr. Wistisen, to conspire.  (*See* Mem. 5-6.)  Instead, Plaintiffs merely point to conclusory statements (MCC ¶¶81, 89) "not entitled to the assumption of truth".  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  Plaintiffs' say-so falls short of the specific factual allegations necessary to tie LDC to the alleged conspiracy.

Likewise, the Opposition cannot cure fundamental pleading defects by pointing to a handful of unrelated allegations.  Plaintiffs allege Wistisen or other Defendants shared Imperial's "pricing information" (Opp. 3, 7), but nothing in the pleadings suggests the information came from LDC, was non-public or was related to Granulated Sugar rather than Raw Sugar (MCC ¶¶91, 114; *see* Mem. 6-7).  Plaintiffs allege Imperial considered #16 prices (Opp. 3, 7-8 (citing MCC ¶133)), but those prices are public, and consulting the futures market—which exists to protect consumers as well as producers and merchants—for pricing is consistent with rational, independent and competitive decision-making (*see* Mem. 6-7).  Contrary to Plaintiffs' suggestion (Opp. 3), association membership, trade-meeting attendance and friendship also fail to connect LDC to the alleged conspiracy.  *See McDonough v. Anoka*, 799 F.3d 931, 946 (8th Cir. 2015) ("Courts should consider whether there are lawful, 'obvious alternative explanation[s]' for the alleged conduct." (quoting *Iqbal*, 556 U.S. at 682)).  The Opposition also does not

2

cure Plaintiffs' failure to impute these insufficient Imperial-related allegations to LDC. (*See* Mem. 12-13.)[1]

With a dearth of LDC-specific allegations, Plaintiffs argue group pleading is sufficient to claim conspiracy or allege "plus factors" as to LDC. (Opp. 5, 8-9.) That is wrong. (*See* Mem. 4, 9-10.) Even Plaintiffs' out-of-circuit case is clear that Plaintiffs must plead "allegations *specific to each defendant* alleging that defendant's role in the alleged conspiracy". *In re TFT-LCD*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (emphasis added).[2]

Contrary to Plaintiffs' stock suggestion that they need not plead LDC-specific allegations because Defendants may uniquely possess evidence, Plaintiffs have access to ample discovery. As Plaintiffs highlight (MCC ¶224), DOJ's Proposed Findings, which cite and summarize over 85 exhibits used in *United States v. U.S. Sugar*, No. 1:21-cv-01644-MN (D. Del.) ("DOJ Trial"), and over 50 such exhibits, filed in *United States v. U.S. Sugar*, No. 22-2806 (3d Cir.), are publicly available. Plaintiffs possess 1,949 pages across 101 documents, including over 1,700 pages of exhibits, demonstratives and trial transcripts. Plaintiffs, having quoted from such discovery, none of which connects LDC to the alleged conspiracy, cannot claim lack of discovery as a fig-leaf to justify failure to plead.

---

[1] In addition, the entire alleged conspiracy is itself inadequately pled and implausible for the reasons described in Defendants' joint memoranda.

[2] Plaintiffs' out-of-district case is also clear that "collective allegations must still state a plausible claim for relief". *Watkins v. Algoa Corr. Facility*, 2022 WL 452476, at *2 (W.D. Mo. Feb. 14, 2022).

Ultimately, it is telling that Plaintiffs now urge the Court not to consider DOJ's

Proposed Findings (Opp. 9).  In Plaintiffs' words, they "relied substantially" on the DOJ

Trial's evidentiary record (*id.*), but now attempt to distance themselves from DOJ's

Proposed Findings, which summarize that very record and which Plaintiffs incorporated

by reference into their Complaints.  Plaintiffs' citation makes clear that, of course, the

Court may consider materials "necessarily embraced by the pleadings".  *Porous Media v.*

*Pall*, 186 F.3d 1077, 1079 (8th Cir. 1999).  The Court should consider DOJ's Proposed

Findings as to Imperial, including DOJ's conclusion that "***there is no evidence that***

***Imperial has had any discussions with competitors through Mr. Wistisen or any other***

***go-between***".  (*See* Mem. 7-8.)[3]

## II.  PLAINTIFFS FAILED TO PLEAD PERSONAL JURISDICTION.

The Opposition also fails to cure the Complaints' pleading defects regarding

personal jurisdiction over LDC.[4]  *First*, because of the pleading defects discussed above,

the Court should dismiss the Complaints under FRCP 12(b)(6), and need not reach the

---

[3] Moreover, the Statement of Interest DOJ filed in this MDL (Dkt. 415) does not address arguments in LDC's individual motion.  If anything, it expressly avoids taking a position on the argument that "the complaint fails to show that some of the Defendants participated in the information exchange".  *Id.* 14 n.6.

[4] Contrary to Plaintiffs' representation otherwise (Opp. 10 n.4), Plaintiffs have not filed a Short-Form Complaint on all PACER dockets.  *See, e.g.*, *Madison Pizza*, No. 3:24-cv-00257 (W.D. Wis.), No. 0:24-cv-02351 (D. Minn.); *Wood Ranch Moorpark et al.*, No. 3:24-cv-00818 (S.D. Cal.), No. 0:24-cv-02339 (D. Minn.).

4

issue of personal jurisdiction in the transferor courts.[5]  *Second*, the new allegations

Plaintiffs raise in their Opposition (Opp. 11-19) highlight the Complaints' insufficient

pleading and do not cure that failure as to LDC.[6]

Plaintiffs attempt to impute Imperial-related personal-jurisdiction-related

allegations to LDC by relying on *In re Genetically Modified Rice*, 576 F. Supp. 2d 1063

(E.D. Mo. 2008).  The Eighth Circuit, however, rejected *Rice*'s "agency theory" of

jurisdiction, holding an alter ego theory viable only if the "parent so controlled and

dominated the affairs of the subsidiary that the latter's corporate existence was

disregarded".  *Viasystems v. EBM-Papst St. Georgen*, 646 F.3d 589, 596 (8th Cir. 2011);

*Hawkeye Gold v. China Nat'l Materials*, 89 F.4th 1023, 1034 (8th Cir. 2023).[7]  Even

under *Rice*, Plaintiffs do not allege that LDC and Imperial used the same name or logo or

marketed themselves as a unified entity, or that "[w]ithout the existence of one, the other

lacks a key aspect of its essential make-up", and do not establish that Imperial was "a

mere instrumentality or adjunct of" LDC.  576 F. Supp. 2d at 1068, 1072-75.

---

[5] *See also Creative Calling Sol'ns v. LF Beauty*, 799 F.3d 975, 979 (8th Cir. 2015)
("[P]laintiff ... must establish jurisdiction by a preponderance of the evidence at trial or
when the court holds an evidentiary hearing.").

[6] Contrary to Plaintiffs' suggestion (Opp. 10 n.5), the Complaints' jurisdictional
allegations are specific to neither LDC nor pre-2022 Imperial (*see* Mem. 9 n.7).

[7] Moreover, Plaintiffs provide no suggestion or authority that *Rice*'s test applies in the
underlying states.

III.    **PLAINTIFFS' CLAIMS AGAINST LDC SHOULD BE DISMISSED WITH PREJUDICE.**

Plaintiffs possess nearly 2,000 pages from the DOJ Trial record and have filed multiple rounds of complaints yet fail to allege facts sufficient to state a claim against LDC.  Further repleading would be futile (*see* Mem. 3-4), and Plaintiffs' Complaints against LDC should be dismissed with prejudice, as Plaintiffs fail to explain how amendment could save their meritless claims against LDC.  *See Rivera v. Bank of Am.*, 993 F.3d 1046, 1051 (8th Cir. 2021).

## CONCLUSION

For these reasons and those in LDC's opening memorandum and Defendants' joint memoranda, all claims against LDC should be dismissed with prejudice.

Dated:  July 11, 2025

Respectfully submitted,

*s/   Timothy G. Cameron*
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Michael P. Addis (*pro hac vice*)
maddis@cravath.com
Jesse M. Weiss (*pro hac vice*)
jweiss@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, NY 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*s/   Tara C. Norgard*
Tara C. Norgard (MN #0307683)
tnorgard@carlsoncaspers.com
Mitchell R. Williams (MN #0401939)
mwilliams@carlsoncaspers.com
**CARLSON CASPERS VANDENBURGH & LINDQUIST, PA**
225 So. Sixth Street, Suite 4200
Minneapolis, MN 55402
Telephone:  (612) 436-9600
Facsimile:  (612) 436-9605

***Counsel for Defendant***
***Louis Dreyfus Company LLC***