UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: GRANULATED SUGAR ANTITRUST LITIGATION | Case No. 24-md-03110 (JWB/DTS) |
| This Document Relates To:<br><br>All Actions | **PLAINTIFFS' SURREPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS** |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 1
II. ARGUMENT .......................................................................................................... 1
    A. Plaintiffs Agree with the DOJ That They Plausibly Allege Concerted Action. ........................................................................................................ 1
    B. Plaintiffs Also Agree with the DOJ That the "Invitation" and "Acceptance" Framework is an Alternative Way to Establish Concerted Action. .............. 3
    C. Defendants Misstate the Law and Misconstrue the Pleadings in Response to the DOJ Statement. ............................................................................... 5
    D. Defendants Mischaracterize the Arguments and Rulings from the Merger Case in Attacking the DOJ's Statement of Interest. ...................................... 8
    E. Defendants' Other Arguments Also Fail. ......................................................... 9
III. CONCLUSION ...................................................................................................... 10

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................. 9

*Catalano, Inc. v. Target Sales, Inc.*,
    446 U.S. 643 (1980) ............................................................................................................. 3

*In re Auto. Parts Antitrust Litig.*,
    No. 12-md-02311, 2014 WL 4274784 (E.D. Mich. Aug. 29, 2014) ............................... 9

*In re Loc. TV Advert. Antitrust Litig.*,
    No. 18 C 6785, 2020 WL 6557665 (N.D. Ill. Nov. 6, 2020) ........................................... 4

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
    No. 05-md-1720 (MKB), 2022 WL 14865281 (E.D.N.Y. Oct. 26, 2022) ...................... 4

*In re Pork Antitrust Litig.*, (*"Pork II"*),
    No. 18-cv-1776 (JRT/JFD), 2025 WL 1224694 (D. Minn. Apr. 28, 2025) ........... *passim*

*In re SSA Bonds Antitrust Litig.*,
    No. 16-cv-3711 (ER), 2018 WL 4118979 (S.D.N.Y. Aug. 28, 2018) ............................ 9

*Interstate Circuit v. United States*,
    306 U.S. 208 (1939) ............................................................................................................. 3

*Reiter v. Sonotone Corp.*,
    442 U.S. 330 (1979) ............................................................................................................. 4

*Todd v. Exxon Corp.*,
    275 F.3d 191 (2d Cir. 2001) ............................................................................................... 6

*United States v. U.S. Sugar Corp.*,
    No. 21-1644, 2022 WL 4544025 (D. Del. Sept. 28, 2022) ............................................. 8

*United States v. Container Corp.*,
    393 U.S. 333 (1969) ............................................................................................................. 6

*United States v. Masonite Corp.*,
    316 U.S. 265 (1942) ................................................................................................. 3

I.  **INTRODUCTION**

The U.S. Department of Justice's ("DOJ") Statement of Interest ("Statement") (ECF No. 415) provides even more reason to deny Defendants' Joint Motion to Dismiss. The DOJ is correct that Plaintiffs, in Count II of their Master Consolidated Complaint ("MC"), plausibly plead concerted action for purposes of their Sherman Act Section 1 information exchange claim under the rule of reason, to which the DOJ Statement is limited.

Plaintiffs allege, in detail, Defendants' repeated exchanges of current and forward-looking data on pricing, sold positions, and crop yields through third-party intermediaries. The DOJ is also correct that neither direct interfirm communications nor parallel conduct and plus factors are necessary to plausibly plead concerted action under the rule of reason. In response, Defendants misstate the rule of reason analysis in *Pork II*,[1] misconstrue Plaintiffs' pleadings, and misapply the cases discussed in the DOJ Statement. Defendants also improperly point to the merger proceedings, which are not binding here.[2] Defendants' Joint Motion to Dismiss should be denied.

II.  **ARGUMENT**

   A.  **Plaintiffs Agree with the DOJ That They Plausibly Allege Concerted Action.**

As the DOJ explains, Plaintiffs adequately plead concerted action in support of their information exchange claim under the rule of reason. DOJ Statement at 12. Concerted

---

[1] *In re Pork Antitrust Litig.*, No. 18-cv-1776 (JRT/JFD), 2025 WL 1224694 (D. Minn. Apr. 28, 2025) ("*Pork II*"). Defendants refer to this opinion as "*Pork III*."

[2] Transcript of Status Conference at 18:21–25, *In re Granulated Sugar Antitrust Litig.*, No. 24-md-3110 (JWB/DTS) (D. Minn. Aug. 20, 2024) ("Status Conf. Tr.").

1

action is merely a way to explain the "array" of contracts, combinations, or conspiracies that are prohibited under Section 1 of the Sherman Act, whether under the *per se* rule or the rule of reason. *Id.* at 8–10. A Section 1 "violation can be shown with (1) direct evidence of a conspiracy or circumstantial evidence of parallel conduct and plus factors, *or* (2) evidence of an information exchange evaluated under the rule of reason." *Pork II*, 2025 WL 1224694, at *14 (emphasis added).

Plaintiffs' Complaints are abundant with allegations of direct and circumstantial evidence that plausibly plead concerted action under the rule of reason. Plaintiffs allege that the Sugar Producing Defendants "knowingly and intentionally" shared real-time, "non-public, competitively sensitive information," including firm-specific current and "forward-looking" information on "pricing, crop size and yield, and sold position information" through Mr. Wistisen and "other conduits" with an understanding that these conduits would disseminate the information, often "within minutes," among other Sugar Producing Defendants. *See, e.g.*, MC (ECF No. 332) ¶¶ 63, 68, 74–75, 78, 80–81, 83–85, 87–89, 95. As the DOJ recognizes, "[t]he complaint provides examples of specific exchanges." DOJ Statement at 3. Plaintiffs also allege that, but for the conspiracy, such an information exchange is against each Sugar Producing Defendant's unilateral self-interest. *See* MC ¶¶ 8–9, 63, 71, 122. Simply put, Defendants' anticompetitive "give to get" information exchange is one illegal lever of the concerted action Plaintiffs allege. *See id.* ¶ 6.

2

### B. Plaintiffs Also Agree with the DOJ That the "Invitation" and "Acceptance" Framework is an Alternative Way to Establish Concerted Action.

As mentioned above, concerted action can be established in multiple ways. *Supra* at 1–2. This includes the parallel conduct and plus factors framework, but—as the DOJ correctly notes—also includes the "invitation" and "acceptance" framework discussed by the Supreme Court in *Interstate Circuit v. United States*, 306 U.S. 208 (1939). Nevertheless, Defendants imply that *Interstate Circuit* and *United States v. Masonite Corp.*, 316 U.S. 265 (1942) restrict the "invitation" and "acceptance" framework to price-fixing claims. *See* Defendants' Joint Reply at 27 (ECF No. 424) ("Reply") (arguing that because the DOJ cited cases involving price fixing, the "invitation" and "acceptance" framework cannot be extended to information exchange claims). Defendants contend that "even if there were an 'invitation' from Mr. Wistisen, and 'acceptance' by the Sugar Defendants to exchange pricing information, it is not a 'necessary consequence' that any such agreement would restrain trade." *Id*. But neither the DOJ nor Plaintiffs claimed that an "invitation" and "acceptance" alone is sufficient to allege a *prima facie* information exchange claim. All parties acknowledge that a claim analyzed under the rule of reason requires additional allegations of resulting anticompetitive effects, which Plaintiffs allege.[3] MC ¶¶ 72–82, 136–39.

---

[3] By contrast, in a *per se* case, anticompetitive effects are "conclusively presumed" and need not be expressly alleged to be a necessary consequence of the concerted action, as a matter of law. *Catalano, Inc. v. Target Sales, Inc.*, 446 U.S. 643, 650 (1980).

Here, Plaintiffs allege the information exchange resulted in higher prices, which are "quintessential" anticompetitive effects under the rule of reason, *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-md-1720 (MKB), 2022 WL 14865281, at *15 (E.D.N.Y. Oct. 26, 2022), as much as they are the "quintessential antitrust injury" for a *per se* violation. *In re Loc. TV Advert. Antitrust Litig.*, No. 18 C 6785, 2020 WL 6557665, at *5 (N.D. Ill. Nov. 6, 2020). Likewise, there is no logical reason to presume that the "invitation" and "acceptance" framework is limited to price-fixing conspiracies or even to a broader class of *per se* violations.

Defendants resort to arguing that Plaintiffs must allege some type of *formal* invitation or the magical words "invitation" and "acceptance." *See* Reply at 25–26. Plaintiffs' allegations do reflect "invitation" and "acceptance" and are otherwise consistent with the reasoning of *Interstate Circuit* and *Masonite*, despite not using the precise terminology. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 341 (1979) ("The language of an opinion is not always to be parsed as though we were dealing with language of a statute."). Plaintiffs repeatedly allege that Wistisen and other conduits invited the exchange of information, asking, for example, "[a]nything new of interest on the pricing front?" MC ¶¶ 95–96; *see also, e.g.*, *id.* ¶¶ 87–88 (Wistisen asking ASR/Domino for information about refined sugar prices and coverage and promising information in return); *id.* ¶ 99 (Wistisen asking ASR/Domino for information on domestic raw and refined sugar pricing); *id.* ¶ 106 (Wistisen asking for information on price ranges and demand); *id.* ¶ 112 (Wistisen asking for information on "the price side and demand side of things"); *id.* ¶ 114 (Wistisen asking

4

for information on "forward pricing and coverage"); *id.* ¶ 116 (Wistisen asking for information on ASR/Domino's forward prices); *see also* DOJ Statement at 12.

In each instance, the Sugar Producing Defendants accepted the offer and provided their information while fully aware of their competitors' participation in the exchange. Plaintiffs quote, for example, top sales executive Dirk Francis Swart, who admitted that United Sugar shared information with Wistisen because it "know[s] he's going to share information and we want the information that gets shared to be accurate." MC ¶ 79; *see also, e.g.*, *id.* ¶ 80 (alleging that ASR/Domino shared confidential, non-public information with Wistisen knowing he would provide competitors' information in exchange); *id.* ¶ 88 (describing Wistisen receiving ASR/Domino's cane pricing information and providing its competitors' cane pricing information in exchange); *id.* ¶¶ 87–88 (Wistisen responding to ASR/Domino's VP of Industrial Sales, Alan Henderson's "refined prices and coverage" that he would in turn send "crop and pricing updates in the next day or two"). Through knowledge of the need to "give to get" scheme, the Producer Defendants gave their adherence to the unlawful information exchange. *See id.* ¶¶ 87, 92–104, 106–10, 112–17.

Under this alternative framework, Plaintiffs allegations are sufficient to plausibly show that Defendants received an "invitation" to share information and, in accepting it, would receive competitively sensitive, non-public information from their competitors.

    **C.    Defendants Misstate the Law and Misconstrue the Pleadings in Response to the DOJ Statement.**

Plaintiffs' information exchange claim is straightforward: the information exchange *itself* is what constitutes the concerted action required for a Section 1 claim. *See*, *e.g.*, *Pork*

5

*II*, 2025 WL 1224694, at *73 (citing *United States v. Container Corp.*, 393 U.S. 333, 334 (1969)) ("A standalone information exchange itself can constitute a § 1 violation, even without proof of an agreement to fix prices, if it tends to lead to anticompetitive effects."). No further allegations of express agreements to share or other overarching combinations or conspiracies are required as a matter of law. *See, e.g.*, *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) ("the violation lies in the information exchange itself").

*Pork II* is highly instructive. There, on summary judgment, the Court separately considered a *per se* price fixing claim and a rule of reason information exchange claim.[4] On the *per se* claim, the Court noted that to state a circumstantial claim, the plaintiffs required a sufficient showing of parallel conduct and plus factors. *Pork II*, 2025 WL 1224694, at *16. But later in the opinion, the Court made clear that parallel conduct and plus factors were *not* required to plead an information exchange claim under the rule of reason. *Id*. at *73. The Court held that "[a] standalone information exchange *itself* can constitute a § 1 violation," without regard to any allegations of parallel conduct or plus factors, ruling that plaintiffs had "established concerted action for purposes of their information exchange theory of conspiracy." *Id*. (citation omitted) (emphasis added).

Despite *Pork II*'s clarity, Defendants incorrectly interpret and apply its holding. In their Reply, Defendants incorrectly point to the inapplicable *per se* section of the *Pork II*

---

[4] The use of information exchanges can be evidence of a *per se* price fixing agreement *and* can serve as a standalone information exchange claim under the rule of reason. *Pork II*, 2025 WL 1224694, at *9 ("[P]laintiffs may use allegations of information exchange as evidence of a conspiracy to prove a per se claim. [Also], if no price-fixing agreement can be proven, the information exchange can itself be an agreement, but its restraint on the market must be evaluated under the rule of reason.").

6

opinion, *see* Reply at 30 (citing *Pork II*, 2025 WL 1224694, at *16 (*per se* section)), instead of the applicable rule of reason section of that opinion. *See Pork II*, 2025 WL 1224694 at *73–79 (rule of reason section). Defendants' contention that the Court would have to "make new law here" by analyzing the information exchange claim outside of the parallel conduct and plus factors framework is false. Reply at 27. The rule of reason section of *Pork II* is directly on-point, is grounded in ample precedent, and fully supports the conclusion that Plaintiffs plausibly plead concerted action for purposes of their standalone information exchange claim under the rule of reason.

As the DOJ also acknowledges, Plaintiffs' *per se* price-fixing claim (Count I) and standalone rule of reason information exchange claim (Count II) "require separate consideration." DOJ Statement at 7. Defendants attempt to conflate these claims by misstating the allegations. In particular, Defendants would have the Court believe parallel conduct and plus factors are the only way to allege an information exchange claim, representing that this "is how Plaintiffs alleged their claims." Reply at 29 (citing MC at ¶¶ 63–210). As illustrated above, this is incorrect.

Defendants ask the Court to ignore numerous allegations that expressly provide notice to Defendants that "Defendants' information sharing scheme is, in and of itself, an independent violation of Section 1 of the Sherman Act, analyzed under the Rule of Reason." MC ¶ 65; *see also, e.g.*, *id.* ¶ 3 ("unlawful information exchange . . . is an independent violation"); *id.* ¶¶ 237–45 (Count II: expressly alleging a standalone information sharing claim with additional allegations and incorporating prior allegations);

7

*see also* Consumer Short Form Complaint ¶¶ 43, 51, 66–69 (expressly alleging an independent information sharing claim).

### D. Defendants Mischaracterize the Arguments and Rulings from the Merger Case in Attacking the DOJ's Statement of Interest.

Further, the DOJ Statement does not—as Defendants wrongly assert—merely "rehash[]" arguments that were raised and "implicitly rejected" in the underlying merger case. Reply at 23–24. By the simple fact of its filing, the DOJ Statement knocks out this argument. *See* Status Conf. Tr. at 21:15–21 (counsel for United Sugar stating, "And they [the DOJ] never even sought to make a Section 1 claim.").[5]

Nevertheless, ignoring the guidance of this Court, Defendants double down on insisting that the merger proceedings should guide this Court. S*ee* Reply at 23–24; *but see also* Status Conf. Tr. 18:21–25 (Judge Blackwell stating, "Well, that was a Clayton Act case and this is a Sherman Act case, and I'm pretty sure I'm not going to decide that kind of an issue *a priori* based on frankly anything that might have been said from that other action.").

---

[5] In fact, in that action, the government sought to prove that the proposed merger between U.S. Sugar and Imperial violated Section 7 of the Clayton Act. *See* DOJ Statement at 8 n.1. The government did not bring an information exchange claim under Section 1 of the Sherman Act and did not need to prove a Section 1 violation to prevail. *See id.* Accordingly, there was no reason for the government to argue that the facts underlying Plaintiffs' information exchange claims were sufficient to satisfy the concerted action element of a Section 1 claim. The district court's order also says nothing about whether Defendants' information exchanges satisfy the concerted action requirement of a Section 1 claim. *See United States v. U.S. Sugar Corp.*, No. 21-1644, 2022 WL 4544025 (D. Del. Sept. 28, 2022).

8

### E. Defendants' Other Arguments Also Fail.

Defendants further argue that a precise how, when, and where of each Defendant's participation is required. *See* Reply at 30–31. That is not correct. As Plaintiffs and the DOJ recognize, under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), there "is no heightened pleadings requirement for stating an antitrust claim [and] [a]llegations of who, what, when and where are not the litmus test for determining whether a defendant is on notice of the claims." Pls.' Mem. of Law in Opp. to Defs.' Joint Mot. to Dismiss at 35 (ECF No. 403) (quoting *In re Auto. Parts Antitrust Litig.*, No. 12-md-02311, 2014 WL 4274784, at *6 (E.D. Mich. Aug. 29, 2014)); *see also* DOJ Statement at 13–15. Rather, Plaintiffs' obligation is to provide "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556. Defendants cite no additional authority for their continuing insistence on particularity, and their only supporting authority remains inapt.[6]

Plaintiffs also agree with the DOJ that Defendants' proposed requirement that Plaintiffs allege interfirm communication among the Producer Defendants is not only "at odds with foundational Supreme Court information-sharing decisions, which held intermediary-facilitated exchanges unlawful" but is also at "odds with the black-letter

---

[6] *In re SSA Bonds Antitrust Litig.*, No. 16-cv-3711 (ER), 2018 WL 4118979 (S.D.N.Y. Aug. 28, 2018), which has been abandoned by subsequent cases in its own district, dealt with multidirectional and sporadic price manipulation of financial products brought by parties that may have had trading positions that benefitted from the manipulation up or down on a given day. Here, the alleged manipulation was unidirectional and consistent. Here, Plaintiffs always were on the wrong end of Defendants' price increases.

principle that 'competitors cannot simply get around antitrust liability by acting through a third-party intermediary or joint venture.'" DOJ Statement at 15 (citations omitted). Consistent with the caselaw recognizing that conspiracies can operate via third parties acting as "conduits" for the exchange of rivals' confidential information, Defendants now abandon this argument. Reply at 31 ("Defendants do not argue that direct interfirm communications are required to infer a conspiracy.").

Finally, Defendants incorrectly argue that allegations of regularity and frequency of information exchanges are necessary to survive a motion to dismiss. Reply at 29. But as the DOJ correctly notes, the Supreme Court in *Container Corp.* found a Section 1 violation based on infrequent and irregular exchanges of price information. DOJ Statement at 16 (quoting *Container Corp.*, 393 U.S. at 335). Defendants' contention that the frequency of information exchanges is dispositive is therefore directly at odds with Supreme Court authority and is without merit. *See Interstate Circuit*, 306 U.S. at 227 ("It is elementary that an unlawful conspiracy may be and often is formed without simultaneous action or agreement on the part of the conspirators.").

### III.   CONCLUSION

The DOJ's Statement of Interest further supports the plausibility of Plaintiffs' allegations and their Opposition to Defendants' Joint Motion to Dismiss. Based on Plaintiffs' Complaints, Plaintiffs' Oppositions, and the foregoing, Plaintiffs respectfully request that the Court **DENY** Defendants' Joint Motion to Dismiss.

Dated: July 25, 2025

Respectfully Submitted,

*/s/ Daniel E. Gustafson*
**GUSTAFSON GLUEK PLLC**
DANIEL E. GUSTAFSON (#0202241)
DANIEL C. HEDLUND (#0258337)
JOSHUA J. RISSMAN (#0391500)
ABOU B. AMARA, JR. (#0401146)
GABRIELLE M. KOLB (#0504386)
Canadian Pacific Plaza
120 So. Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
jrissman@gustafsongluek.com
aamara@gustafsongluek.com
gkolb@gustafsongluek.com

*/s/ Michael L. Roberts*
**ROBERTS LAW FIRM US, PC**
MICHAEL L. ROBERTS
ERICH P. SCHORK
SARAH E. DELOACH
1920 McKinney Ave, Suite 700
Dallas, TX 75201
Telephone: (501) 821-5575
Fax: (501) 821-4474
mikeroberts@robertslawfirm.us
erichschork@robertslawfirm.us
sarahdeloach@robertslawfirm.us

*Appointed Interim Plaintiffs Steering Committee Members and Co-Leads for the Direct Purchaser Plaintiff Subgroup*

11

/s/ Heidi M. Silton
**LOCKRIDGE GRINDAL NAUEN PLLP**
HEIDI M. SILTON (#025759X)
JESSICA N. SERVAIS (#0326744)
JOSEPH C. BOURNE (#0389922)
ANTONIA M. KONKOLY (#0504377)
MICHAEL J.K.M. KINANE (#0504621)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  612/339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com
amkonkoly@locklaw.com
mjkmkinane@locklaw.com

/s/ Kimberly A. Justice
**FREED KANNER LONDON**
**& MILLEN LLC**
KIMBERLY A. JUSTICE
JONATHAN M. JAGHER
923 Fayette Street
Conshohocken, PA  19428
Telephone:  610/234-6486
kjustice@fklmlaw.com
jjagher@fklmlaw.com

**FREED KANNER LONDON**
**& MILLEN LLC**
MATTHEW W. RUAN (#033909X)
DOUGLAS A. MILLEN
ROBERT J. WOZNIAK
100 Tri-State International, Suite 128
Lincolnshire, IL  60069
Telephone: (224) 632-4500
mruan@fklmlaw.com
dmillen@fklmlaw.com
rwozniak@fklmlaw.com

*Appointed Interim Plaintiffs' Steering Committee Member and Co-Lead Counsel for the Commercial Indirect Purchaser Plaintiffs Subgroup*

12

/s/ Stacey P. Slaughter
**ROBINS KAPLAN LLP**
STACEY P. SLAUGHTER (#0296971)
CAITLIN E. KEIPER (#0504799)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
sslaughter@robinskaplan.com
ckeiper@robinskaplan.com

**ROBINS KAPLAN LLP**
ELLEN G. JALKUT
1325 Avenue of the Americas, Suite 2601
New York, NY 10019
Telephone: 212-980-7400
Facsimile: 212-980-7499
ejalkut@robinskaplan.com

/s/ Elizabeth A. Fegan
**FEGAN SCOTT LLC**
ELIZABETH A. FEGAN
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Fax: (312) 264-0100
beth@feganscott.com

**FEGAN SCOTT LLC**
KYLE A. JACOBSEN
709 N 2nd St., Suite 400 #1280
Philadelphia, PA 19123
Telephone: (484) 352-2318
Fax: (312) 264-0100
kyle@feganscott.com

/s/ Peter A. Barile III
**LOWEY DANNENBERG, P.C.**
VINCENT BRIGANTI
PETER ST. PHILLIP, JR.
PETER A. BARILE III
SITSO BEDIAKO (#0389073)

NICOLE A. VENO
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Fax: (914) 997-0035
vbriganti@lowey.com
pstphillip@lowey.com
pbarile@lowey.com
sbediako@lowey.com
nveno@lowey.com

*Appointed Interim Plaintiffs' Steering Committee Members and Co-Lead Counsel for the Consumer Indirect Purchaser Plaintiffs Subgroup*