UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: GRANULATED SUGAR ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 24-3110 (JWB/DTS) |

**MOTION OF THE UNITED STATES OF AMERICA FOR
LEAVE TO PARTICIPATE AT ORAL ARGUMENT**

The United States respectfully moves to participate in the oral argument on Defendants' pending motions to dismiss, scheduled for September 29, 2025.

The United States seeks to participate in oral argument because it filed a Statement of Interest in this matter, Doc. 415, and, as an enforcer of the federal antitrust laws, has a strong interest in their correct interpretation and application.  Plaintiffs allege that competing sugar producers and cooperatives violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by agreeing to share competitively sensitive information with each other through intermediaries.  Master Consol. Compl. ¶¶ 239-41, Doc. 332.  The United States' Statement of Interest urged this Court to reject any heightened pleading standard that would create a Section 1 loophole for information exchanges conducted through intermediaries.  Doc. 415 at 2.  The Statement also explained that Defendants had mis-described the nature of the government's claim (and the judicial disposition of that claim)

1

in separate litigation brought under Section 7 of the Clayton Act, 15 U.S.C. § 18, involving a merger between sugar refiners.  Doc. 415 at 8 n.1.

The United States has an interest in the legal framework applicable to Plaintiffs' information-exchange claim because the government has pending challenges to information exchanges facilitated by intermediaries.  *See* Amended Complaint ¶¶ 260-69, *United States v. RealPage, Inc.*, No. 1:24-cv-00710 (M.D.N.C. Jan. 7, 2024), ECF No. 47; Second Amended Complaint ¶¶ 163, 165, 167, *United States v. Agri Stats, Inc.*, No. 0:23-cv-3009 (D. Minn. Nov. 15, 2023), ECF No. 50.  Moreover, after the Statement of Interest was filed, Defendants repeated their incorrect assertions that the government "raised" the Section 1 arguments at issue here in the Section 7 litigation and that the district court "implicitly rejected" them, Defs.' Reply in Supp. of Joint Mot. to Dismiss Pls.' Master Consol. & Short Form Compls. at 23-24, Doc. 424—even though the court said nothing, implicitly or otherwise, about information exchanges, *see* Doc. 415 at 8 n.1.  The United States believes that its participation at oral argument would be useful to the Court in explaining how some of Defendants' arguments could harm antitrust enforcement beyond the specific context of this case, as well as clarifying the facts about the Section 7 matter.

The United States notified counsel for both Plaintiffs and Defendants of its intent to file this motion.  Plaintiffs informed the government that they do not oppose the government's participation at oral argument.  Defendants stated their position as follows: While Defendants do not believe the Department of Justice's participation in oral

arguments on the motions to dismiss is necessary, Defendants ultimately do not take a position on the DOJ's application and defer to the Court.

August 12, 2025                                         Respectfully submitted,

                                            /s/ Peter M. Bozzo

PETER M. BOZZO
*Attorney*

*United States Department of Justice*
*Antitrust Division*
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
(202) 803-1196 (phone)
peter.bozzo@usdoj.gov