**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In Re: Granulated Sugar
Antitrust Litigation

MDL No. 24-3110 (JWB/DTS)

**PRETRIAL ORDER NO. 12:**
**First Amended Scheduling Order**

---

Pursuant to Pretrial Order No. 1: Establishing Procedures and Setting Initial Pretrial Conference (Doc. No. 29), the Parties submitted a Joint Proposed Case Management Order for the consolidated Direct Purchaser Plaintiffs ("Directs"), Commercial Indirect Purchaser Plaintiffs ("Commercials") and Consumer Indirect Purchaser Plaintiffs ("Consumers") related actions (the "Cases"). After carefully considering the Parties' submissions, pursuant to the Local Rules of the District of Minnesota and Rule 16 of the Federal Rules of Civil Procedure, and in the interests of justice, efficiency, and fairness, a Scheduling Order issued on November 14, 2024, to govern this Consolidated Action. (Doc. No. 265.)

Now, after motions to dismiss have been decided, this First Amended Scheduling Order is issued to confirm the dates that events are due. For completeness, this Order includes deadlines that have already passed. The schedule may be modified only upon formal motion and a showing of good cause as required by D. Minn. Local Rule 16.3. Unless otherwise specified below, the Parties are directed to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

1. **Proposed Protective Order**

   On or before **December 16, 2024**, the Parties shall submit a comprehensive joint Proposed Protective Order that will address claims of privilege or protection of trial-preparation materials in the Cases as well as a joint Proposed Fed. R. Evid. 502(d) Order. If the Parties cannot reach agreement on discrete issues, the Parties may submit joint reports identifying the areas of disagreement and briefly outlining their positions.

   No communication among Plaintiffs' counsel or among Defendants' counsel shall constitute a waiver of any privacy or protection to which they would otherwise be entitled.

2. **Proposed ESI Order**

   On or before **December 16, 2024**, the Parties shall submit a joint Proposed Electronically Stored Information and Document Preservation Order ("Proposed ESI Order"). If the Parties cannot reach agreement on discrete issues, the Parties may submit a joint report identifying the areas of disagreement and briefly outlining their positions.

   Pursuant to Pretrial Order No. 1, each party shall preserve all documents and other records, including electronic information, containing information potentially relevant to the subject matter of this litigation. (Pretrial Order No. 1, § XIII.)

3. **Initial Pleadings and Disclosures**

   As stated in Pretrial Order No. 4, Plaintiffs must file a Consolidated Complaint on or before **December 9, 2024**. All discovery shall remain stayed pending the filing of the Consolidated Complaint.

   Service in the Cases (including service of all Consolidated Complaints, pleadings, motions, discovery requests, discovery responses, etc.) shall be effectuated by either ECF filing or email to Counsel of Record. On or before **December 9, 2024**, Plaintiffs must confirm service of process has been made on Defendants Commodity Information Inc. and Richard Wistisen.

   Initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before **January 8, 2025**.

   Defendants' deadline to answer or otherwise respond to Plaintiffs' Master Consolidated Complaint and Short-Form Complaints is **December 12, 2025**.

**4.    Discovery**

The deadline for commencement of rolling production of documents is **December 15, 2025**.

The deadline to submit Deposition Protocols is **December 29, 2025**.

The deadline for production of Structured Data is **January 13, 2026**.

Substantial completion of all fact discovery must be done by **October 15, 2026**.

The deadline for completion of all fact discovery is **January 15, 2027**.

The deadline for filing motions to amend the Consolidated Complaint or adding new parties is **August 17, 2026**.

**5.    Status Reports**

As stated in Pretrial Order No. 4, both the Plaintiffs' Steering Committee ("PSC") and Defendants' Steering Committee ("DSC") shall provide periodic status reports to the Court every **3 months** (January 15th/April 15th/July 15th/October 15th) or as otherwise directed, detailing progress on case management, discovery, settlement discussions, and any other matters of importance in this litigation.

**6.    Annual Reapplication Requirement**

As stated in Pretrial Order No. 4, all PSC and DSC appointments are for a **one-year term**, which started on October 30, 2024. Each attorney/firm must reapply annually to ensure continued dedication, alignment with litigation needs, and adherence to the standards issued by the Court. All applications to renew Steering Committee appointments must be filed on or before **September 15, 2025, September 15, 2026,** and so on.

**7.    Class Certification and Expert Discovery**

The deadlines for Class Certification, all Expert Discovery, and *Daubert* Motions are as follows:

Motions for Class Certification and Initial Expert Reports and Disclosures are due **November 16, 2026**.

Class Certification Oppositions, Rebuttal Expert Reports and Disclosures, and any *Daubert* Motions by Defendants are due **December 31, 2026**.

Class Certification Reply briefs, Plaintiffs' Reply Expert Disclosures, *Daubert* Opposition briefs, and *Daubert* Motions by Plaintiffs of Defense Experts (if applicable) are due **February 16, 2027**.

Defendants' *Daubert* and Class Certification Replies and Defendants' Opposition to Plaintiffs' *Daubert* Motion (if applicable) are due **March 9, 2027**.

Plaintiffs' Reply briefs in Support of *Daubert* Motions (if applicable) are due **March 23, 2027**.

All expert discovery, including depositions, must be completed on or before **February 1, 2027**.

8.   **Non-Dispositive Motions**

   A.   **Dates**

All non-dispositive motions relating to *fact* discovery must be filed and served by **February 5, 2027**.

All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by **February 22, 2027**.

   B.   **Procedures for Discovery Disputes**

There is an informal and formal option for resolution of discovery disputes. The process utilized to resolve a particular dispute does not determine the process to be followed to resolve a subsequent dispute.

**Informal Process**
To invoke the informal process, the Parties must agree to use it.

The Parties schedule a telephonic hearing by calling the Judicial Assistant to Magistrate Judge Schultz at 612-664-5460. Once the moving party has secured a hearing date, it must promptly file a notice of motion informing all Parties of the nature of the motion, the date, and time.

If the Parties agree to resolve the dispute through the informal process, each side shall submit to chambers at least **2 business days** in advance, a letter up to 5 pages in length (Times New Roman, 12-pt. font with 1-inch margins), outlining their argument. Magistrate Judge Schultz will issue a decision at the time of the hearing and the Parties agree that no appeal of the ruling will be taken.

**Formal Process**

Discovery disputes will not be heard unless the Parties have first met and conferred either in-person, telephonically, or by video and made a good-faith effort to settle their dispute, pursuant to revised Local Rule 7.1. **If the Parties are unable to resolve the dispute after good-faith efforts, the party raising the unresolved issue must secure a telephone conference date and time for both Parties with Magistrate Judge Schultz before filing a formal motion.** No filings on discovery motions will be considered by Magistrate Judge Schultz until he has addressed the matter via conference call.

If a discovery motion is related to written discovery or the contents of depositions, the Parties must fill out a chart that describes each disputed discovery request and response, each Party's position, and the moving Party's last offered compromise. This chart must be in Word format and emailed at least three business days before the hearing to: Schultz_chambers@mnd.uscourts.gov. Failure to provide this chart will result in the cancellation of the hearing.

C.     **Non-Discovery Non-Dispositive Motion Procedures**

All non-dispositive motions must be scheduled for hearing by calling the Judicial Assistant to Magistrate Judge Schultz at 612-664-5460 prior to filing, except when all Parties agree that no hearing is required. Such an agreement must be expressly set forth in the notice of motion. Once the moving party has secured a hearing date, it must promptly file a notice of motion informing all Parties of the nature of the motion and the date, time, and location of the hearing, along with complete moving papers as required by Local Rule 7.1. A moving party may not call chambers to "hold" a motion date without filing complete moving papers as required by Local Rule 7.1 unless it receives prior permission from the Magistrate Judge.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting chambers for permission. All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

9.     **Dispositive Motions**

All dispositive motions and supporting pleadings shall be scheduled, filed, and served, no later than **April 22, 2027.**

The moving party shall first contact Judge Blackwell's Courtroom Deputy by email at Blackwell_chambers@mnd.uscourts.gov to secure a hearing date.

All dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1, unless otherwise ordered.

The moving party shall serve and file the following documents: (a) motion; (b) notice of hearing on motion; (c) memorandum of law, (d) affidavits and exhibits, and (e) meet and confer statement. Counsel shall email a proposed order in Word format to chambers at blackwell_chambers@mnd.uscourts.gov.

Opposition briefs are due **45 days** after the filing of the dispositive motion. The responding party shall serve and file the following documents: (a) memorandum of law, and (b) affidavits and exhibits.

Reply briefs are due **30 days** after the filing of opposition briefs. The moving party shall serve and file the following documents: (1) reply memorandum, or (b) a notice stating that no reply memorandum will be filed. A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response.

When a motion, response, or reply brief is filed on ECF, one paper courtesy copy of the filing and all supporting documents shall be mailed or delivered to Judge Blackwell's chambers, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, 55101, at the same time as the documents are posted on ECF.

10. The Court DIRECTS the Clerk of Court to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation, and counsel of record.

Date:   November 18, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge

6