**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: GRANULATED SUGAR ANTITRUST LITIGATION | MDL No. 24-md-3110 (JWB/DTS) |
| | **ORDER** |
| This Document Relates to Case Number: ALL ACTIONS | |

## INTRODUCTION

This multidistrict litigation concerns allegations that Defendants conspired to fix the price of granulated sugar. *See* Master Consolidated Compl. ¶¶ 1-12, Dkt. No. 332. Specifically, Plaintiffs allege that Defendants ASR Group International, Inc., American Sugar Refining, Inc., Domino Foods, Inc. (collectively ASR/Domino) and United Sugar Producers & Refiners Cooperative (United) exchanged confidential, competitively sensitive information through Defendants Richard Wistisen and Commodity Information, Inc. *See id.*

Two discovery motions are before the Court. First, Plaintiffs move to compel ASR/Domino to respond to Interrogatory No. 1 by identifying cellphone numbers and carriers for persons who communicated with Wistisen or other sugar producers. Dkt. No. 605. Second, Defendants move for a protective order narrowing Plaintiffs' subpoena to non-party Verizon. Dkt. No. 592. For the reasons set forth below, the Court grants both motions.

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) entitles parties to obtain discovery regarding nonprivileged matters that are both "relevant to any party's claim or defense

and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is defined broadly and "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Even if information is relevant, however, it is beyond the scope of permissible discovery if it is disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). When determining whether discovery is proportional to the needs of a case, a court considers, among other things, "the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

## I.      Motion to Compel

Plaintiffs move to compel ASR/Domino to identify telephone numbers and cellular carriers for cellphones used by persons who (1) communicated with Wistisen or (2) communicated with any other producer of granulated sugar about prices, sales, supply, or demand information during the relevant period. Pls.' Mem. 1-2. The Court addresses each request in turn.

### A.      Communications with Wistisen

Plaintiffs first seek phone numbers and carrier information for ASR/Domino employees who communicated with Wistisen, including individuals who, defendant claims,  merely appeared on Wistisen's distribution list or exchanged only administrative communications with him. *Id.* Plaintiffs argue this information is relevant because the records may show when ASR/Domino personnel communicated with Wistisen, how often

those communications occurred, and whether those communications coincided with events relevant to the alleged conspiracy. *See id.* at 3-4.

ASR/Domino counters that the interrogatory is overbroad because it seeks information beyond the scope of the claim that survived the motion to dismiss. *See* Defs.' Mem. in Opp'n 1-5. Specifically, ASR/Domino asserts that Plaintiffs' remaining claim is limited to allegations that ASR/Domino and United exchanged competitively sensitive information only through Wistisen. *See id.* Thus, it argues, discovery should not extend to individuals who merely received Wistisen's industry reports or engaged in purely administrative communications with him because such communications do not involve confidential or competitively sensitive information. *See id.*

There are two problems with this argument. First, Defendants' argument relies on a misconstruction of the Court's order on the motion to dismiss. The District Court's ruling on the motion to dismiss did not limit Plaintiffs' claims in the manner Defendants suggest. The Court ruled that Plaintiffs had alleged a plausible price fixing conspiracy between these Defendants because Plaintiffs' complaint contained factual assertions that Defendants had exchanged confidential competitive pricing information through Wistisen. *See* Order 20-21, 27, Dkt. No. 471. But, the Court did not limit the scope of Plaintiffs' conspiracy claim to only communications through an intermediary. *See id.* at 24 (referencing allegations that Defendants had "opportunities to [directly] coordinate or collude through industry meetings and trade associations boards."). Rather, the Court held that Plaintiffs had plausibly alleged a price fixing conspiracy involving ASR/Domino and United, with Wistisen serving as a primary, though not the sole, mechanism through which competitively sensitive information was exchanged. *See id*. at 14, 20-28. Therefore,

Plaintiffs are entitled to discovery regarding direct communications between the defendants as well as whether and to what extent Wistisen in fact served that intermediary role and whether ASR/Domino employees received, disseminated, or acted upon information obtained through him. The second flaw in ASR/Domino's argument is that it presumes the content of the communications with Wistisen and asks the Court to limit discovery accordingly. But Plaintiffs are entitled to know who may have communicated with Wistisen regardless of the content of that communication because the breadth of the channel of communication is itself relevant. Moreover, Plaintiffs need not rely upon—and in fact has every right to test—ASR/Domino's assertions about the nature and content of the communications between its employees and Wistisen. That is the very purpose of discovery.

The requested information is relevant and proportional. Phone records will show who communicated with Wistisen and when, whether recipients of his reports communicated with others after receiving them, and whether those communications occurred close in time to pricing events relevant to the alleged conspiracy. This type of evidence is especially relevant in antitrust cases, where plaintiffs often rely on circumstantial evidence, including communication patterns among alleged participants. *See, e.g., In re Polyurethane Foam Antitrust Litig.*, 152 F. Supp. 3d 968, 983 (N.D. Ohio 2015) ("Evidence of communications between competitors can serve as circumstantial evidence of price-fixing.") (collecting cases); *Int'l Constr. Prods., LLC v. Caterpillar Inc.*, No. 15-cv-108, 2022 WL 4465376, at *20 (D. Del. Sept. 26, 2022) (holding that a "series of phone calls [was] evidence that the conspirators had an opportunity to conspire."). Although phone records alone may not prove an unlawful agreement, they may be

4

themselves admissible and may lead to admissible evidence concerning Plaintiffs' theory that Wistisen served as a conduit through which competitively sensitive information was exchanged.

The inclusion of individuals who, ASR/Domino alleges, merely received Wistisen's reports or exchanged administrative only communications with him does not render the request improper or overbroad. Plaintiffs need not accept ASR/Domino's assertion that those individuals or their communications are irrelevant to the alleged conspiracy. *See Thomas v. City of New York*, 336 F.R.D. 1, 4 (E.D.N.Y. 2020) (granting motion to compel despite defendants' objections because "Plaintiff is not required to accept Defendants' characterization of the evidence."); *see also Maxwell v. Allstate Prop. & Cas. Ins. Co*., No. 09-cv-5156, 2010 WL 582212, at *3 (W.D. Ark. Feb. 12, 2010) (holding that "in the discovery process, a party is not obligated to accept its opponent's assertions" that the information sought is "irrelevant"). And, regardless of content, the fact of communication may well be relevant and admissible.

At this stage, the question is whether the requested information is relevant and proportional to Plaintiffs' allegations. *See* Fed. R. Civ. P. 26(b)(1)*.* It is. An individual's communication with Wistisen or receipt of his reports provides a sufficient connection to the alleged conspiracy to justify this limited discovery. *See Shukh v. Seagate Tech*., LLC, 295 F.R.D. 228, 237 (D. Minn. 2013) (noting that "[i]nformation is generally discoverable unless it is clear that the information sought has no bearing upon the subject matter of the action.") (internal quotation marks omitted). Moreover, ASR/Domino provides no evidence showing that producing phone numbers and carrier information for those connected to Wistisen would impose significant burden or expense. Given the central role

5

Wistisen allegedly played in the conspiracy, the likely benefit of the requested discovery outweighs any burden associated with production.

Accordingly, ASR/Domino shall identify the telephone numbers and carriers associated with all individuals who communicated with Wistisen during the relevant period, including individuals who appeared on Wistisen's distribution lists and individuals who allegedly exchanged only administrative communications with him.

### B.    Communications with Other Producers

Plaintiffs also seek telephone numbers and carrier information for persons who directly communicated with other producers of granulated sugar regarding prices, sales, or supply and demand information during the relevant period. ASR/Domino represents that it is not aware of any such persons. *See* Defs.' Mem. in Opp'n 5-6. If true, ASR/Domino must expressly state as much in its interrogatory response. Accordingly, to the extent ASR/Domino has not already fully responded to this portion of Interrogatory No. 1, it shall supplement its response.

## II.    Motion for Protective Order

Defendants jointly move for a protective order limiting the temporal scope of Plaintiffs' subpoena to Verizon from January 1, 2014, through December 31, 2024, to January 1, 2018, through June 30, 2022. Defs.' Mem. 1. As an initial matter, Defendants have standing to assert this motion. Rule 26(c)(1) expressly permits a "party" to move for a protective order to limit discovery. Fed. R. Civ. P. 26(c)(1). Defendants do not seek to assert Verizon's interests. Rather, they argue that the subpoena exceeds the scope of discovery previously authorized by the Court and seeks information that is not relevant or proportional to the needs of the case. *See* Defs.' Mem. 7-13. Under these circumstances,

6

Defendants have standing to seek relief. *See Shukh*, 295 F.R.D. at 236 (holding party had standing to challenge third-party subpoena because they were "not simply asserting the rights of the third party, but their own right to reasonable discovery and efficient disposition of the case"); *see also In Re CenturyLink Sales Pracs. & Sec. Litig.*, No. 18-cv-296, 2020 WL 8256364, at *2 (D. Minn. Oct. 28, 2020) (granting motion for protective order directed at third-party subpoenas).

Turning to the merits, the parties' dispute centers on the proper interpretation of the Court's prior discovery order. In that order, the Court ruled that discovery of "unstructured data" is limited to the period from January 1, 2018 through June 30, 2022; while discovery of "structured data" extends from January 1, 2014 through December 31, 2024. Order, Dkt. No. 500. Defendants assert that the Verizon subpoena seeks unstructured data and is therefore subject to the January 1, 2018 through June 30, 2022 discovery period. Defs.' Mem. 2-4. Plaintiffs, by contrast, argue that the requested records constitute structured data and thus fall within the broader January 1, 2014 through December 31, 2024 discovery period. Pls.' Mem. in Opp'n 7-11. The Court agrees with Defendants.

Plaintiffs misconstrue the Court's prior order. The Court did not use the terms "structured" and "unstructured" as a purely technical distinction based on how information is stored. *See* Tr. 36:14-24, Dkt. No. 635. Rather, the Court distinguished between those categories of discovery based on the purpose and nature of the information sought. *See id*. That understanding is consistent with Plaintiffs' own descriptions during the hearing. Plaintiffs characterized structured data as "transactional data," such as historical pricing and sales data, that could be used to "assess and analyze what the market would have

been but for the conspiracy." *See* Tr. 5:2-6, 6:11-16, 44:13-16, Dkt. No. 504. By contrast, Plaintiffs described unstructured data as emails, text messages, and other evidence reflecting the "realtime actions of the defendants in the alleged conspiracy." *See id.* at 4:25-5:2, 15:6-10. The Court adopted that framework and imposed corresponding time limitations, utilizing the parties' shorthand phrases of "structured" and "unstructured" data.

Here, the Verizon subpoena seeks information relevant to Defendants' conduct rather than to market assessment. Plaintiffs seek call logs and text message records to identify who communicated with whom, when communications occurred, and how frequently individuals communicated. *See* Pls.' Mem. in Opp'n 11-12. Therefore, the information sought is the type of data subject to the shorter discovery period. That such information may reside in a structured database does not transform it into the type of market data contemplated by the Court's prior order. Indeed, accepting Plaintiffs' interpretation would effectively eliminate the distinction established by the Court's ruling. After all, by adopting that approach all communications data maintained in a structured format could be reclassified as "structured data," thereby expanding the temporal scope of discovery beyond the limits previously imposed. It appears Plaintiffs' argument is an attempt to circumvent the temporal limitations this Court carefully placed on discovery, with which Plaintiffs vigorously disagree.[1] Nothing in the Court's prior order suggests that result.

Accordingly, Plaintiffs' Verizon subpoena seeks data subject to the shorter January 1, 2018 through June 30, 2022 discovery period. Because the subpoena exceeds that period, Defendants' motion for protective order is granted to that extent.

---

[1] *See* Pls.' Req. for Recons., Dkt. No. 505.

**ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED:**

1.      Plaintiffs' Corrected Motion to Compel Defendants' Response to Interrogatory No. 1 (Dkt. No. 605) is **GRANTED**;

      A.      On or before June 22, 2026, Defendants shall substantively respond to Interrogatory No. 1.

2.      Defendants' Motion for Protective Order Regarding Plaintiffs' Non-Party Subpoena to Verizon (Dkt. No. 592) is **GRANTED**.


Dated: June 18, 2026                              s/ David T. Schultz
                                          DAVID T. SCHULTZ
                                          United States Magistrate Judge

9