**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

IN RE: GRANULATED SUGAR
ANTITRUST LITIGATION

This Document Relates to Case Number:
ALL ACTIONS

MDL No. 24-md-3110 (JWB/DTS)

**ORDER**

---

## INTRODUCTION

Plaintiffs move to compel Defendants American Sugar Refining, Inc., ASR Group International, Inc., and Domino Foods, Inc. (collectively ASR/Domino) to designate as document custodians 35 employees who communicated with Defendants Richard Wistisen and Commodity Information, Inc (Commodity). Dkt. No. 556. For the reasons set forth below, the Court grants in part and denies in part Plaintiffs' motion.

## ANALYSIS

### I.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) entitles parties to obtain discovery regarding nonprivileged matters that are both "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is defined broadly and "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Even if information is relevant, however, it is beyond the scope of permissible discovery if it is disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). When determining whether discovery is proportional to the needs of a case, a court considers, among other things, "the parties' relative access to

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

## II.    Analysis

Plaintiffs move to compel ASR/Domino to designate as document custodians employees of ASR/Domino and its parent company, Florida Crystals, who communicated with Richard Wistisen or Commodity. Dkt. No. 556. The Court addresses the two entities separately.

### A.    ASR/Domino Employees

Plaintiffs seek to compel ASR/Domino to designate as custodians ASR/Domino employees who communicated with Wistisen, including individuals who merely appeared on Wistisen's distribution list or exchanged only administrative communications with him.[1] *See* Pls.' Mem. 1-7. Plaintiffs argue that these employees are likely to possess relevant documents because the alleged conspiracy centers on Wistisen's role as an intermediary through which competitively sensitive information was exchanged. *See id.* at 1-3. ASR/Domino responds that these employees are not proper custodians because they did not engage in reciprocal exchanges of pricing information with Wistisen. *See* Defs.' Mem. in Opp'n 2-4, Dkt. No. 570. It also argues that adding the requested custodians is disproportionate because collecting, hosting, searching, and reviewing their documents will impose substantial expense, including more than $2 million in review costs. *See id.* at 6; Petkoski Decl. ¶¶ 7-9, 12, Dkt. No. 571.

---

[1] So far, Plaintiffs have identified 24 ASR/Domino employees who communicated with Wistisen or Commodity. *See* Veno Decl., Ex. A at 1-3, Dkt. No. 559-1. Plaintiffs note that this number is likely to increase as discovery progresses. Pls.' Mem. 3.

The motion is granted as to the ASR/Domino employees. ASR/Domino's relevance argument is substantially the same argument the Court rejected in its prior order addressing Plaintiffs' request for telephone numbers and carrier information. *See* Order, Dkt. No. 652. There, ASR/Domino argued that discovery should not extend to individuals who merely appeared on Wistisen's distribution lists or exchanged only administrative communications with him because such communications did not themselves involve confidential or competitively sensitive information. *See id.* at 2-4. The Court rejected that limitation. The Court explained that the District Court's ruling on the motion to dismiss did not limit Plaintiffs' conspiracy claim to only communications through an intermediary, and that Plaintiffs are entitled to discovery concerning whether and to what extent Wistisen served as an intermediary and whether ASR/Domino employees received, disseminated, or acted upon information obtained through him. *See id.* The Court further explained that Plaintiffs need not accept ASR/Domino's characterization of the communications as merely administrative or irrelevant before obtaining discovery designed to test that characterization. *See id.*

The same reasoning applies here. Plaintiffs allege that Wistisen functioned as a conduit through which ASR/Domino and United exchanged confidential, competitively sensitive information. *See* Master Consolidated Compl. ¶¶ 81, 85, Dkt. No. 332. Employees who communicated with Wistisen or received his reports therefore have a direct connection to the alleged conspiracy. Their files may reveal what information was received, how it was understood, whether it was circulated within ASR/Domino, and whether it affected pricing decisions relevant to Plaintiffs' claims. At the discovery stage,

that connection is sufficient to render the requested custodians relevant under Rule 26(b)(1).

The closer question is proportionality. ASR/Domino has made a concrete showing that adding these custodians will impose meaningful costs. It estimates that collection and hosting will cost thousands of dollars per month and that review costs may exceed $2 million. Defs.' Mem. 20-21; Petkoski Decl. ¶¶ 7-9, 12. The Court does not discount that burden. But Rule 26 requires the Court to balance the burden and expense of the proposed discovery against its likely benefit, considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(1). That balance favors Plaintiffs. This is a complex antitrust MDL involving allegations of price fixing in the granulated sugar market. Discovery in antitrust cases is inherently expensive, "and the burden or cost of providing the information sought is less weighty a consideration than in other cases." *Phi Theta Kappa Honor Soc'y v. Honorsociety.org, Inc*., No. 3:22-cv-208, 2024 WL 4527086, at *5 (S.D. Miss. Sept. 24, 2024) (internal quotation marks and citation omitted). Moreover, Plaintiffs seek targeted discovery from employees who communicated with the alleged central intermediary in the conspiracy. The documents maintained by those employees may provide evidence regarding how Wistisen's communications were received, circulated, discussed, or used within ASR/Domino. Plaintiffs have no comparable access to that internal information. Given the significance of those issues to the surviving conspiracy claim, the likely benefit of the requested discovery outweighs the burden identified by ASR/Domino.

Accordingly, Plaintiffs' motion is granted as to ASR/Domino employees. ASR/Domino shall designate as document custodians the ASR/Domino employees identified by Plaintiffs who communicated with Wistisen or Commodity during the relevant period, including those who allegedly merely received Wistisen's reports or exchanged only administrative communications with him.

**B.    Florida Crystal Employees**

Plaintiffs also seek custodial discovery from employees of Florida Crystals, ASR/Domino's parent company, who received Wistisen's reports or otherwise communicated with him. Pls.' Mem. 2. ASR/Domino opposes the request, arguing that Florida Crystals is not a defendant alleged to have participated in the conspiracy and that ASR/Domino lacks possession, custody, or control over Florida Crystals' documents. *See* Defs.' Mem. in Opp'n 22-25.

The motion is granted only as to Jose F. Fanjul, Jr. The record reflects that Fanjul was Co-President of Florida Crystals, served as a director of ASR/Domino, and was identified in phone records as having had a direct telephone call with Wistisen. *See* Veno Decl. Ex. A at 3; Ex. P at 2; Ex. Q at 2; Dkt. Nos. 560-3-4. Those facts distinguish Fanjul from the Florida Crystals employees who merely received Wistisen's reports. A direct call between Wistisen and a senior Florida Crystals executive who also held a formal role with ASR/Domino bears directly on Plaintiffs' theory that Wistisen served as an information conduit. ASR/Domino argues that Fanjul does not recall the call, that any communications with Wistisen were administrative, and that Fanjul's responsibilities did not concern sales or pricing. *See* Defs.' Mem. in Opp'n 23-24; Fanjul, Jr. Decl. ¶¶ 4-6. But the Court need not accept that characterization at this stage. As the Court explained in its prior order,

Plaintiffs are entitled to test ASR/Domino's assertions about the nature and content of communications with Wistisen. *See* Order 2-4. That reasoning applies with particular force where the record shows a direct telephone communication with Wistisen, rather than only passive receipt of a report.

The requested discovery is also proportional as to Fanjul. Adding one custodian is materially different from requiring ASR/Domino to collect, search, and review documents from every Florida Crystals employee who received Wistisen's reports. The likely benefit is meaningful: Fanjul's files may shed light on whether Wistisen communicated with senior personnel connected to ASR/Domino, what was conveyed during those communications, and whether those communications related to the alleged exchange of competitively sensitive information. Therefore, the burden of adding Fanjul as a custodian does not outweigh the likely benefit of the discovery.

Plaintiffs have also made a sufficient showing that ASR/Domino has control over responsive documents maintained by Fanjul. Rule 34 requires production of documents within a party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A party has control when "that party has the right, authority, or practical ability[] to obtain the documents from a non-party to the action." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000) (quoting *Bank of New York v. Meridien BIAO Bank Tanzania, Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997)). Given ASR/Domino's and Florida Crystals' close corporate relationship and Fanjul's formal role within ASR/Domino, the Court finds that ASR/Domino has at least the practical ability to obtain documents in Fanjul's files that relate to his ASR/Domino role and to his communications with Wistisen. *See Polaris Indus., Inc. v. CFMOTO Powersports, Inc.*, No. 10-cv-4362, 2012 WL 13028232, at *5 (D.

6

Minn. Jan. 12, 2012) (holding defendant had the "practical ability" to obtain documents from its parent company due to the "significant overlap between" the two companies); *see also Toyota Motor Sales, U.S.A., Inc. v. Allen Interchange LLC*, No. 22-cv-1681, 2024 WL 3617141, at *3 (D. Minn. Aug. 1, 2024) ("Even when a parent company is not a party in litigation, courts have found that the information of a parent company can be within the 'control' of a subsidiary and therefore subject to production.") (collecting cases). Accordingly, ASR/Domino shall designate Fanjul as a custodian.

The motion is denied as to the remaining Florida Crystals employees. Plaintiffs' showing as to those individuals rests primarily on their receipt of Wistisen's reports, their senior positions at Florida Crystals, and, for some, overlapping roles within the broader ASR/Domino and Florida Crystals corporate structure. *See* Pls.' Mem. 6, 16-18. That showing is not enough to justify adding them as custodians.

These employees are differently situated from the ASR/Domino employees discussed above. ASR/Domino is the entity alleged to have participated in the conspiracy. Its employees' communications with Wistisen, and their receipt of his reports, are relevant to how information obtained through Wistisen was received, disseminated, discussed, or used within ASR/Domino. Florida Crystals, by contrast, is a non-party parent company. The fact that Florida Crystals employees received Wistisen's reports does not, without more, show that their files are likely to contain information concerning ASR/Domino's alleged participation in the conspiracy that is not already available from ASR/Domino's own employees or from Fanjul.

Nor does the analysis change because the remaining Florida Crystals employees held senior positions at Florida Crystals or had some overlap with ASR/Domino's

7

corporate structure. Seniority within a non-party parent company does not, by itself, make an employee's files likely to contain relevant custodial material concerning ASR/Domino's alleged participation in the conspiracy. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018) ("mere speculation that one's position as a senior executive might increase the relevance of that individual's files is not a basis for designating that individual as a custodian."). Likewise, overlapping corporate roles may show a connection between the entities, but they do not establish that each proposed custodian is likely to possess unique information about the alleged exchange of competitively sensitive information. *See Krueger v. Ameriprise Fin., Inc.,* No. 11-cv-2781, 2013 WL 12139425, at *8-9 (D. Minn. Aug. 15, 2013) (denying plaintiffs' motion to designate as a custodian the President, Chairman of the Board, and Chief Investment Officer of defendant-affiliated entities because "[h]e had no involvement" with the claims at issue). Plaintiffs must do more than identify high-ranking personnel who received Wistisen's reports or occupied positions within related corporate entities.

The likely benefit of adding these custodians is also limited. Plaintiffs will receive custodial discovery from ASR/Domino employees who communicated with Wistisen or received his reports. They will also receive discovery from Fanjul, who held a formal ASR/Domino role and had a direct phone call with Wistisen. Plaintiffs have not shown that adding the remaining Florida Crystals employees is likely to produce relevant, non-duplicative information beyond those sources. *See Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107 (S.D.N.Y. 2013) (denying request to designate additional custodians because plaintiffs failed to "demonstrate that the

additional requested custodians would provide *unique* relevant information not already obtained."). Therefore, requiring ASR/Domino to collect, host, search, and review documents from additional Florida Crystal employees would impose a burden disproportionate to the speculative benefit of the discovery.

Accordingly, Plaintiffs' motion is granted in part and denied in part as to the Florida Crystals employees. ASR/Domino shall designate Jose F. Fanjul, Jr. as a custodian. The motion is denied as to the remaining Florida Crystals employees identified by Plaintiffs.

### ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED:**

1.      Plaintiffs' Motion to Compel ASR/Domino to Designate Employees who Communicated with Richard Wistisen and Commodity Information, Inc. as Document Custodians (Dkt. No. 556) is **GRANTED IN PART** and **DENIED IN PART**;

2.      Defendants ASR/Domino shall designate as document custodians all ASR/Domino employees who communicated with Richard Wistisen and Commodity Information, Inc., and Jose F. Fanjul, Jr.


Dated: July 1, 2026                                   s/ David T. Schultz_____
                                                      DAVID T. SCHULTZ
                                                      United States Magistrate Judge

9