**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In Re: Granulated Sugar Antitrust Litigation

MDL No. 24-3110 (JWB/ECW)

**PRETRIAL ORDER NO. 13: Order on Motions, Request for Proposals from Counsel, and Stay of Deadlines**

---

A Status Conference was held on September 9, 2026. At that conference, the items on the Agenda (Doc. No. 755) were discussed.

Plaintiffs' Motion for Leave to File an Amended Master Consolidated Complaint and Short-Form Complaints (Doc. No. 709) was granted, and ASR/Domino's objections to the Magistrate Judge's Order granting in part and denying in part Plaintiffs' Motion to Compel (Doc. No. 668) were overruled.

The parties also provided a status update on discovery. Considering the status of the case, the newly filed Complaints by Direct Action Plaintiffs ("DAPs"), and the impending deadlines in the scheduling order, the upcoming deadlines set in the First Amended Scheduling Order were stayed. Counsel were ordered to meet and confer about the specific timing for discovery production and depositions, motion to dismiss filings, and other remaining deadlines in the schedule, and will submit a proposed Second Amended Scheduling Order.

Accordingly, **IT IS HEREBY ORDERED** that:

1. **Appeal.** For the reasons stated on the record, Defendants American Sugar

Refining, Inc., ASR Group International, Inc., and Domino Foods, Inc.'s Objections to the July 1, 2026 Order of Magistrate Judge David T. Schultz (Doc. No. 668) are **OVERRULED**. The July 1, 2026 Order (Doc. No. 658) is **AFFIRMED**, with the clarification that it resolves the custodians presented in the underlying motion and record and does not determine whether additional custodians identified later must be designated without further consideration of relevance and proportionality under Federal Rule of Civil Procedure 26(b)(1).

2. **Motion to Amend.** Plaintiffs' Motion for Leave to File an Amended Master Consolidated Complaint and Short-Form Complaints (Doc. No. 709) is **GRANTED**. The Amended Master Consolidated Complaint and Short-Form Complaints must be filed by **Monday, September 14, 2026**.

3. **Response to Complaints and Amended Complaints.** The deadline for all Defendants to answer, move to dismiss, or otherwise respond to the operative Complaint in the MDL or to any operative Complaint filed in any related member case remains **STAYED**. A deadline for all Defendants to answer, move to dismiss, or otherwise respond to the operative Complaints will be set in a Second Amended Scheduling Order.

4. **Direct Action Plaintiff ("DAP") Liaison.** Counsel for all DAPs must meet and confer and select one person to be a liaison to the Court, the Plaintiffs' Steering Committee ("PSC"), and the Defendants' Steering Committee ("DSC"). On or before **Wednesday, September 16, 2026**, the DAPs must file a Notice on the docket in MDL No. 24-3110 identifying the person selected as their liaison, the firm for which the liaison

works, and the individual DAP client(s) that the liaison otherwise represents.

5. **Coordination between the PSC and the DAPs.** On or before **Monday, September 21, 2026,** the PSC and DAP liaison shall jointly submit a proposed order addressing coordination between the class plaintiffs and DAPs, including common discovery, depositions, access to prior productions, avoidance of duplicative discovery, and whether further proceedings are necessary concerning common-benefit work or assessments. The existing rulings, discovery work, agreements, and pretrial orders remain in effect and shall apply to the DAPs to the extent applicable to coordinated pretrial proceedings, subject to any further order.

6. **Discovery Dashboard.** On or before **Monday, September 21, 2026**, the PSC, DSC, and DAP liaison must submit a joint proposed form for a monthly Discovery Dashboard, based upon a template to be provided by this Court, identifying any areas of disagreement.

7. **Stayed Deadlines.** All future deadlines set in the First Amended Scheduling Order (Doc. No. 497, Pretrial Order No. 12) are stayed until new deadlines are set in a Second Amended Scheduling Order. The stay of scheduling deadlines does not alter any existing obligation to continue producing discovery from undisputed custodians, sources, or categories while other discovery disputes are being resolved.

8. **Amendment to Pretrial Order No. 12.** Paragraph 5 of Pretrial Order No. 12 is amended to require monthly discovery status reports, rather than quarterly status reports, to be filed on the fifteenth day of each month until otherwise ordered.

9. **Proposed Second Amended Scheduling Order.** Leadership counsel, including the designated DAP liaison, shall meet and confer regarding any proposed modifications to Pretrial Order No. 12. On or before **noon** on **September 25, 2026**, the parties must submit proposed deadlines for the following:

a. the filing of any Amended Complaints by the DAPs;

b. Defendants' answers, motions to dismiss, or other responses to all operative Complaints and Amended Complaints. In proposing those deadlines, the parties shall also address whether any anticipated motions to dismiss should be coordinated or consolidated for briefing purposes;

c. Finalization of search terms and custodians;

d. Substantial completion of discovery, including document production;

e. Commencement and completion of fact depositions;

f. A new deadline for submitting reapplications for the PSC and DSC; and

g. All other remaining deadlines previously set in Pretrial Order No. 12, including class-certification briefing, expert discovery, and dispositive motions.

10. **Steering Committee Reapplications.** The September 15, 2026 deadline for submitting leadership counsel reapplications is extended to a new date, to be set in the Second Amended Scheduling Order. In the interim, the current designations for the PSC and DSC remain in place. On or before **September 15, 2026**, the PSC and the DSC must file in a letter on the docket confirmation that their members agree to continue to serve in their designated capacity until the reapplication process is completed and new leadership designations are entered.

11. **Outstanding Custodian Dispute.** With respect to the outstanding dispute

concerning United Sugar Producers & Refiners Cooperative's designation of additional custodians, as set forth in the Parties' Discovery Dispute Chart (Doc. No. 671), counsel for Plaintiffs and United must email the chambers of Magistrate Judge Cowan Wright by close of business on **September 10, 2026**, indicating whether they have decided to proceed under the informal resolution procedures or intend to proceed by formal motion.

12. **Next Status Conference.** The next Status Conference in this matter shall take place on **September 28, 2026, at 10:00 a.m.**, in Courtroom 7A, United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota. No later than **September 23, 2026**, the parties shall submit a Joint Proposed Agenda outlining the matters they recommend for discussion during the September status conference.

Date: September 10, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge