**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: GRANULATED SUGAR ANTITRUST LITIGATION | MDL No. 24-3110 (JWB/ECW) |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS<br><br>Member Case Nos.:<br><br>0:24-cv-02346 (D. Minn.)<br>0:24-cv-02234 (D. Minn.)<br>0:24-cv-01414 (D. Minn.)<br>0:24-cv-02347 (D. Minn.)<br>0:24-cv-02233 (D. Minn.) | **DIRECT PURCHASER PLAINTIFFS' SHORT-FORM FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

The Direct Purchaser Plaintiffs KPH Healthcare Services, Inc.; Northern Frozen Foods, Inc. d/b/a Northern Haserot; Wakefern Food Corp.; Redner's Markets, Inc.; and C.A. Curtze Co. (collectively the "DPPs" or "Direct Purchasers"), individually and on behalf of all others similarly situated (the "Class," or "Class Members" as defined below), upon personal knowledge as to the facts pertaining to themselves, and upon information and belief as to all other matters, submit this First Amended Short-Form Consolidated Class Action Complaint ("ASFC") against Defendants ASR Group International, Inc. ("ASR Group"), American Sugar Refining, Inc. ("ASR"), Domino Foods, Inc. ("Domino," together with ASR Group and ASR, "ASR/Domino"); Florida Crystals Corporation ("Florida Crystals"); Michigan Sugar Company ("Michigan Sugar"); National Sugar Marketing ("NSM") and its two sugar producing member owners Amalgamated Sugar Company ("Amalgamated"), Southern Minnesota Beet Sugar Cooperative ("So-Minn"); Western Sugar Cooperative ("Western"); United Sugar Producers & Refiners f/k/a United Sugars Corporation ("United") and its four sugar producing member owners United States Sugar Corporation ("U.S. Sugar"), American Crystal Sugar Company ("American Crystal"), Minn-Dak Farmers Cooperative ("Minn-Dak"), and Wyoming Sugar Company LLC ("Wyoming") (together , the "Producer Defendants"); Commodity Information, Inc. ("Commodity"), and Richard Wistisen ("Wistisen," together with Commodity, "Commodity Defendants," and together with the Producer Defendants, "Defendants"), for violations of Section 1 and 3 of the Sherman Antitrust Act of 1890, 15 U.S.C. §§ 1, 3.

## II. RELEVANT BACKGROUND

Pursuant to Pretrial Order No. 12, the Plaintiff subgroups timely file the Amended Master Consolidated Complaint ("AMCC"). ECF No. XXX. And pursuant to PTO No. 7, the DPPs timely file this Amended Short-Form Complaint ("ASFC").

## III. NATURE OF THE ACTION, JURISDICTION, VENUE, AND COMMERCE

1. The DPPs incorporate by reference the Nature of the Action, Jurisdiction, Venue, and Commerce allegations set forth in the AMCC. *See* ECF No. XXX. ¶¶ 1–17 (Nature of the Action); ¶¶ 74–80 (Jurisdiction, Venue, and Commerce).

## IV. PARTIES

2. The DPPs incorporate by reference the five Direct Purchaser entities identified in the AMCC. *Id.* ¶ 18.

3. Plaintiff KPH Healthcare Services, Inc. ("KPH") is a New York corporation with its principal place of business located in Gouverneur, New York. KPH purchased Granulated Sugar directly from one or more of the Producer Defendants that was sold at prices artificially inflated by one or more of the Producer Defendants or their co-conspirators during the Class Period. KPH has therefore suffered antitrust injury as a direct result of the antitrust violations alleged in the AMCC and this ASFC.

4. Plaintiff Northern Frozen Foods, Inc. ("Northern") is a privately owned Ohio corporation with its principal place of business located in Cleveland, Ohio. Northern purchased Granulated Sugar directly from one or more of the Producer Defendants that was sold at prices artificially inflated by one or more of the Producer Defendants or their

co-conspirators during the Class Period. Northern has therefore suffered antitrust injury as a direct result of the antitrust violations alleged in the AMCC and this ASFC.

5. Plaintiff Wakefern Food Corp. ("Wakefern") is the largest retailer-owned cooperative in the United States, comprising member companies that independently own and operate more than 350 retail supermarkets that operate under, among other trademarks owned by Wakefern, the ShopRite® trademark, and has its principal place of business in Keasbey, New Jersey. Wakefern purchased Granulated Sugar directly from one or more of the Producer Defendants that was sold at prices artificially inflated by one or more of the Producer Defendants or their co-conspirators during the Class Period. Wakefern has therefore suffered antitrust injury as a direct result of the antitrust violations alleged in the AMCC and this ASFC.

6. Plaintiff Redner's Markets, Inc. ("Redner's") is a Pennsylvania corporation with its principal place of business located in Reading, Pennsylvania. Redner's purchased Granulated Sugar directly from one or more of the Producer Defendants that was sold at prices artificially inflated by one or more of the Producer Defendants or their co-conspirators during the Class Period. Redner's has therefore suffered antitrust injury as a direct result of the antitrust violations alleged in the AMCC and this ASFC.

7. Plaintiff C.A. Curtze Co. ("Curtze") is a Pennsylvania corporation with its principal place of business located in Erie, Pennsylvania. Curtze purchased Granulated Sugar directly from one or more of the Producer Defendants that was sold at prices artificially inflated by one or more of the Producer Defendants or their co-conspirators

during the Class Period. Curtze has therefore suffered antitrust injury as a direct result of the antitrust violations alleged in the AMCC and this ASFC.

8. The DPPs incorporate by reference the Defendants, Agents, and Co-conspirators identified in the AMCC. *Id*. ¶¶ 21–73.

## V. FACTUAL ALLEGATIONS

9. The DPPs incorporate by reference the factual allegations set forth in the AMCC. *Id*. ¶¶ 81–300.

## VI. LIMITATIONS AND TOLLING

10. The DPPs incorporate by reference the Limitations and Tolling allegations set forth in the AMCC. *Id*. ¶¶ 301–309.

## VII. CLASS ALLEGATIONS

11. The DPPs bring this action on behalf of themselves and as a class action under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3).

12. In addition to the injunctive relief sought in the AMCC, ECF No. XXX ¶¶ 315 and 324, the DPPs seek monetary damages, treble damages, cost of suit, and other relief the Court finds just and proper pursuant to Sections 1 and 3 of the Sherman Act federal antitrust laws on behalf of members of the following class:

> All persons and entities who purchased Granulated Sugar directly from any of the Producer Defendants or any of their co-conspirators in the United States and its territories at any time from January 1, 2019, until the present (the "Class Period").
>
> Specifically excluded from this Class are Defendants; their officers, directors, or employees; any entity in which a Defendant has a controlling interest; any affiliate, legal

> representative, heir, or assign of a Defendant; any federal, state, or local governmental entities; any judicial officers presiding over this action and members of their immediate family and staff; and any juror assigned to this action.

13. The DPPs reserve the right to amend this Class definition, including without limitation, the Class Period.

14. **Class Identity.** The above-defined Class Members are readily identifiable from information and records in the possession of the Defendants identified in the AMCC. Supra ¶ 8.

15. **Numerosity.** The DPPs believe there are thousands of Class Members geographically dispersed throughout the United States, such that joinder of all Class Members would be impracticable.

16. **Typicality.** The DPPs' claims are typical of the claims of the members of the Class because the DPPs purchased Granulated Sugar directly from one or more of the Producer Defendants and were damaged by the same common course of wrongful conduct.

17. **Predominance of Common Questions.** There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including, but not limited to:

a. Whether Defendants and their co-conspirators engaged in a contract, combination, or conspiracy to raise, fix, maintain, or stabilize prices of Granulated Sugar sold in interstate commerce in the United States in violation of federal antitrust laws;

b. Whether Defendants agreed to unreasonably restrain trade in violation of federal antitrust laws;

c. The identity of the participants of the alleged conspiracy;

d. The scope and duration of the alleged conspiracy;

e. The acts performed by Defendants and their co-conspirators in furtherance of the alleged conspiracy;

f. The effect of Defendants' alleged conspiracy on the prices of Granulated Sugar sold in the United States during the Class Period;

g. Whether the conduct of Defendants and their co-conspirators caused injury to the business or property of the DPPs and other members of the Class;

h. Whether the DPPs are entitled to injunctive relief under Section 3 of the Sherman Act;

i. The appropriate class-wide measure of damages; and

j. Whether the statute of limitations was tolled or whether Defendants fraudulently concealed the existence of their anticompetitive conduct from the DPPs and the Class.

18. **Adequacy.** The DPPs will fairly and adequately protect the interests of the Class in that the DPPs' interests are aligned with, and not antagonistic to, those of other members of the Class and the DPPs have retained counsel competent and experienced in the prosecution of class actions and antitrust litigation to represent themselves and the Class.

19. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the Class is impractical and Class Members do not have interests in individually controlling the prosecution of separate actions. Prosecution as a class action will eliminate the possibility of duplicative litigation. The damages suffered by individual members of the Class compared to the expense and burden of individual prosecution of the claims asserted in this litigation means that, absent a class action, it would not be feasible for members of the Class to seek redress for the violations of law herein alleged. Furthermore, individual litigation presents the potential for inconsistent or contradictory judgments and the establishment of incompatible standards of conduct for Defendants and would greatly magnify the delay and expense to all parties and to the court system. Therefore, a class action presents far fewer case management difficulties and will provide the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

20. **Injunctive Relief.** Defendants have acted on grounds generally applicable to the DPPs and Class Members, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## VIII. CLAIMS FOR RELIEF

21. The DPPs and Class Members incorporate and re-allege, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this ASFC, and the allegations in the AMCC that are incorporated by reference.

22. The DPPs and Class Members incorporate by reference Count I and Count II of the AMCC into the ASFC. *See* ECF No. XXX ¶¶ 310–324.

23. Additionally, under the Sherman Act, the DPPs and Class Members are also entitled to monetary damages, treble damages, and the costs of suit.

## IX. PRAYER FOR RELIEF

24. The DPPs and Class Members incorporate by reference the Prayer for Relief in the AMCC. ECF No. XXX § VII.

25. Additionally, the DPPs and Class Members respectfully request judgment against Defendants, as follows:

A. That the Court determine that this action may be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, appoint the DPPs as Class Representatives and their counsel of record as Class Counsel, and direct that notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given to the Class once certified;

B. That the DPPs and the Class recover damages to the maximum extent allowed under federal law, and that joint and several judgment in their favor be entered against Defendants in an amount to be trebled to the extent such laws permit; and

C. That the DPPs and the Class be awarded pre- and post- judgment interest as provided by law, and that such interest be awarded at the highest legal rate from and after the date of service of this Complaint.

## X. DEMAND FOR JURY TRIAL

26. The DPPs, on behalf of themselves and all other similarly situated, hereby request a jury trial, pursuant to Federal Rule of Civil Procedure 38(b), on any and all claims so triable.

Dated: September 14, 2026

Respectfully submitted,

*/s/ Daniel E. Gustafson*
**GUSTAFSON GLUEK PLLC**
DANIEL E. GUSTAFSON (#202241)
Canadian Pacific Plaza
120 So. Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com

*/s/ Michael L. Roberts*
**ROBERTS LAW FIRM US, PC**
MICHAEL L. ROBERTS
1920 McKinney Ave, Suite 700
Dallas, TX 75201
Telephone: (501) 821-5575
Facsimile: (501) 821-4474
mikeroberts@robertslawfirm.us

***Appointed Interim Plaintiffs' Steering Committee Members and Co-Lead Counsel for the Direct Purchaser Plaintiffs Subgroup***

**GUSTAFSON GLUEK PLLC**
DANIEL C. HEDLUND (#258337)
ABOU B. AMARA, JR. (#0401146)
GABRIELLE M. KOLB (#0504386)
MELANIE A. MILLER (#0506523)
Canadian Pacific Plaza
120 So. Sixth Street, Suite 2600
Minneapolis, MN 55402

Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dhedlund@gustafsongluek.com
aamara@gustafsongluek.com
gkolb@gustafsongluek.com
mmiller@gustafsongluek.com

**ROBERTS LAW FIRM US, PC**
ERICH P. SCHORK
SARAH E. DELOACH
KAREN HALBERT
MORGAN HUNT
1920 McKinney Ave, Suite 700
Dallas, TX 75201
Telephone: (501) 821-5575
Facsimile: (501) 821-4474
erichschork@robertslawfirm.us
sarahdeloach@robertslawfirm.us
karenhalbert@robertslawfirm.us
morganhunt@robertslawfirm.us

**HAUSFELD LLP**
SCOTT MARTIN
ERIKA INWALD
33 Whitehall Street
New York, NY 10004
Telephone.: (646) 357-1100
Facsimile: (212) 202-4322
smartin@hausfeld.com
einwald@hausfeld.com

**HAUSFELD LLP**
MICHAEL HAUSFELD
888 16th St. N.W.
Suite 300
Washington, D.C. 20006
Telephone: (202)-540-7200
Facsimile: (202)-540-7201
mhausfeld@hausfeld.com

**HAUSFELD LLP**
MICHAEL LEHMANN
600 Montgomery St.
Suite 3200
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 633-4980
mlehmann@hausfeld.com

**KOHN, SWIFT & GRAF, P.C.**
JOSEPH C. KOHN
WILLIAM E. HOESE
DOUGLAS A. ABRAHAMS
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com

**DICELLO LEVITT LLP**
GREG ASCIOLLA
ALEXANDER E. BARNETT
CHARLES F. DENDER
JONATHAN S. CREVIER
NOAH L. COZAD
485 Lexington Ave, Suite 1001
New York, NY 10017
Telephone: (646) 933-1000
gasciolla@dicellolevitt.com
abarnett@dicellolevitt.com
cdender@dicellolevitt.com
jcrevier@dicellolevitt.com
ncozad@dicellolevitt.com

**RUPP PFALZGRAF, LLC**
MARCO CERCONE
1600 Liberty Building
Buffalo, NY 14202
Telephone: (716) 854-3400
cercone@RuppPfalzgraf.com

**GRABAR LAW OFFICE**
JOSHUA H. GRABAR
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (267) 507-6085
jgrabar@grabarlaw.com

**EDELSON LECHTZIN LLP**
MARC H. EDELSON
411 S. State Street, Suite N300
Newtown, Pennsylvania 18940
Telephone: (215) 867-2399
medelson@edelson-law.com

**DILWORTH PAXSON LLP**
IRA N. GLAUBER
99 Park Avenue, Suite 320
New York, NY 10016
Telephone: (917) 675-4252
iglauber@dilworthlaw.com

**DILWORTH PAXSON LLP**
CATHERINE PRATSINAKIS
IRA NEIL RICHARDS
LISA J. RODRIGUEZ
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7000
cpratsinakis@dilworthlaw.com
irichards@dilworthlaw.com
lrodriguez@dilworthlaw.com

**NASTLAW LLC**
DIANNE M. NAST
DANIEL N. GALLUCCI
JOSEPH N. RODA
MICHELE S. BURKHOLDER
MICHAEL S. TARRINGER
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Telephone: (215) 923-9300
Facsimile: (215) 923-9302

dnast@nastlaw.com
dgallucci@nastlaw.com
jnroda@nastlaw.com
mburkholder@nastlaw.com
mtarringer@nastlaw.com

**BOIESBATTIN LLP**
CHRISTOPHER V. LE
4041 University Drive, 5th Floor
Fairfax, VA 22030
Telephone: (703) 764-8700
Facsimile: (703) 764-8704
cle@boiesbattin.com

**WEXLER BOLEY & ELGERSMA LLP**
KENNETH A. WEXLER
JUSTIN N. BOLEY
311 S. Wacker Dr., Suite 5450
Chicago, IL 60606
Telephone: (312) 346-2222
kaw@wbe-llp.com
jnb@wbe-llp.com

**COTCHETT, PITRE & MCCARTHY, LLP**
ADAM J. ZAPALA
ELIZABETH CASTILLO
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com

***Additional Counsel for the Direct Purchaser Plaintiffs Class***