**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: GRANULATED SUGAR ANTITRUST LITIGATION | Case No. 24-md-03110 (JWB/ECW) |
| This Document Relates To: ALL ACTIONS | **SEPTEMBER 23, 2026 JOINT STATUS REPORT** |

Pursuant to Pretrial Order Nos. 12 ("PTO No. 12") (ECF No. 497), 13 ("PTO No. 13") (ECF No. 797), and ECF No. 813, the Plaintiffs' Steering Committee ("PSC"), the Direct Action Plaintiffs' ("DAPs") Liaison, and the Defendants' Steering Committee ("DSC"), hereby submit this September 23, 2026, Joint Status Report, in advance of the September 28, 2026, Status Conference.

## I. GENERAL STATUS UPDATES

### A. Plaintiffs' Amended Master and Short-Form Complaints.

Pursuant to Pretrial Order No. 13 ¶ 2 ("PTO No. 13") on Monday, September 14, 2026, Plaintiffs filed their Amended Master Consolidated Complaint and respective Short-Form Complaints. *See* ECF Nos. 811, 814, 815 and 830. DAPs intend to file a single consolidated amended Master Complaint and individual short-form complaints for each DAP group setting forth allegations unique to each DAP group by October 9, 2026.[1]

[1] ASR/Domino object to the filing of a consolidated DAP complaint to the extent that the DAPs intend to use it to argue that ASR/Domino's longtime counsel, Paul, Weiss, should be disqualified from appearing or participating on ASR/Domino's behalf in response to such a consolidated complaint or disqualified from appearing or participating on ASR/Domino's behalf in any aspect of the MDL. The motion to show cause regarding

B. Proposed Amended Case Schedule.

The PSC, DAP Liaison, and DSC have conferred regarding proposed modifications to the Scheduling Order, PTO No. 12, and will timely submit a joint proposed amended scheduling order, or competing proposals if the Parties are unable to reach agreement, by noon on September 25, 2026, in accordance with PTO No. 13, ¶ 9.

C. Coordination between the PSC and DAPs.

The PSC and DAP Liaison conferred on September 16 and 18, 2026 to discuss coordination between Class Plaintiffs and DAPs and submitted a proposed order addressing the issues the Court identified in PTO No. 13, ¶ 5.

D. Discovery Dashboard.

The PSC, DAP Liaison, and DSC submitted their respective proposals regarding a monthly Discovery Dashboard based on the template provided by the Court on September 21, 2026. *See* ECF No. 840-1.

## II. REQUESTS FOR PRODUCTION AND VOLUME OF DOCUMENTS PRODUCED TO DATE

A. Plaintiffs' Position

In March 2025**,** less than three weeks after the Court lifted the Stay on Discovery, Class Plaintiffs served their First Set of Requests for Production on Defendants. In

---

Paul, Weiss's participation filed by certain DAPs, ECF 760, is not on the agenda for the September 28 status conference and will instead be addressed during the September 30 motion hearing. As noted, *see, e.g.*, ECF 842, Paul, Weiss is representing ASR/Domino except with respect to the direct action filed by The Kraft Heinz Company as Plaintiff. ASR/Domino includes this footnote solely to preserve its position on this issue in advance of the September 30 hearing.

Plaintiffs' Counsels' experience, early document production from Defendants is essential because it is common for Defendants to produce millions of pages and sometimes millions of documents. Yet, document productions from Defendants continue to lag with Defendants ASR/Domino producing a total of 7,922; United producing a total of 44,058, and Wistisen/Commodity producing a total of 5,383 documents. As of the September 9, 2026, Status Conference, Defendants have not produced any documents since June 2026.

DAPs' complaints were filed after most of the discovery, and discovery disputes, discussed herein were well underway. DAPs and Defendants have not yet engaged in discovery, and DAPs have not been part of the Class Plaintiffs' and Defendants' past and ongoing discovery discussions. Accordingly, references to "Plaintiffs" when discussing discovery in this report refers to Class Plaintiffs. DAPs look forward to participating is discovery going forward to the extent permitted by the Court.

B. Defendants' Position

As discussed at the September 9, 2026, Status Conference, the Parties' document productions slowed over the summer due to disputes related to search terms and custodians, as well as the filing of several DAP complaints, which injected uncertainty and complexity into the litigation. While litigating certain of these disputes and in anticipation of guidance from the Court as to how to integrate the DAP cases, Defendants continued with their document reviews, and United, ASR/Domino, and Commodity/Wistisen have proceeded to make additional document productions since the status conference. Since September 9, 2026, United has produced 18,230 documents; ASR/Domino has produced 2,967 documents; and Commodity/Wistisen has produced 2,136 documents. Defendants'

document review and productions remain ongoing and Defendants anticipate continuing to make meaningful document productions.

## III. DISCOVERY FROM DEFENDANTS

### A. Discovery From ASR/Domino

#### 1. Plaintiffs' Position

**Custodians.** On November 7, 2025, ASR/Domino provided Plaintiffs with a proposed list of four custodians from which it would search for responsive documents using search terms. The Parties met and conferred regarding custodians on at least three occasions and exchanged seven letters. On March 10, 2026, in response to Plaintiffs' request, ASR/Domino proposed an additional five custodians. Plaintiffs initiated the formal discovery dispute process with Magistrate Judge Schultz to compel ASR/Domino to designate as custodians a subset of Plaintiffs' requested custodians (those who communicated directly with Defendant Richard Wistisen), and Plaintiffs' Motion to Compel was heard on May 4, 2026.

On April 15, 2026, ASR/Domino offered to designate three additional custodians contingent upon (i) Plaintiffs accepting these twelve custodians as a complete set of custodians from the ASR/Domino Defendants, and (ii) Plaintiffs not pursuing the Motion to Compel. Plaintiffs did not accept this offer. On May 13, 2026, the Parties met and conferred regarding custodians. On May 15, 2026, Plaintiffs sent ASR/Domino a letter requesting additional information regarding the roles of various groups and individuals listed on produced organizational charts. On June 5, 2026, ASR/Domino responded and provided Plaintiffs with some additional information. On June 11, 2026, Plaintiffs sent

ASR/Domino a proposal to designate 38 custodians, apart from those at-issue in Plaintiffs' Motion to Compel. On June 17, 2026, ASR/Domino sent Plaintiffs a letter with an offer to designate 16 document custodians, if Plaintiffs would withdraw their April 20, 2026, motion to compel. On June 18, 2026, Plaintiffs informed ASR/Domino that it would not accept this offer and reserved all rights to move to compel. On July 1, 2026, the Court granted in part and denied in part Plaintiffs' motion to compel custodians, ordering that ASR/Domino designate 25 ASR/Domino employees as document custodians to whom Richard Wistisen reported on domestic sugar pricing and other market information on a regular basis throughout the relevant time period. At the September 9, 2026 status conference, Judge Blackwell overruled ASR/Domino's objections to the Magistrate Judge's July 1, 2026 order. On August 5, 2026, Plaintiffs sent ASR/Domino a proposal to resolve their remaining disputes regarding custodians and proposed that ASR/Domino designate 14 additional custodians consisting of national accounts managers, sales and marketing managers, and certain C-Level executives. ASR/Domino has not responded to this letter.

**Search Terms and Document Productions.** On December 8, 2025, ASR/Domino provided Plaintiffs with a search term proposal that consisted of 144 search strings. Plaintiffs then provided a counterproposal on January 30, 2026, that included an additional 72 search terms and strings. On February 23, 2026, ASR/Domino provided Plaintiffs with a revised search term proposal that included 183 search strings (adding 39 additional search strings to their initial proposal). On March 11, 2026, Plaintiffs sent ASR/Domino a letter requesting unique hit counts and further clarification as to which search terms

ASR/Domino refused to run. On March 17, 2026, ASR/Domino requested clarification of Plaintiffs' March 11, 2026, letter. The Parties met and conferred on April 9, 2026, and ASR/Domino agreed to provide a comprehensive list of terms that they contend are overbroad and discuss whether they were willing to provide any of the information requested in Plaintiffs' March 11 letter. On May 5, 2026 ASR/Domino provided Plaintiffs with a list of over 200 terms it contends are overbroad, but with no unique hit counts. On May 6, 2026, Plaintiffs responded that ASR/Domino has failed to provide sufficient information to allow Plaintiffs to analyze Defendants' disputed search terms and that the parties are at an impasse. On May 11, 2026, ASR/Domino responded that it does not believe the Parties are at an impasse but failed to provide the hit counts requested. On May 13, 2026, Plaintiffs responded that the Parties are at an impasse because ASR/Domino has failed to provide the hit counts requested. On June 17, 2026, Plaintiffs filed a motion to compel ASR/Domino and United to run its requested search terms. The Court heard oral argument on the motion on July 1. At the hearing, the Court ordered the parties to continue meeting and conferring with certain parameters in place until July 31, as memorialized in ECF No. 662 (Jul. 2, 2026).

The Parties met and conferred on July 31, 2026, and Plaintiffs requested that ASR/Domino (1) confirm the correctness of certain hit-count figures included in its July 29, 2026 letter; (2) provide updated hit-count figures to account for duplicates within each disputed search string (or confirm the previously provided figures account for such duplicates); and (3) provide updated hit-count figures that account for duplicates between the disputed search strings. In response to these requests, ASR/Domino committed to

looking into each of these items and getting back to Plaintiffs with its responses. Plaintiffs also sent ASR/Domino a letter on August 12, 2026, responding to the letters they received on July 29, 2026, from United and ASR/Domino and further addressing Magistrate Judge Schultz's instructions by eliminating additional search words, tightening modifiers, and explaining what the strings would capture that would not be captured by the agreed-upon terms. . On September 15, 2026, Plaintiffs received a letter from ASR/Domino addressing the items discussed on the July 31, 2026 meet-and-confer and responding to Plaintiffs' August 12 letter.

**Interrogatories.** Counsel for Plaintiffs and the ASR/Domino Defendants met and conferred regarding ASR/Domino's Responses and Objections to Plaintiffs' First Set of Interrogatories on April 9 and April 17, 2026. Plaintiffs sent ASR/Domino a letter memorializing these discussions and requesting that ASR/Domino supplement its responses to certain interrogatories on May 6, 2026. On May 27, 2026, Plaintiffs emailed ASR/Domino to follow up on their May 6 letter. ASR/Domino sent its First Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories on June 23, 2026. ASR/Domino's interrogatory responses remain unverified.

2. ASR/Domino's Position

**Custodians**. ASR/Domino has offered to designate sixteen custodians, covering (i) employees in each of the relevant sales channels, (ii) the senior-most executive at ASR with day-to-day responsibility for pricing, (iii) the only person to ASR/Domino's knowledge to have communicated with Mr. Wistisen about sugar prices, (iv) the only other people ASR/Domino are aware of based on a reasonable investigation who had

communications with Mr. Wistisen about the sugar industry, (v) additional members of each of the relevant sales channels at different levels, including those with knowledge of sales to the named plaintiffs, and (vi) individuals who testified in the Merger Case. Plaintiffs, however, moved to compel ASR/Domino to designate over thirty additional individuals as custodians. ECF No. 658 at 1. Magistrate Judge Schultz granted in-part and denied in-part that motion. *Id.* On September 9, this Court overruled ASR/Domino's objections to the portion of the Magistrate Judge Schultz's July 1 order. As a result, in addition to the sixteen custodians offered by ASR/Domino, Plaintiffs also will receive discovery from ASR/Domino employees who were on the distribution list for Mr. Wistisen's monthly reports.

Plaintiffs, however, have demanded that ASR/Domino designate 22 additional custodians, including (among others) (i) six Florida Crystals employees whose designation Magistrate Judge Schultz already rejected in denying in-part Plaintiffs' motion to compel (ECF No. 658 at 7); (ii) five "marketing executives" who were not responsible for setting prices to customers; and (iii) additional employees in the grocery and industrial sales channels who report to designated custodians. Plaintiffs have not shown that these additional proposed custodians are likely to possess "unique information about the alleged exchange of competitively sensitive information." ECF No. 658 at 8; *see also id.* at 9. And adding these additional custodians would be disproportionate to the needs of the case and would impose an undue burden on ASR/Domino. ASR/Domino will continue to meet and confer with Plaintiffs to attempt to resolve issues as to these remaining custodians, and will continue to review and produce documents from agreed custodians in the meantime.

**Search Terms and Document Productions.** From December 2025 through February 2026, the parties negotiated search strings, and ASR/Domino agreed to run 184 search strings, including several proposed by Plaintiffs. Plaintiffs subsequently moved to compel ASR/Domino to run 30 additional strings, which in total would have returned more than 90% of the custodial documents ASR/Domino had collected to that point. Magistrate Judge Schultz denied the motion, finding that a number of the proposed strings were "patently absurd." July 1, 2026 Tr. at 19:17–24. In denying Plaintiffs' motion, the Court instructed Plaintiffs to identify specific gaps in ASR/Domino's existing search strings, advising that a term's relevance alone was insufficient grounds to require its inclusion. *See id.* at 41:18–42:2.

Since that ruling, notwithstanding the Court's directives, Plaintiffs have continued to propose search strings similar to those the Court declined to order run. In subsequent correspondence, Plaintiffs have not identified any category of documents that would be captured by their additional proposed strings but not by the now-194 strings ASR/Domino has agreed to run. Rather, Plaintiffs' position is that the agreed-upon strings are incomplete simply because they do not include every single search term that Plaintiffs have demanded. Plaintiffs' proposed strings also continue to disregard Magistrate Judge Schultz's instruction to apply "delimiters of some kind" to "single word search strings." *Id.* at 41:18–42:2. Plaintiffs have added "and" connectors to certain proposed strings that do not meaningfully narrow hit counts, and have offered only one proximity connector in a single string to the terms Magistrate Judge Schultz rejected over two months ago.

ASR/Domino has, nevertheless, continued to work toward a resolution of the parties' search term dispute. On July 29, 2026, ASR/Domino agreed to run 6 additional search strings proposed by Plaintiffs, bringing the total to 194. On September 15, 2026, in an effort to resolve the parties' dispute regarding search strings, ASR/Domino offered to run an additional 9 search strings, modified from Plaintiffs' proposals. As of the date of this filing, Plaintiffs have not responded to that offer.

**Interrogatories**. ASR/Domino responded to Plaintiffs' First Set of Interrogatories. ASR/Domino served a supplemental response to Plaintiffs' Interrogatory One on June 22, 2026, and continues to evaluate Plaintiffs' May 6, 2026 request to supplement certain responses.

B. Discovery From United

1. Plaintiffs' Position

**Custodians.** On November 7, 2025, United provided Plaintiffs with a proposed list of seven custodians from which it would search for responsive documents with search terms. Between that date and April 29, 2026, Plaintiffs and United exchanged eight letters regarding custodians and met and conferred regarding custodians on at least three occasions. After United eventually agreed to five more custodians (for a total of 12), a dispute between Plaintiffs and United remained as to whether certain additional current/former United employees should be designated as custodians. Pursuant to Magistrate Judge Schultz's request, on July 21, 2026, Plaintiffs and United jointly submitted a chart addressing ten additional current/former United employees whom Plaintiffs requested be designated as custodians. On September 14, 2026, Plaintiffs and

United notified the Court that they had resolved their dispute with respect to United custodians.

**Search Terms and Document Productions.** On December 8, 2025, United provided Plaintiffs with a search term proposal that consisted of 148 search strings. Plaintiffs provided a counterproposal on February 4, 2016, which included an additional 73 search strings. After the Holidays, on February 20, 2026, United provided Plaintiffs with a revised search term proposal that included 189 search strings (41 additional strings from its initial proposal). On March 16, 2026, Plaintiffs sent United a letter requesting additional unique hit counts to better understand United's rationale for refusing to run certain terms and strings requested by Plaintiffs. On March 23, 2026, United responded to Plaintiffs' letter, refusing to provide the requested unique hit counts. Plaintiffs again requested unique hit counts via an April 2, 2026, letter and, during an April 15, 2026 meet and confer, requested that United identify terms hitting on false positives. On April 27, 2026, United again refused to provide Plaintiffs with the requested information. On April 29, 2026, Plaintiffs notified United that they intended to invoke the formal motion process to request that United run the search terms they requested on February 4, 2026, minus 33 strings United agreed to run on February 20, 2026. On June 17, 2026, Plaintiffs filed a Motion to Compel regarding Search Terms. At the July 1, 2026 hearing on Plaintiffs' motion to compel, the Court ordered the parties to continue meeting and conferring with certain parameters in place until July 31, 2026, as memorialized in ECF No. 662 (Jul. 2, 2026).

Pursuant to the Court's guidance, Plaintiffs sent United a letter on July 20, 2026, offering to narrow certain of the requested search terms. Untied responded to Plaintiffs' letter on July 29, 2026, and on July 31, 2026, United, ASR/Domino, and Plaintiffs participated in a meet-and-confer conference. During that conference, Plaintiffs requested that United (1) confirm the correctness of certain hit-count figures included in its July 29, 2026 letter; (2) provide updated hit-count figures to account for duplicates within each disputed search string (or confirm the previously provided figures account for such duplicates); and (3) provide updated hit-count figures that account for duplicates between the disputed search strings. Additionally, on August 12, 2026, Plaintiffs sent United a letter responding to the letters they received on July 29, 2026, from United and ASR/Domino and further addressing Magistrate Judge Schultz's instructions by eliminating additional search words, tightening modifiers, and explaining what the strings would capture that would not be captured by the agreed-upon terms.

Plaintiffs responded to United's July 29, 2026, letter. On September 8, 2026, United responded to Plaintiffs' August 12 letter.

**Interrogatories.** Counsel for Plaintiffs and United met and conferred on April 15, 2026, regarding United's responses and objections to Plaintiffs' first set of interrogatories.

2. United's Position

**Custodians.** In the interests of resolving the Parties' dispute with respect to United's document custodians and moving forward with discovery, on September 11, 2026, United agreed to add nine additional document custodians, bringing its total number

of document custodians to 21. There are thus no outstanding disputes with respect to United's document custodians at this time.

**Search Terms and Document Productions.** Between December 2025 and February 2026, United agreed to run 184 search strings, including several proposed by Plaintiffs. Without identifying any deficiency in those strings, Plaintiffs moved to compel United to run 29 additional search strings, even though those strings returned more than 90% of the custodial documents United had collected to date. Magistrate Judge Schultz denied Plaintiffs' motion, finding a number of Plaintiffs' proposed strings were "patently absurd." July 1, 2026 Tr. at 19:17-24. In denying Plaintiffs' motion, the Court instructed Plaintiffs to identify specific gaps in United's existing search strings and advised that a search term's relevance alone is not sufficient grounds to require its inclusion. *See id.* at 41:18-42:2.

Since that ruling, and notwithstanding the Court's directive's, Plaintiffs' approach to search terms has remained unchanged. Plaintiffs have continued to propose search strings similar to those the Court rejected. Plaintiffs have not identified any category of documents that would be captured by their additional proposed strings but not by the now 192 strings United has agreed to run. Rather, Plaintiffs' position remains that Defendants' terms are deficient simply because they do not include all of the terms that Plaintiffs demand be run.

Nonetheless, United has continued to work towards a resolution of the Parties' search term dispute, and has agreed to run certain of Plaintiffs' proposed terms and proposed modifications to others. To date, Plaintiffs have rejected United's attempts to

reach a compromise. United has asked Plaintiffs to reconsider their approach to search terms, particularly in light of United's agreement to add nine additional custodians, and is awaiting Plaintiffs' response.

**Interrogatories.** United has responded to Plaintiffs' First Set of Interrogatories and is in the process of responding to a follow-up letter it received from Plaintiffs regarding its response to Interrogatory No. 1.

A. Discovery From Commodity/Wistisen

1. Plaintiffs' Position

**Custodians**. Defendants Wistisen and Commodity ("Wistisen/Commodity") represent that Defendant Richard Wistisen is the only document custodian.

**Search Terms and Document Productions.** Following numerous meet and confers and correspondence, including on February 10, March 11, March 25, April 2, April 21, and May 1, 2026, on May 12, 2026, Plaintiffs and Wistisen/Commodity reached agreement on search terms, with Plaintiffs reserving all rights with respect to the use of search terms on Wistisen/Commodity's ESI, including the right to seek a linear review of his documents.

In addition to documents located through search terms, Plaintiffs are awaiting Wistisen/Commodity's production of several categories of go-get documents such as Wistisen/Commodity's voicemails and text messages with Granulated Sugar producers, among others.

Wistisen and Commodity, through counsel, have misrepresented the timing of production and have displayed a lack of candor in communications with Plaintiffs' counsel and in their compliance with their Court-ordered rolling production obligations in this case.

For instance, Plaintiffs were told that they would receive a production at the end of the week of August 10, 2026, which they never received. Thereafter, they were told that the production would be forthcoming the week of August 31, 2026. Again, the production was never received. When Plaintiffs demanded an update and explanation on the status of productions on September 8, 2026, they did not receive a response. On September 18, 2026, over a week after the September 9, 2026 status conference with the Court, Wistisen produced 2,136 documents.

**Interrogatories**. Plaintiffs served their first set of interrogatories upon Wistisen and Commodity on January 15, 2026. Wistisen/Commodity objected and responded thereto on March 3, 2026. On April 13, 2026. Plaintiffs and Wistisen/Commodity met and conferred regarding Wistisen/Commodity's responses and objections to Plaintiffs' Interrogatories. By correspondence dated April 21, 2026, Plaintiffs memorialized the meet and confer and requested that Wistisen/Commodity amend their interrogatory responses to address the deficiencies, verify the interrogatories consistent with Federal Rule of Civil Procedure 33(b), and to do so by May 6, 2026. By letter dated May 1, 2026, Wistisen/Commodity's counsel stated that they were reviewing Plaintiffs' summary of the meet and confer on the interrogatory responses and would be responding by letter. Wistisen/Commodity did not verify or amend the responses by May 6, 2026 as requested nor did they identify a date by which Plaintiffs could expect the amended responses. On June 4, 2026, Wistisen/Commodity notified Plaintiffs by letter that their interrogatory responses failed to identify a previously undisclosed email account for Wistisen/Commodity. That same day, Plaintiffs and Wistisen met and conferred regarding,

*inter alia*, the newly disclosed email account and Wistisen/Commodity's anticipated amended and verified responses. By letter dated June 12, 2026, Plaintiffs memorialized that conversation and asked for the amended and verified interrogatory responses by June 15, 2026 or they intended to bring the issue to the Court's attention. On the afternoon of June 15, 2026, having not received the responses, Plaintiffs' counsel spoke with Wistisen/Commodity's counsel who committed to providing amended and verified interrogatory responses by the end of that week, but failed to do so. By correspondence dated July 14, 2026, Wistisen/Commodity committed to providing amended and verified interrogatory responses "prior to the upcoming status hearing" which was to take place on July 27, 2026. *See* ECF No. 673. Plaintiffs ultimately received the amended and verified interrogatory responses on August 7, 2026.

2. Commodity/Wistisen's Position

**Custodians.** Defendant Richard Wistisen is the sole custodian for defendants Wistisen/Commodity.

**Search Terms.** Plaintiffs and Wistisen/Commodity reached agreement on search terms as of May 12, 2026. Wistisen/Commodity's document review is ongoing, and as noted above, Wistisen/Commodity, made a production of 2,136 documents on September 18, 2026.

**Interrogatories.** Plaintiffs propounded their first set of interrogatories upon Wistisen/Commodity on January 15, 2026. Wistisen/Commodity objected and responded to the interrogatories on March 3, 2026. On August 7, 2026, Wistisen/Commodity

provided a Supplemental Response to certain Interrogatories and provided a verification for its responses.

## IV. DISCOVERY FROM PLAINTIFFS

### A. Plaintiffs' Position

**Direct Purchaser Plaintiffs**.

**Custodians.** On January 25, 2026, Direct Purchaser Plaintiffs ("DPPs") provided Defendants with a proposed list of custodians for each DPP whose documents would be searched for responsive materials using agreed-upon search strings. DPPs initially proposed 7 custodians for Wakefern Food Corp. ("Wakefern"), 3 custodians for Redner's Markets ("Redner's"), 2 custodians for KPH Healthcare Services, Inc. ("KPH"), 1 custodian for C.A. Curtze ("Curtze"), and 1 custodian for Northern Frozen Foods ("Northern").

On March 27, 2026, following additional investigation, Wakefern provided Defendants with a revised custodian list that removed 3 previously identified custodians and added 2 new custodians.

On June 4, 2026, Defendants proposed 4 additional custodians for KPH, 2 additional custodians for Redner's, and 11 additional custodians for Wakefern. Defendants also submitted follow-up questions concerning custodians for all 5 DPPs.

On June 15, 2026, DPPs responded to the questions directed to KPH and Redner's. DPPs also agreed to include 2 of the additional custodians proposed for KPH and provided information supporting the exclusion of the remaining 2 proposed KPH custodians, as well as the 2 additional custodians proposed for Redner's.

Since the July 15, 2026 Periodic Status Report, DPPs have continued to work with Defendants to resolve the scope of custodial discovery so that production can be completed. On June 26, 2026, DPPs agreed to add five additional custodians for Wakefern Food Corp. ("Wakefern"). On July 20, 2026, Defendants proposed *additional* custodians for each DPP, with the exception of KPH Healthcare Services, Inc. ("KPH"). Specifically, Defendants proposed two additional custodians for C.A. Curtze ("Curtze"), one additional custodian for Northern Frozen Foods ("Northern"), two additional custodians for Redner's Markets ("Redner's"), and six additional custodians for Wakefern.

On August 20, 2026, after further investigation and consideration of Defendants' proposals, DPPs agreed to add one additional custodian for Curtze, one additional custodian for Northern, and two additional custodians for Wakefern. DPPs also provided Defendants with explanations regarding why the remaining proposed custodians were not reasonable custodians for purposes of this litigation. In total, DPPs have agreed to collect and search documents from <u>24 custodians</u>: 13 custodians for Wakefern, 4 custodians for KPH, 3 custodians for Redner's, 2 custodians for Curtze, and 2 custodians for Northern.

DPPs have completed the collection and processing of custodial documents for all 24 custodians across the five DPPs. DPPs also have completed the review and production of responsive, non-privileged custodial documents for KPH and Redner's. DPPs are currently reviewing the documents collected from Wakefern's, Curtze's and Northern's recently added custodians and are producing responsive, non-privileged documents on a rolling basis. DPPs have responded to all of Defendants' inquiries concerning custodians

and, based on DPPs' investigation, believe that all relevant custodians have now been identified.

**Search Terms.** On January 25, 2026, DPPs provided Defendants with five proposed search strings. On March 3, 2026, Defendants proposed 135 additional search strings. On March 27, 2026, DPPs agreed to 121 of Defendants' proposed search strings and proposed limited modifications to the remaining 14 search strings designed to reduce false-positive results while preserving responsive material. At Defendants' request, DPPs thereafter provided hit-count reports for the 14 modified search strings for each of the five DPPs.

Following DPPs' March 27, 2026 proposal and subsequent provision of the requested hit-count reports, Defendants have not proposed any further revisions to the search terms. Accordingly, DPPs have proceeded with application of the search terms as proposed by DPPs to the agreed-upon custodial collections.

In total, DPPs have collected approximately 4,900,000 documents from the agreed-upon custodians. Application of the search terms identified approximately 355,000 documents for review. To date, DPPs have reviewed approximately 175,000 documents and produced approximately 4,987 documents. DPPs consider the search-term process complete and have proceeded with the search terms as final for purposes of completing document review and production.

**Commercial Indirect Purchaser Plaintiffs.**

On December 15, 2025, the Commercial Indirect Purchaser Plaintiffs ("CIPPs") began their rolling production of documents. CIPPs identified their search terms and

custodians on January 14, 2026. CIPPs proposed all individuals named in CIPPs' initial disclosures as custodians and remain prepared to meet and confer with Defendants on their responses and objections to Defendants' requests for production, which CIPPs served on December 11, 2025. CIPPs corresponded with Defendants on these topics on March 10, 2026 and March 17, 2026. On March 18, 2026, CIPPs and Plaintiffs met and conferred regarding CIPPs' search terms and custodians. On April 10, 2026, CIPPs provided a revised search term proposal to Defendants. Defendants accepted CIPPs' search term proposal on May 12, 2026. Subject to their responses and objections to Defendants' requests for production, CIPPs have produced approximately 4,529 documents (totaling 26,476 pages), including transactional data, and are continuing to make rolling productions.

**Consumer Indirect Purchaser Plaintiffs.**

Consumer Plaintiffs began their rolling productions of documents on December 15, 2025, and as of September 8, 2026, all Consumer Plaintiffs have completed their document productions (except for the three new plaintiffs added to the action in the Consumer Indirect Purchaser Plaintiffs' Amended Short Form Complaint, Dkt. 820 (Sept. 14, 2026)). Consumer Plaintiffs have produced more than 950 documents. With the assistance of counsel, the three newly added Consumer Plaintiffs are working diligently to collect relevant materials consistent with the Search Methodology employed by the other Consumer Plaintiffs.

Defendants' characterization of the search term and ESI collection is inaccurate. Between January and April 2026, Consumer Plaintiffs have provided multiple correspondences describing Search Methodology for collecting custodial records response

to Defendants' request. As described in Consumer Plaintiffs' correspondences, counsel has spent many hours working with each individual Consumer Plaintiff to identify where they purchase their Granulated Sugar, the methods they use for purchasing (e.g. online, delivery, in-person), the brands they purchased, and the sources of relevant information (e.g. hard copy, email, apps, store records). Individual correspondences on behalf of each Consumer Plaintiff were sent to Defendants in which each Plaintiff identifies the specific sources collected and purchase details, and the search terms applied, which were the terms "sugar" along with relevant retailers (e.g. "Walmart," "Target," "Hy-Vee") for each Plaintiff. Consumer Plaintiffs also supplemented their custodial collections with purchase histories obtained from physical stores and information from online accounts and mobile apps. When Defendants raised the issue of Consumer Plaintiffs' ESI collections during the July 1, 2026 discovery hearing, the Court stated that it "can understand what I'll hear from [Plaintiffs] as to why they're doing it the way they're doing it" and it "is not going to order" Plaintiffs to "tak[e] forensic images of computers, phones, whatever sources of electronic information the individual plaintiffs may have." *See* July 1, 2026 Tr. at 45:15-46:16.

Consumer Plaintiffs also provided term-by-term objections to each of Defendants' proposed search terms in their June 12, 2026 letter, and on August 5, 2026, provided an exemplar hit report for Plaintiff Grouws. The hit report, which was generated from 3,365 documents collected by applying all 100+ search terms listed in Defendants' March 3, 2026 letter, showed that Defendants' proposed terms did not identify *any* relevant, non-privileged documents beyond what the Plaintiff already produced. The full correspondence

record, including the sample hit report and Plaintiffs' term-by-term objections, is available to the Court upon request.

B. Defendants' Position

1. Direct Purchaser Plaintiffs ("DPPs")

**Custodians.** The Parties have continued to meet and confer and correspond with the DPPs regarding custodians. To date, the parties have agreed to two custodians from Curtze, four custodians from KPH, two custodians from Northern Frozen Foods, three custodians from Redner's Markets, and thirteen custodians from Wakefern. Defendants are evaluating the information that the DPPs have provided, and anticipate requesting additional custodians from Curtze, Redner's Markets, and Wakefern.

**Search Terms.** Defendants are evaluating the hit reports that the DPPs provided to justify certain modifications to search terms Defendants proposed, but there are no outstanding disputes related to the DPPs' search terms at this time.

**Interrogatories.** Defendants served interrogatories on the DPPs on June 15, 2026. The DPPs responded to those interrogatories on August 14, 2026. Defendants are evaluating the responses, and will follow up with the DPPs as needed.

2. Commercial Indirect Purchaser Plaintiffs ("CIPPs")

**Custodians.** Defendants have reached agreement with twelve of the fourteen CIPPs regarding custodians. Following the CIPPs' responses to Defendants' First Set of Interrogatories, Defendants expect to follow up with the CIPPs regarding additional document custodians for King Kullen and SAM Restaurants.

**Search Terms.** The Parties have reached agreement on search terms.

**Interrogatories**. Defendants served interrogatories on the CIPPs on June 15, 2026. The CIPPs responded to those interrogatories on August 14, 2026. Defendants are evaluating the responses.

3. Consumer Indirect Purchaser Plaintiffs ("Consumer IPPs")

**ESI Collection/Search Terms.** Consumer IPPs have refused to do a full forensic ESI collection for each of the named Consumer IPPs. Instead, the Consumer IPPs are performing "Plaintiff-specific searches." Consumer IPPs have also refused to run 27 search terms requested by Defendants, maintaining that the single search term "sugar" is sufficient. To date, Consumer IPPs have provided a hit count report for only one consumer plaintiff. That report demonstrates that Defendants' proposed terms are not unduly burdensome, as they frequently return 50 documents or fewer. The Parties met and conferred on these issues on July 10, 2026, and Defendants reserve all rights to seek relief from the Court.

**Interrogatories**. Defendants served interrogatories on the Consumer IPPs on June 15, 2026. The Consumer IPPs responded to those interrogatories on August 14, 2026. Defendants are evaluating the responses.

## V. DEPOSITION DISCOVERY

No depositions have taken place to date. The Parties submitted, and the Court entered, a Deposition Protocol in December 2025. ECF Nos. 523, 525. Although the Parties reached agreement on several deposition related topics, the Parties have not yet reached agreement regarding the number of deposition hours/depositions but intend to meet and confer on this issue.

## VI. THIRD PARTY DISCOVERY

### A. Plaintiffs' Position

Plaintiffs have served subpoenas on more than 100 third parties in this case. These third parties include the U.S. Department of Agriculture, sugar retailers, sugar distributors, cell phone carriers, and dismissed Defendants. The third-party productions to date consist mainly of transactional data, including over 13,000 pages and 15 GB of data.

### B. Defendants' Position

Defendants have served subpoenas on four third parties. Defendants intend to seek additional discovery from third parties.

## VII. ANTICIPATED AREAS OF DISPUTE

### A. Plaintiffs' Position

Plaintiffs remain concerned about the pace of document production. In a complex antitrust case such as this, it is common for there to be document productions in the millions from the Defendants. Plaintiffs anticipate that the Court's increased frequency of status conferences (*see* PTO No. 13, ¶ 8) will help move discovery along, and if not then Plaintiffs intend to seek court assistance to resolve disputes if necessary.

### B. Defendants' Position

Defendants have and will continue to make rolling document productions and anticipate that discovery will move at a faster clip, particularly if the Parties can expeditiously resolve their outstanding custodian and search term disputes.

Dated: September 23, 2026

Respectfully submitted,

*/s/ Daniel E. Gustafson*
**GUSTAFSON GLUEK PLLC**
DANIEL E. GUSTAFSON (#0202241)
DANIEL C. HEDLUND (#0258337)
ABOU B. AMARA, JR. (#0401146)
GABRIELLE M. KOLB (#0504386)
MELANIE MILLER KAPANKE (#0506523)
Canadian Pacific Plaza
120 So. Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
aamara@gustafsongluek.com
gkolb@gustafsongluek.com
mmiller@gustafsongluek.com

*/s/ Michael L. Roberts*
**ROBERTS LAW FIRM US, PC**
MICHAEL L. ROBERTS
ERICH P. SCHORK
SARAH E. DELOACH
1920 McKinney Ave, Suite 700
Dallas, TX 75201
Telephone: (501) 821-5575
Fax: (501) 821-4474
mikeroberts@robertslawfirm.us
erichschork@robertslawfirm.us
sarahdeloach@robertslawfirm.us

***Appointed Interim Plaintiffs' Steering Committee Members and Co-Lead Counsel for the Direct Purchaser Plaintiffs Subgroup***

*/s/ Heidi M. Silton*
**LOCKRIDGE GRINDAL NAUEN PLLP**
HEIDI M. SILTON (#025759X)
JESSICA N. SERVAIS (#0326744)
JOSEPH C. BOURNE (#0389922)
MICHAEL J.K.M. KINANE (#0504621)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612/339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com
mjkmkinane@locklaw.com

*/s/ Kimberly A. Justice*
**JUSTICE JAGHER LONDON & MILLEN LLC**
KIMBERLY A. JUSTICE
923 Fayette Street
Conshohocken, PA 19428
Telephone: 610/234-6335
kjustice@jjlmlaw.com

**JUSTICE JAGHER LONDON & MILLEN LLC**
MATTHEW W. RUAN (#033909X)
DOUGLAS A. MILLEN
ROBERT J. WOZNIAK, JR.
SAMANTHA M. GUPTA
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@jjlmlaw.com
dmillen@jjlmlaw.com
rwozniak@jjlmlaw.com
sgupta@jjlmlaw.com

***Appointed Interim Plaintiffs' Steering Committee Member and Co-Lead Counsel for the Commercial Indirect Purchaser Plaintiffs Subgroup***

*/s/ Stacey P. Slaughter*
**ROBINS KAPLAN LLP**
STACEY P. SLAUGHTER (#0296971)
CAITLIN E. KEIPER (#0504799)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
sslaughter@robinskaplan.com
ckeiper@robinskaplan.com

**ROBINS KAPLAN LLP**
ELLEN G. JALKUT
1325 Avenue of the Americas
New York, NY 10019
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
EJalkut@RobinsKaplan.com

*/s/ Peter A. Barile III*
**LOWEY DANNENBERG, P.C.**
PETER A. BARILE III
VINCENT BRIGANTI
PETER ST. PHILLIP, JR.
SITSO BEDIAKO (#0389073)
NICOLE A. VENO
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Fax: (914) 997-0035
pbarile@lowey.com
vbriganti@lowey.com
pstphillip@lowey.com
sbediako@lowey.com
nveno@lowey.com

*/s/ Elizabeth A. Fegan*
**FEGAN SCOTT LLP**
ELIZABETH A. FEGAN
JONATHAN LINDENFELD
DERRICK LOVING
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Fax: (312) 264-0100
beth@feganscott.com
jonathan@feganscott.com
derrick@feganscott.com

***Appointed Interim Plaintiffs' Steering Committee Members and Co-Lead Counsel for the Consumer Indirect Purchaser Plaintiffs Subgroup***

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Elyse M. Greenwald (*pro hac vice*)
**LATHAM & WATKINS LLP**
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Facsimile: (424) 653-5501
elyse.greenwald@lw.com

David L. Johnson (*pro hac vice*)
Christopher J. Brown (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

david.johnson@lw.com
chris.brown@lw.com

***Counsel for Defendant United Sugar Producers & Refiners Cooperative, and Defendants' Lead Counsel and Liaison Counsel***

*/s/ Djordje Petkoski*
Djordje Petkoski
Paul D. Brachman
Amelia Rasmussen
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
dpetkoski@paulweiss.com
pbrachman@paulweiss.com
mrasmussen@paulweiss.com

Katherine B. Forrest
Matthew A. Robinson
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
kforrest@paulweiss.com
mrobinson@paulweiss.com

***Counsel for Defendants ASR Group International, Inc, American Sugar Refining, Inc., and Domino Foods, Inc. (except with respect to The Kraft Heinz Company as Plaintiff), and Defendants' Steering Committee Member***

*/s/ Christopher D. Plumlee*
Christopher D. Plumlee (AR Bar #96154)
Wendy L. Johnson (AR Bar #94067)
**RMP LLP**
5519 Hackett Street, Suite 300
Springdale, AR 72762
Phone:(479) 443-2705
Fax:(479) 443-2718
cplumlee@rmp.law
wjohnson@rmp.law

***Counsel for Defendants Richard Wistisen & Commodity Information, Inc., and Defendants' Steering Committee Member***

By: */s/ John P. Bjork*
Joseph M. Vanek
David P. Germaine
Alberto Rodriguez
John P. Bjork
Paul E. Bateman, Jr.
**SPERLING KENNY NACHWALTER, LLC**
321 North Clark Street, 25th Floor
Chicago, Illinois 60654
Telephone: (312) 641-3200
jvanek@sperlingkenny.com
dgermaine@sperlingkenny.com
jbjork@sperlingkenny.com
arodriguez@sperlingkenny.com
pbateman@sperlingkenny.com

William J. Blechman
Douglas H. Patton
Michael A. Ponzoli
**SPERLING KENNY NACHWALTER, LLC**
1441 Brickell Avenue, Suite 1100
Miami, Florida 33131
Telephone: (304) 373-1000
Facsimile: (305) 372-1861
wblechman@sperlingkenny.com
dpatton@sperlingkenny.com
mponzoli@sperlingkenny.co

***Counsel for the Albertsons Plaintiffs***

*/s/ Brandon D. Fox*
Brandon D. Fox
Sati Harutyunyan
**JENNER & BLOCK LLP**
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
(213) 239-5100
bfox@jenner.com
sharutyunyan@jenner.com

Andrianna D. Kastanek
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
akastanek@jenner.com

Jariel A. Rendell
**JENNER & BLOCK LLP**
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
(202) 639-6000
jrendell@jenner.com

***Counsel for the Food Manufacturer Plaintiffs***

*/s/ William V. Reiss*
Deborah E. Arbabi (*pro hac vice*)
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, CA 92614
Phone: 949-798-1318
Fax: 949-263-8414
darbabi@crowell.com

William V. Reiss (*pro hac vice*)
Laura Song (*pro hac vice pending*)
Two Manhattan West

375 Ninth Avenue
New York, NY 10001
Phone: 212-803-4029
Fax: 212-223-4134
wreiss@crowell.com
lsong@crowell.com

***Counsel for the McClane Plaintiffs***

*<u>/s/ Linda P. Nussbaum</u>*
Linda P. Nussbaum
**NUSSBAUM LAW GROUP, P.C.**
1225 Franklin Avenue
Garden City, NY 11530
Telephone.: (917) 438-9189
lnussbaum@nussbaumpc.com

Roberta D. Liebenberg
Gerard A. Dever
Jeffrey B. Gittleman
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
gdever@finekaplan.com
jgittleman@finekaplan.com

***Counsel for Krasdale Plaintiffs***