**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| IN RE: GRANULATED SUGAR ANTITRUST LITIGATION | MDL No. 24-03110 (JWB/ECW) |
|---|---|
| This Document Relates To: *Mondelēz Global LLC et al. v. ASR Group International, Inc. et al.*, No. 0:26-cv-03528 | |

**DECLARATION OF DOLLY V. DAVIS, CHIEF LITIGATION COUNSEL, IN SUPPORT OF ASR GROUP INTERNATIONAL, INC., AMERICAN SUGAR REFINING, INC., AND DOMINO FOODS, INC.'S OPPOSITION TO THE MONDELĒZ PLAINTIFFS' MOTION FOR A RULE TO SHOW CAUSE**

I, Dolly V. Davis, pursuant to 28 U.S.C. § 1746, declare as follows:

**I. Background & Qualifications**

1. I am Dolly V. Davis, Chief Litigation Counsel for ASR Group International, Inc., American Sugar Refining, Inc., and Domino Foods, Inc. Although these are separate entities, for convenience I refer to them collectively as "ASR/Domino." My duties include overseeing the companies' responses and defenses to regulatory investigations and litigations, including the above-captioned matter. Part of my duties and responsibilities involve retaining and overseeing outside counsel. I base this declaration on personal knowledge.

**II. Purpose & Summary**

2. This declaration is submitted in opposition to the Mondelēz Plaintiffs' Motion for a Rule to Show Cause, dated September 8, 2026, which is in effect a motion to disqualify ASR/Domino's legal defense team, including their long-standing lead counsel, Djordje Petkoski, and the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss").

Disqualification would substantially prejudice ASR/Domino and significantly delay our ability to participate in *In Re Granulated Sugar Antitrust Litigation*, MDL No. 24-03110 (JWB/ECW), and all related proceedings (the "Litigation").

3. Mr. Petkoski and his team have successfully represented ASR/Domino in this complex antitrust matter and related investigations and litigations for over five years. Mr. Petkoski and his team's expertise, detailed knowledge of the companies and the Litigation, and his relationships with ASR/Domino cannot be replaced. Disqualifying Mr. Petkoski and his team at Paul, Weiss would also force ASR/Domino to expend considerable time and financial resources locating new counsel in the midst of these proceedings. This would seriously delay ASR/Domino's abilities to be responsive to discovery requests in the Litigation and to pursue discovery to defend the claims that have been made against ASR/Domino. It would take time to search for a new legal team and require more time for a new team to become sufficiently familiar with the case to provide effective representation. Moreover, no legal team can truly substitute for Mr. Petkoski and his team, ASR/Domino's chosen counsel, who have effectively and successfully represented our interests for years.

**III. 2021 DOJ Merger Investigation**

4. In May 2021, the United States Department of Justice ("DOJ") initiated an investigation of the proposed acquisition of Imperial Sugar by U.S. Sugar Corporation and issued a Civil Investigative Demand ("CID") to ASR/Domino (the "DOJ Merger Investigation"). The DOJ Merger Investigation focused on pricing and competition in the sugar industry.

5. Shortly thereafter, ASR/Domino retained Mr. Petkoski and his team, who were then at the law firm of Shearman & Sterling LLP. Mr. Petkoski and his team began representing ASR/Domino's interests and prepared to cooperate with the DOJ Merger Investigation and respond to the CID.

6. Mr. Petkoski and his team invested substantial time, effort, and resources to learn the operations of ASR/Domino and the highly specialized and complex domestic and international sugar markets. Mr. Petkoski and his team worked closely with ASR/Domino to collect documents and gather potentially responsive data and information. Mr. Petkoski and his team then spent hundreds of hours reviewing and analyzing these materials.

**IV. 2021 DOJ Merger Litigation**

7. On November 23, 2021, DOJ filed a civil antitrust lawsuit against U.S. Sugar Corporation, United Sugars Corporation, Imperial Sugar Company, and Louis Dreyfus Company LLC in the United States District Court for the District of Delaware (Case No. 21-cv-1644-MN) (the "DOJ Merger Litigation"), seeking to enjoin the Imperial Sugar acquisition. ASR/Domino were third parties in the DOJ Merger Litigation, but our involvement was substantial. ASR/Domino chose to continue to have Mr. Petkoski and his team represent the companies' interests based on their effectiveness and ASR/Domino's significant financial investment in the legal team's knowledge of the companies, the industry, and the specific issues raised in the DOJ Merger Litigation.

8. Mr. Petkoski and his team's detailed knowledge and relationships with ASR/Domino deepened when, between February and March 2022, DOJ deposed four company witnesses: Adam Whittaker, Domino Foods, Inc. Director of National Accounts; Alan Henderson, Domino Foods, Inc. Senior Vice President of Industrial Sales; Mark Olson, American Sugar Refining, Inc. Vice President of Commodities Purchasing and Trading; and Rob Sproull, American Sugar Refining, Inc. Senior Vice President of Sales, Marketing and New Product Development. Mr. Petkoski and a member of his team, Amelia Rasmussen, defended these depositions.

9. Defending depositions of high-level company employees required extensive preparation. Mr. Petkoski and Ms. Rasmussen interviewed and prepared each witness over the

course of multiple days—at significant financial cost to ASR/Domino. The Class Plaintiffs' Master Consolidated Complaint, as well as the recently filed Class Plaintiffs' Amended Master Consolidated Complaint make allegations regarding each of these same four witnesses, paraphrasing certain DOJ allegations and referencing documents produced by ASR/Domino in connection with the DOJ Merger Litigation.

10. ASR/Domino continued to rely on Mr. Petkoski and his team when, from April 18, 2022, to April 21, 2022, a four-day bench trial was held before Judge Maryellen Noreika in the District of Delaware. Mr. Petkoski and Ms. Rasmussen represented ASR/Domino's interests, which included preparing and representing Rob Sproull and Alan Henderson, who were both called to testify by DOJ.

11. On September 23, 2022, Judge Noreika issued an opinion ruling against DOJ and allowing the Imperial Sugar acquisition to proceed.

12. The DOJ Merger Investigation and DOJ Merger Litigation are directly relevant here because many of the allegations that were raised by DOJ have been replicated and repurposed by both the Class Plaintiffs and the Direct Action Plaintiffs, including the Mondelēz Plaintiffs, in this Litigation. Mr. Petkoski and his team are deeply familiar with these allegations because they have been working with ASR/Domino since the allegations were first raised by DOJ in the Imperial Sugar merger proceedings.

13. Mr. Petkoski and his team developed an in-depth understanding of ASR/Domino's business operations, business strategies, and customer relationships, as well as competitive dynamics, information flows, and supply and demand conditions in the sugar industry. They also developed a deep understanding of the complex regulatory framework under the U.S. Sugar Program and its impact on sugar supply, prices, and competition in the sugar industry. This level

of understanding was and remains critically important to ASR/Domino and came at significant financial cost to ASR/Domino.

**V. The DOJ Information Exchange Investigation**

14. While discovery was in progress in the DOJ Merger Litigation, DOJ opened an investigation into potential information exchange in the sugar industry (the "DOJ Information Exchange Investigation").

15. Based on ASR/Domino's substantial investment in the attorney/client relationship and Mr. Petkoski's deep knowledge of the companies, industry, and relevant facts, as well as his effective representation, ASR/Domino again retained Mr. Petkoski and his team.

16. As part of their representation of ASR/Domino, Mr. Petkoski and his team conducted an internal investigation in connection with the DOJ Information Exchange Investigation, including interviewing key executives, sales personnel, and others at ASR/Domino regarding, among other things, the role of industry analysts in disseminating information to customers; the flow of market information in the sugar industry; competition in the industry; sugar supply, demand, and pricing; and the USDA's regulatory role. Each of these issues is at the center of this Litigation.

17. Mr. Petkoski and his team have represented ASR/Domino diligently, capably, and successfully. While DOJ has not issued a formal closing letter in the DOJ Information Exchange Investigation, ASR/Domino believe that DOJ has closed the investigation. The last communication from the DOJ team to ASR/Domino was on December 2, 2022.

**VI. Initial Class Action Complaints**

18. On March 15, 2024, the first class action complaint was filed against ASR/Domino (*Fowler et al. v. ASR Grp. Int'l, Inc. et al.*, No. 1:24-cv-01972 (S.D.N.Y.)). By June 2024, there were 45 separate complaints filed across the country that were then centralized in the District of

Minnesota. Each of these complaints made allegations based on DOJ's claims in the 2022 DOJ Merger Litigation trial and related public record.

19. Upon the filing of the *Fowler* Complaint, ASR/Domino again retained Mr. Petkoski and his team based on their high-quality and effective representation in the predecessor DOJ proceedings; their extensive knowledge of the issues, facts, documents, and witnesses that would be critical to the companies' defense of the Class Plaintiffs' claims; and the trust they had built with ASR/Domino, its legal team, executives, and individuals who are anticipated to be witnesses in the Litigation.

**VII. The Consolidation of the Class Actions in the District of Minnesota**

20. On June 7, 2024, the Judicial Panel on Multidistrict Litigation issued a Transfer Order centralizing 45 related actions in the District of Minnesota as MDL No. 3110 (i.e., the Litigation), assigned to Judge Jerry W. Blackwell. On July 26, 2024, Mr. Petkoski, Ms. Rasmussen, and others from their team appeared on behalf of ASR/Domino in the Litigation.

21. The Honorable Judge Blackwell appointed Mr. Petkoski to the Defense Steering Committee on October 30, 2024 (Pretrial Order No. 4 – ECF No. 256).

**VIII. Mr. Petkoski's Transition to Paul, Weiss and Continued Representation of ASR/Domino**

22. On September 15, 2025, Mr. Petkoski and one of his team members, David Higbee, left the law firm of A&O Shearman (formerly, Shearman & Sterling LLP) and joined Paul, Weiss. Paul, Weiss immediately began representing ASR/Domino in this Litigation, with Mr. Petkoski filing a Notice of Change of Address indicating his move to Paul, Weiss that same day. (Notice of Change of Address – ECF No. 449). Mr. Petkoski's move to Paul, Weiss was also widely reported in the legal press. Following Mr. Petkoski's move, Ms. Rasmussen joined Paul, Weiss on October 13, 2025, and Jake Kotler, an attorney who was also part of the ASR/Domino team at A&O

Shearman, joined Paul, Weiss on November 10, 2025. Both continued their work with Mr. Petkoski on behalf of ASR/Domino.

23. ASR/Domino fully transitioned the matter to Paul, Weiss to ensure continued representation by Mr. Petkoski and his team, who were the lawyers most deeply involved in the Litigation and the predecessor proceedings stretching back to May 2021. These lawyers include Ms. Rasmussen, Mr. Kotler, and Mr. Higbee.

24. In the year following the transition, Paul, Weiss partners Katherine Forrest and Paul Brachman, as well as a team of Paul, Weiss associates and counsel, have become integral members of ASR/Domino's defense team, adding significant specialized antitrust trial experience.

25. The Paul, Weiss team has been actively representing ASR/Domino in the Litigation since Mr. Petkoski's move to the firm in 2025. Mr. Petkoski has also continued to serve in a leadership role in the Litigation. Judge Blackwell reappointed Mr. Petkoski to the Defense Steering Committee on October 16, 2025. (Pretrial Order No. 10 – ECF No. 473.)

26. ASR/Domino's defense team at Paul, Weiss worked closely with the other defendants in preparation for argument on their partially successful motion to dismiss. They have engaged in discovery, including meeting and conferring with Plaintiffs and various third parties, briefing and arguing various motions on behalf of ASR/Domino and Defendants, and collecting, reviewing, and producing documents.

27. Critically, the Paul, Weiss team has continued to develop the record and strategy for defending the claims made against ASR/Domino, including anticipated challenges of the Class Plaintiffs' class certification motions.

28. In addition to working with the record developed through productions by the parties and third parties, the Paul, Weiss team has done significant work with economists retained by the

companies to analyze the extensive data produced in the Litigation and develop economics-based defenses to the substantive claims against the companies as well as class certification.

**IX. Prejudice from Disqualification**

29. Lawyers on the Paul, Weiss team have represented our companies for over five years, beginning with the DOJ Merger Investigation in May 2021. During that time, they have developed an unparalleled understanding of our companies' business, including familiarity with ASR/Domino's transaction data and the proprietary systems in which that data resides; the sugar industry; the relevant factual issues; and our legal positions. This institutional knowledge cannot be replicated.

30. Disqualifying Paul, Weiss at this stage of the Litigation would cause significant prejudice to our companies. We would be forced to find and retain new counsel, who would need to become familiar with the extensive factual record, the complex regulatory and litigation history, and our defense strategies developed by Mr. Petkoski and his team over the past five years. Any new counsel would have to seek to take over extensive existing workflows in connection with document collections, document review, ongoing negotiations and meet-and-confers with Class Plaintiffs regarding discovery, coordination in the Defense Steering Committee, interactions with third parties regarding discovery, record development, expert work, motion to dismiss briefing, and the management of our overall defense of the claims in this Litigation. This would be prohibitively costly, time-consuming, and disruptive to both the companies' defense and day-to-day business operations.

31. Given the role that Paul, Weiss has played to date and the Litigation's complexity, it would be impossible for ASR/Domino to find replacement counsel with the trial experience, expertise, and knowledge that the current Paul, Weiss team has, particularly at this stage of this Litigation and within the tight timeframe contemplated by the Court, when the parties are engaged

in intensive (and accelerating) discovery and preparation of motions to dismiss the Class Plaintiffs' and Direct Action Plaintiffs' complaints.

32. This Litigation has already put enormous financial strain on our companies. Being forced to replace our long-standing counsel in the Litigation will add materially to that strain and put the viability of our plan to defend the claims against us on the merits, through trial if necessary, in jeopardy.

33. ASR/Domino have affirmatively chosen to rely on Mr. Petkoski and his team, including the team he has developed over the past year at Paul, Weiss, because of their deep expertise in antitrust law, their comprehensive understanding of the specific facts and claims at issue here, their familiarity with our companies' business and the sugar industry, the relationships and rapport they have built with key executives and witnesses, and the trust and confidence that has been built through years of successful representation.

34. Mr. Petkoski has not only represented ASR/Domino in the Litigation and predecessor proceedings for over five years, but has done so successfully, as demonstrated by the successful outcomes of the predecessor proceedings. Simply put, from ASR/Domino's perspective, Mr. Petkoski and his team are the attorneys most knowledgeable, most experienced, and most trusted to successfully defend our interests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 23rd day of September, 2026.

*s/ Dolly V. Davis*
Dolly V. Davis