515 SOUTH FLOWER STREET, SUITE 3300 LOS ANGELES, CA 90071-2246

JENNER & BLOCK LLP

September 24, 2026

Brandon Fox
Tel +1 213 239 5101
Fax +1 213 239 2295
BFox@jenner.com

The Honorable Elizabeth Cowan Wright
Magistrate Judge, District of Minnesota
United States District Court
316 N. Robert Street
St. Paul, MN 55101
Cowan_Wright_Chambers@mnd.uscourts.gov

Re: In re Granulated Sugar Antitrust Litigation (MDL No. 24-03110) – Request by the Food Manufacturer Plaintiffs for a Reply Brief in Support of Their Motion (ECF Nos. 760–774)

Dear Judge Cowan Wright:

Jenner & Block LLP represents the Food Manufacturer Plaintiffs—Mondelēz Global LLC; The Hershey Company; The J. M. Smucker Company; The Kraft Heinz Company; and WK Kellogg Co[1]—in the above-captioned matter, and we write pursuant to the Court's Practice Pointers and the Court's September 21, 2026, email requesting the filing of a letter concerning the Food Manufacturer Plaintiffs' request to file a reply brief. This letter sets out the single issue to be resolved by the Court: whether the Court should grant the Food Manufacturer Plaintiffs leave under Local Rule 7.1(b)(3) to file a short reply memorandum in support of their Motion for a Rule to Show Cause as to Why Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") Should Not Be Disqualified from Representing Defendants American Sugar Refining, Inc., Domino Foods, Inc., and ASR Group International, Inc. ("ASR/Domino") (ECF Nos. 760–774) (hereinafter, the "Motion"). For the reasons below, we respectfully submit that it should.

## I. Background

On September 8, 2026, the Food Manufacturer Plaintiffs filed the Motion. On September 11, 2026, Paul Weiss and ASR/Domino requested an extension to September 23, 2026, to file their oppositions. The Food Manufacturer Plaintiffs consented that same day to the extension and requested that the Food Manufacturer Plaintiffs' request to file a reply brief be included in the joint motion Paul Weiss and ASR/Domino planned to submit to the Court. Paul Weiss and ASR/Domino filed their joint motion without responding to or including the Food Manufacturer Plaintiffs'

[1] We also represent General Mills, Inc., Kellanova, Mars, Incorporated, and McKee Foods Corporation. Their complaint was recently transferred to the MDL, and these companies will be joining the Food Manufacturer Plaintiffs' Motion.

request in the proposed order it presented to the Court. (ECF Nos. 801–802.) After a Zoom teleconference on September 22, 2026, at which the parties discussed the Food Manufacturer Plaintiffs' request to file a reply brief, the parties remained at an impasse with ASR/Domino and Paul Weiss objecting to the Food Manufacturer Plaintiffs' request.

## II. Issue to Be Resolved

Whether the Food Manufacturer Plaintiffs should be granted leave under Local Rule 7.1(b)(3) to file a reply memorandum[2] on September 28, 2026, in advance of the September 30, 2026, hearing.

## III. Discussion

### A. The Court Has Broad Discretion to Permit a Reply.

Local Rule 7.1(b)(3) provides that, "[e]xcept with the court's prior permission, a party must not file a reply memorandum in support of a nondispositive motion." The rule does not prohibit replies; it channels party requests through the Court, which retains full discretion to permit one where warranted. *See Fond du Land Band of Lake Superior Chippewa v. Stepp*, Case No. 19-cv-2489, Case No. 19-cv-2493, 2020 WL 6262374, at *2 (D. Minn. Jan. 30, 2020) (granting parties leave to file a joint reply because the reply "may aid the Court in disposition" of the nondispositive motion).

### B. Granting Leave to File a Reply Is Warranted Where the Issues Are Significant and a Reply Would Assist the Court.

The Court should exercise its discretion to grant leave to file a reply in support of the Motion because (1) Paul Weiss's and ASR/Domino's oppositions raised new factual matters and included an expert opinion that the Food Manufacturer Plaintiffs could not reasonably have anticipated in their opening memorandum; (2) the issues raised by the Motion are of sufficient importance to the case that the Court would benefit from a fully developed record; and (3) the reply can be accommodated without prejudice to Paul Weiss or ASR/Domino and will not delay the proceedings.

*First*, although the Food Manufacturer Plaintiffs have sought information about Paul Weiss's compliance with Minnesota Rules of Professional Conduct 1.7 and 1.18 since at least February 2026, Paul Weiss disclosed for the first time in its opposition facts concerning its conflict-check procedures, its ethical screen, and its proposed conflicts-counsel arrangement, and it submitted an expert declaration from Professor Bruce Green. As the moving party, the Food Manufacturer Plaintiffs respectfully request that they be granted a reply to respond to these new facts and Paul Weiss's expert declaration. ASR/Domino also argued for the first time that the proper remedy is for Kraft Heinz to be severed from the MDL—a position the Food Manufacturer

[2] Pursuant to Local Rule 7.1(f)(1)(B), the Food Manufacturer Plaintiffs have 4,118 words remaining for a reply brief if allowed.

Plaintiffs could not have reasonably anticipated. Absent a reply, the Court will be asked to rule on these issues without the Food Manufacturer Plaintiffs' written response to these new arguments, opinions, and facts. A short reply will sharpen the questions genuinely in dispute, and, we expect, crystallize what the Court must decide at the hearing.

*Second*, the parties do not dispute that the issues raised in the Motion are important. For the Food Manufacturer Plaintiffs, the Motion raises legitimate concerns about the protection of their confidential information and anticipated prejudice due to Paul Weiss's representation of an adversary against a current client of the firm in the same proceeding. ASR/Domino, for their part, contend that the Motion seeks to disqualify their chosen lead counsel and that disqualification would "be devastating" and "cause significant delay in the MDL." (ECF No. 848 at 3.) ASR/Domino cannot simultaneously describe the Motion as one whose resolution will determine the trajectory of the entire MDL and object to the Court receiving a reply before deciding it. Due to the importance of the issues, providing the moving party with an opportunity for a written response to newly raised facts and arguments on opposition will aid the Court in deciding this important Motion.

*Third*, there is no prejudice. The Food Manufacturer Plaintiffs propose a reply to be filed in advance of the hearing on the Motion—and the request would not disturb any deadline in the Court's scheduling order. Any prejudice due to the short time frame between the reply brief and the hearing is due to Paul Weiss's and ASR/Domino's extension request. If the Court would like more time to consider the Food Manufacturer Plaintiffs' reply, the Food Manufacturer Plaintiffs do not object to rescheduling the hearing to the earliest available hearing date that is workable for the Court and the parties.

**IV. Conclusion**

For these reasons, the Food Manufacturer Plaintiffs respectfully request that the Court grant them leave to file a reply memorandum on September 28, 2026, in advance of the September 30, 2026, hearing. If the Court desires additional time to review the reply briefing, the Food Manufacturer Plaintiffs do not object to moving the hearing to the earliest date available to the Court and parties. We appreciate the Court's consideration of our clients' request.

Sincerely,

Brandon Fox

Brandon Fox

cc: Counsel of Record (via email and ECF)