STEPHANIE LAWS
stephanie.laws@maslon.com
612.672.8303 O

MASLON LLP

September 25, 2026

The Honorable Elizabeth Cowan Wright
Magistrate Judge
United States District Court
District of Minnesota
316 N. Robert Street
St. Paul, MN 55101

**Re: *In Re Granulated Sugar Antitrust Litigation* (MDL No. 24-03110)**
**Response to Mondelēz Plaintiffs' Request for Reply Brief**

Dear Judge Wright:

Defendants ASR Group International, Inc., American Sugar Refining, Inc., and Domino Foods Inc. (collectively, "ASR/Domino"), together with Paul, Weiss, respectfully respond to the Mondelēz Plaintiffs' ("Plaintiffs") September 24, 2026 letter requesting leave to file a reply memorandum.

A reply is not necessary here. Local Rule 7.1(b)(3) does not provide for a reply on a non-dispositive motion absent the Court's permission, and Plaintiffs have not identified materially new matters in ASR/Domino's or Paul, Weiss's oppositions requiring another round of briefing. First, the information concerning Paul, Weiss's conflicts analysis, screening measures, and related safeguards is fully consistent with information Paul, Weiss disclosed to Plaintiffs in multiple communications beginning months before the Motion was filed. Those communications are attached to the declaration of Brandon Fox and described in Plaintiffs' memorandum. Second, Professor Green's declaration likewise does not present an unforeseen issue; it responds directly to the expert declaration of Professor Nancy Moore submitted with Plaintiffs' Motion, and Plaintiffs identify nothing in Professor Green's opinions that they contend was not anticipated. Third, ASR/Domino's suggestion that the Court could sever the single plaintiff in this 134-plaintiff MDL with whom there is a potential conflict—Kraft-Heinz—rather than completely disqualify its longstanding lead counsel after years in a leadership role is not only entirely foreseeable, but requires no further briefing at this time. As the opposition explains, ASR/Domino has not yet moved for severance of Kraft Heinz, and has instead retained conflicts counsel to address Plaintiffs' stated concerns. Additionally, ASR/Domino and Paul, Weiss respectfully note that that they requested the bare minimum extension necessary to respond to Plaintiffs' voluminous filing, made on the eve of a status conference, out of respect for

the Court's schedule and to provide the Court and parties adequate time to prepare for the hearing date that Plaintiffs' selected.[1]

Accordingly, ASR/Domino and Paul, Weiss respectfully submit that the existing briefing is sufficient for the September 30 hearing. If the Court nevertheless concludes that a reply would assist it, ASR/Domino and Paul, Weiss respectfully suggest that any reply be limited to three pages and to matters the Court considers genuinely new. Alternatively, rather than adding expedited briefing immediately before the hearing, ASR/Domino and Paul, Weiss respectfully suggest the Court could hear argument on September 30; and, if the Court identifies an issue on which further briefing would be useful, direct the parties to submit simultaneous, targeted post-hearing memoranda addressing that issue at that time. ASR/Domino and Paul, Weiss suggested that course of action in the meet and confer on Plaintiffs' request for a reply brief.

Finally, while ASR/Domino and Paul, Weiss appreciate the Court's indication that it is also available on October 2 for the hearing on Plaintiffs' Motion, counsel for ASR/Domino have pre-existing professional obligations on that day, including a pretrial conference before Judge Nancy Brasel in advance of a multi-week jury trial beginning on Monday, October 5. Thus, the currently scheduled September 30 hearing is preferable. We therefore respectfully request that the hearing remain on September 30.

Sincerely,



Stephanie Laws

[1] Although it does not affect the merits of Plaintiffs' request, Plaintiffs' description of the parties' extension discussions warrants some clarification. Plaintiffs represent that they asked ASR/Domino's and Paul, Weiss to include Plaintiffs' request for a reply brief alongside ASR/Domino and Paul, Weiss's request for an extension of their opposition deadlines, but Plaintiffs omit that ASR/Domino and Paul, Weiss objected to Plaintiffs' request for a reply brief, did not agree to make that request, and, rather, noted their intent to immediately file an unopposed motion for an extension given the quickly approaching deadline. As reflected in the extension request, ASR/Domino and Paul, Weiss did note that Plaintiffs expressed a desire to seek a reply, as Plaintiffs now have done. (*See* ECF 801, ¶ 5.)