**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: GRANULATED SUGAR ANTITRUST LITIGATION | Case No. 24-md-03110 (JWB/ECW) |
| This Document Relates To:<br>ALL ACTIONS | **ALL PARTIES' SUBMISSION OF PROPOSED MODIFICATIONS TO PRETRIAL ORDER NO. 12 AND CASE SCHEDULE** |

Pursuant to Pretrial Order No. 13 (ECF No. 797) ("PTO No. 13"), the Plaintiffs' Steering Committee ("PSC"), the Defendants' Steering Committee ("DSC"), and the Direct Action Plaintiffs' ("DAPs") Liaison (collectively, the "Parties") submit their respective proposed modifications to PTO No. 12 and related case schedule deadlines. Listed below is a short summary of the Parties' proposed modifications to the case schedule, followed by a chart comparing the deadlines/events outlined in PTO No. 12 currently, and the three Parties' proposals. The chart is meant to assist the Court in identifying the areas of agreement and disagreement among the Parties' proposals.

**1.) <u>Class Plaintiffs' Position</u>**

At the September 9, 2026 Status Conference, this Court directed the Parties to submit a joint proposed amended schedule "built backward from realistic discovery tasks." 9/9/26 Hearing Tr. 37:4. The Court also emphasized the need for this case to move forward expeditiously. Class Plaintiffs' proposed amended schedule reflects their effort to incorporate realistic discovery tasks and to set deadlines that will ensure this case's timely

progression. For example, Class Plaintiffs' proposed amended schedule includes deadlines to finalize search terms and custodians with current and new defendants. Those deadlines will ensure that the parties resolve any infrastructure discovery issues—either through meet-and-confer efforts or, if necessary, with the Court's involvement—so as not to delay subsequent deadlines for completing discovery.

Class Plaintiffs' proposed amended schedule differs from Defendants' proposal in two principal respects: (1) the deadlines for certain events and (2) the sequencing of class certification motions, *Daubert* motions, and expert reports.

With respect to the deadlines for certain events, Class Plaintiffs submit that their proposed dates appropriately balance the need to move this case forward efficiently against the time reasonably required, in a complex class-action antitrust case of this nature, to complete discovery and related briefing. For example, Class Plaintiffs propose March 19, 2027 as the deadline for substantial completion of document production. Defendants propose a date nearly 3 months later, on June 1, 2027. Class Plaintiffs see no reason why, after having Class Plaintiffs' Requests for Production since March 28, 2025, that Defendants cannot complete substantial completion of document production by March 19, 2027.

With respect to the sequencing of class certification motions, *Daubert* motions, and expert reports, Class Plaintiffs' proposed sequencing mirrors that of the current schedule set forth in PTO No. 12.

Attached as Exhibit 1 is the PSC's proposed modifications to PTO No. 12.

**2.) <u>DAPs' Position</u>**

Attached as Exhibit 2, is the DAPs' proposed modifications to PTO No. 12. DAPs are largely, though not completely, aligned with the Class Plaintiffs' proposal. DAPs agree with Class Plaintiffs that Defendants' schedule—which ends with class and Daubert briefing over 2 years from now in December 2028— is too long. Class Plaintiffs' and DAPs' proposals are both preferrable and put this case on a much more efficient path to trial and overall resolution.

With respect to the two primary areas where DAPs' and Class Plaintiffs' proposals diverge—the DAP motion to dismiss briefing schedule and proceedings after briefing on class certification—DAPs respectfully submit that their proposals are the better choice. As to the motion to dismiss briefing, DAPs have the greatest incentive and need to move quickly because, pursuant to the Court's prior order, DAPs are currently prohibited from reviewing the existing discovery record. DAPs want the overall case to move forward quickly and efficiently but cannot be full participants in the litigation (most notably discovery) until they have access to the same information as the Class Plaintiffs and Defendants. With respect to proceedings after class certification briefing, there is no persuasive reason the case should, as Defendants and Class Plaintiffs propose, simply stop. While waiting for the Court's class certification and Daubert decisions, the parties can and should begin briefing summary judgment. That way, when the Court decides class certification, the litigation will be on track for summary judgment decisions and trial shortly thereafter. The alternative, beginning briefing only once class certification is decided, will unnecessarily add significant time to the overall resolution of this dispute. It

is possible that class certification and Daubert rulings will impact the scope of summary judgment. However, that issue can be addressed through limited supplementation to the briefing, which is a much better approach than putting the case on ice entirely.

**3.) Defendants' Position**

Defendants' proposed modifications to the current case schedule are attached as **Exhibit 3**. Defendants' proposal provides realistic deadlines for resolving the forthcoming motions to dismiss, integrating the DAPs and any newly named Defendants into the case (should Plaintiffs' claims survive dismissal), and allows Defendants to complete expert discovery before they are required to file *Daubert* motions, which the current schedule—and all Plaintiffs' proposed schedules—do not.

Motion to Dismiss Briefing. Defendants do not object to the DAPs filing amended complaints on October 9, 2026.[1] Defendants request 60 days to file their motions to dismiss. Defendants anticipate that there will be multiple motions to dismiss the amended class and DAP complaints and Defendants will need sufficient time to coordinate their briefs to ensure that their arguments are presented efficiently for the Court. Defendants also understand that many of the newly named Defendants have not yet been served with either the amended class or DAP complaints, and if those newly named Defendants were

[1] ASR/Domino object to the filing of a consolidated DAP complaint to the extent that any DAPs intend to use it to argue that ASR/Domino's longtime counsel, Paul, Weiss, should be disqualified from appearing or participating on ASR/Domino's behalf in response to such a consolidated complaint or disqualified from appearing or participating on ASR/Domino's behalf in any aspect of the MDL. *See, e.g.*, ECF Nos. 842, 848. ASR/Domino include this footnote to preserve their position on this issue in advance of the September 30 motion hearing.

to waive service, they would be entitled to 60 days to respond. All Defendants should be responding to the amended complaints on the same schedule and Defendants' proposed briefing schedule allows that result. Given the number of anticipated motions and the number of Defendants, Defendants also request at least four weeks for their reply briefs, instead of the two weeks or three weeks over the holidays, proposed by the Class Plaintiffs and DAPs, respectively.

Fact Discovery. Defendants propose that the Parties substantially complete document productions by June 1, 2027. The eight months that Defendants are proposing for completion of document productions will allow the current Defendants, any newly named Defendants, as well as the DAPs (should their claims survive dismissal) to complete document discovery on the same schedule and proceed to depositions without the risk of needing to re-open depositions. Based on the current number of document custodians agreed amongst the Parties or ordered by the Court and the search terms agreed to date, United and ASR/Domino each expect a substantial volume of document discovery. And Class Plaintiffs are continuing to insist on additional search terms (and, as to ASR/Domino, additional custodians) that would further expand the scope of document discovery. The newly named Defendants are at a substantially earlier stage of the process, some not having engaged in any discovery as a third party to date. If the newly named Defendants are required to conduct discovery on a similar scale as the current Defendants, it will take time for them to negotiate custodians and search terms, and complete document productions. Defendants will also need to obtain significant discovery from each of the more than 30 DAPs (accounting for affiliated DAPs). Defendants' June 1, 2027 deadline is an aggressive

timeline for these newer parties, but Defendants have proposed it in order to keep the litigation moving forward and comply with the Court's direction to build a schedule "backward from realistic discovery tasks." Sept. 9, 2026 Tr. 37:4-5. Defendants believe this deadline represents a realistic path to bringing all Parties to the same stage of discovery and proceeding to depositions on a unified schedule. Plaintiffs' proposal of completing all document productions by March 19, 2027 is not realistic, given that Defendants' motions to dismiss are unlikely to even be fully briefed until early 2027.

Expert Discovery, Class Certification Briefing & *Daubert* Motions. The current case schedule (PTO No. 12) provides for class certification, expert discovery (class and merits), and *Daubert* briefing to happen simultaneously. *See* ECF No. 497 at 3-4. The result is that Defendants are required to file all *Daubert* motions **before** Plaintiffs have submitted their reply expert reports, and likely before Defendants will have deposed Plaintiffs' experts. *See id.* Requiring Defendants to file *Daubert* motions while expert discovery is ongoing denies them a meaningful opportunity to challenge the reliability of Plaintiffs' expert testimony. This sequencing is also inefficient, as the Court will receive *Daubert* briefs that are necessarily based on different expert records, with each side's submissions reflecting only the expert testimony and expert reports that had been disclosed at the time of filing. No Plaintiff argues otherwise.

To avoid this prejudice, Defendants respectfully propose that the Parties complete all expert discovery (class and merits) before proceeding to simultaneous class certification and *Daubert* briefing. Defendants' proposed sequencing is consistent with established practice in complex litigation. *See, e.g.*, Manual for Complex Litigation (Fourth) § 23.352

(identifying three options for the timing of *Daubert* challenges—"***after the close of expert discovery***," "before trial," or "during trial"—and concluding that "[o]n balance, the best approach is to require that challenges to expert testimony be made during pretrial proceedings, either at the close of expert discovery or through in limine or other motion immediately prior to trial") (emphasis added); *see also id*. § 23.35 (noting that "[t]he right to depose experts further allows for the exploration by the parties of the bases for opinion, thereby allowing the parties to identify weaknesses in the methodologies employed in order to raise objections to the admissibility of the testimony or evidence"). Defendants' proposed restructuring will allow all Parties to raise any *Daubert* challenges after expert discovery is closed, as is typical, and allow the Court to resolve class certification with the benefit of any *Daubert* challenges. Plaintiffs do not argue that such a structure would be prejudicial or cause undue delay.

<u>Dispositive Motions</u>. Defendants propose that the Parties proceed to summary judgment briefing 90 days after the Court's decision on class certification or *Daubert*, whichever is later, to promote efficiency. Resolution of those motions may narrow the issues for summary judgment and the Parties should have the benefit of the Court's orders on class certification and *Daubert* motions before briefing their summary judgment motions. It would be inefficient, as the DAPs propose, to proceed to summary judgment briefing but then need to supplement, or substantially rewrite, those briefs based upon the Court's rulings.

**Chart of All Parties' Proposed Modified Case Schedules**

| Event | Current PTO 12 Deadline | Class Plaintiffs' Proposed Deadlines | DAPs' Proposed Deadlines | Defendants' Proposed Deadlines[2] |
|---|---|---|---|---|
| **Deadline for DAPs to File Amended Complaints[3]** | N/A | 10/9/2026 | 10/9/2026[4] | 10/9/2026 |

[2] Defendants' Position: Unless otherwise noted, the proposed deadlines are applicable to Class and Non-Class Plaintiffs.

[3] Defendants' Position: As the Court recognized at the September 9, 2026 Conference, the DAPs are not entitled to discovery for the purposes of amending their complaints. Consistent with the Court's guidance, Defendants propose that discovery with respect to the DAP complaints proceed as it did with respect to the class complaints, and the parties shall not be required to produce documents, including previously produced discovery, unless and until the Court denies Defendants' motions to dismiss the amended DAP complaints. To ensure that the parties can proceed efficiently in the event that the Court denies Defendants' motions to dismiss, Defendants propose that the DAPs and Defendants may serve written discovery requests, and meet and confer regarding the scope of any responses or objections while the motions to dismiss are pending, but the parties would not need to produce documents or respond substantively to interrogatories unless and until the Court denies Defendants' motions to dismiss. Defendants anticipate fully moving to dismiss (not partially) the amended DAP complaints.

[4] DAPs' Position: DAPs intend to file a single consolidated amended Master Complaint and individual short-form complaints for each DAP group setting forth allegations unique to each DAP group. DAPs' consolidated amended complaint will contain allegations regarding the alleged conspiracy that are similar to those set forth in Class Plaintiffs' Master Consolidated Amended Complaint filed on September 4, 2026, which Defendants received as early as August 17 in connection with Class Plaintiffs' motion to amend.

By November 17, 2026, the date by which DAPs propose motions to dismiss are due, Defendants will have been on notice of these claims for more than three months. Moreover, while Defendants have informed the Court of their intent to move to partially dismiss DAPs' consolidated amended complaint on statute of limitations grounds, they have presumably been aware of these arguments since July, when the first DAP complaints were filed, and certainly as of the September 9, 2026 status

| **Event** | **Current PTO 12 Deadline** | **Class Plaintiffs' Proposed Deadlines** | **DAPs' Proposed Deadlines** | **Defendants' Proposed Deadlines**[2] |
|---|---|---|---|---|
| **Defendants' Motions to Dismiss Amended Class and Amended DAP Complaints** | N/A | 12/8/2026 | 11/17/2026 | 12/8/2026 |
| **Plaintiffs' Oppositions to Defendants' Motions to Dismiss** | N/A | 1/22/2027 | 12/21/2026 | 1/22/2027 |
| **Defendants' Motion to Dismiss Replies** | N/A | 2/5/2027 | 1/11/2027 | 2/26/2027 |
| **Hearing on Defendants' Motions to Dismiss Amended Class and DAP Complaints** | N/A | To be set by the Court | To be set by the Court | To be set by the Court |

conference, when they raised the issue with the Court. Simply stated, DAPs' proposed schedule affords Defendants more than ample time to prepare and file their motions to dismiss, and notably provides Plaintiffs with substantially less time than Defendants to respond.

| **Event** | **Current PTO 12 Deadline** | **Class Plaintiffs' Proposed Deadlines** | **DAPs' Proposed Deadlines** | **Defendants' Proposed Deadlines**[2] |
|---|---|---|---|---|
| **"Finalization of Search Terms and Custodians with Current Defendants."** | N/A | 10/15/2026[5]<br><br>To the extent full or partial agreement is not reached by 10/15/2026, the parties shall raise with the Court any remaining disputes on search terms or custodians by 11/13/2026. | 10/15/2026[6]<br><br>To the extent full or partial agreement is not reached by 10/15/2026, the parties shall raise with the Court any remaining disputes on search terms or custodians by 11/13/2026. | 10/15/2026<br><br>To the extent full or partial agreement is not reached by 10/15/2026, the parties shall raise with the Court any remaining disputes on search terms or custodians by 11/13/2026. |

---

[5] Class Plaintiffs' Position: The Parties may seek additional custodians and search terms only for good cause or by agreement.

[6] DAPs' Position: Pursuant to the Court's order at the September 8, 2026 status hearing, DAPs will not have access to discovery produced in this MDL until the Court rules on the forthcoming motions to dismiss DAPs' consolidated amended complaint. DAPs respectfully submit that this framework will impact DAPs' ability to meaningfully participate in the discovery contemplated under this schedule, potentially resulting in piecemeal discovery, the need to re-open depositions of witnesses, and delay. For example, Defendants' proposed schedule contemplates motions to dismiss being fully briefed by February , 26, 2027 — approximately two months after Plaintiffs are required to finalize search terms and custodians with all Defendants. In addition, to the extent the Court's order would permit DAPs to participate in depositions prior to resolution of Defendants' motion to dismiss, DAPs cannot meaningfully participate until they have had an opportunity to review the discovery produced in the MDL, which under Defendants' proposed schedule would not occur until March 2027 at the earliest . For these reasons, DAPs reserve the right to request additional custodians, search terms and other discovery after the deadlines stated herein to the extent necessary for DAPs to effectively participate in the discovery process.

| **Event** | **Current PTO 12 Deadline** | **Class Plaintiffs' Proposed Deadlines** | **DAPs' Proposed Deadlines** | **Defendants' Proposed Deadlines[2]** |
|---|---|---|---|---|
| **"Deadline For Class Plaintiffs, DAPs, and Defendants to Raise Any Outstanding Disputes With Respect to Search Terms And Custodians with *New* Defendants"[7] / "Finalization of Search Terms and Custodians with New Defendants"[8]** | N/A | 12/15/2026 | 12/15/2026 | 1/15/2027 |
| **Deadline For Class Plaintiffs, DAPs, and Defendants to Submit [Preliminary] Joint or Competing Proposals Regarding the Number/Hours of Depositions Allowed** | N/A | 10/30/2026 | 10/30/2026 | 10/30/2026 |

[7] This is Defendants' description for this event. Defendants do not agree to Plaintiffs' description.

[8] This is Plaintiffs' preferred language for this event.

| **Event** | **Current PTO 12 Deadline** | **Class Plaintiffs' Proposed Deadlines** | **DAPs' Proposed Deadlines** | **Defendants' Proposed Deadlines[2]** |
|---|---|---|---|---|
| **and/or Amendments to Deposition Protocol[9],[10]** | | | | |
| **Applications or Reapplications to PSC and DSC** | 9/15/2026 | 3/1/2027 | 3/1/2027 | 3/15/2027 |
| **Substantial Completion of** | 10/15/2026[13] | 3/19/2027 | 3/19/2027 | 6/1/2027 |

[9] Defendants' Position: Defendants do not agree to the Plaintiffs' proposal for a "preliminary" limit on the number/hours of depositions. The parties should reach agreement on a limit and if it is necessary to revisit that limit after the Court resolves the motions to dismiss, Defendants agree to meet and confer in good faith with Plaintiffs regarding that issue.

[10] Class Plaintiffs' and DAPs' Position: The Parties shall revisit the number of depositions/hours after the Court issues its order on Defendants' Motion(s) to Dismiss the Class Plaintiffs' Amended Pleadings, for the sole purpose of determining whether the number of depositions/hours should be increased based upon the additional Defendants in the case, if any.

[13] Note that in PTO No. 12, this is the deadline for "[s]ubstantial completion of all *fact* discovery," not "substantial completion of *document productions*." (Emphasis added).

| **Event** | **Current PTO 12 Deadline** | **Class Plaintiffs' Proposed Deadlines** | **DAPs' Proposed Deadlines** | **Defendants' Proposed Deadlines**[2] |
|---|---|---|---|---|
| **Document Productions**[11],[12] | | | | |
| **Deadline for Non-Dispositive Motions Regarding *Fact* Discovery**[14] | 2/5/2027 | 9/17/2027 | 9/17/2027 | 11/17/2027 |

[11] Defendants' Position: "Substantial Completion of Document Productions" shall mean a producing party has collected, reviewed, and produced substantially all of the documents from its agreed upon document custodians and non-custodial sources. "Substantially all" shall mean that a party has produced at least 90% of the documents it reasonably anticipates producing based on a good-faith assessment of the review population at the time of the substantial completion deadline. A certification, as proposed by Plaintiffs, is unnecessary, as the parties will be filing monthly discovery status reports and dashboards with the Court demonstrating their progress towards substantial completion.

[12] Class Plaintiffs' and DAPs' Position: "Substantial Completion of Document Productions" shall mean all relevant sources of documents have been identified and searched, responsive documents have been identified, reviewed, and produced; the parties have the documents they need to conduct depositions and engage in other, non-documentary discovery as well as motions practice and trial. *See Berry v. County*, No. 20-cv-2189, 2023 WL 1777467, at *2 (D. Minn. Feb. 6, 2023). The parties shall file a notice with the Court indicating that the completion deadline required by this scheduling order has been met. If any minimal document productions are outstanding, the type and volume of remaining documents shall be identified and included in the notice.

[14] Defendants' Position: Non-dispositive motions regarding fact discovery may be filed after this date only for good cause shown.

| **Event** | **Current PTO 12 Deadline** | **Class Plaintiffs' Proposed Deadlines** | **DAPs' Proposed Deadlines** | **Defendants' Proposed Deadlines[2]** |
|---|---|---|---|---|
| **Completion of *Fact* Discovery[15]** | 1/15/2027 | 10/15/2027 | 10/15/2027 | 12/15/2027[16] |
| **Plaintiffs' Opening Expert Reports (Class & Merits)[17]** | 11/16/2026 | 12/17/2027 | 12/17/2027 | 1/28/2028 |
| **Defendants' Rebuttal Expert Reports (Class & Merits)** | 12/31/2026 | 2/18/2028 | 2/18/2028 | 4/21/2028 |

[15] Class Plaintiffs' and DAPs' Position: "Completion of Fact Discovery" shall mean all privilege disputes have been resolved, all motions to compel have been filed and resolved, all fact witness depositions have been noticed and taken, all interrogatories have been amended and verified, and any remaining documents have been produced. It shall exclude expert discovery.

[16] Defendants' Position: This deadline does not apply to any discovery that is subject to a motion filed by the deadline for non-dispositive motions regarding fact discovery, or to any motions filed past the deadline for good cause shown.

[17] Defendants' Position: Defendants have separated expert discovery (both merits and class certification) from class certification and *Daubert* briefing because the current case schedule, and Plaintiffs' proposed modified schedule, would require that Defendants file their *Daubert* motions before Plaintiffs have submitted their reply expert reports and likely before Defendants have deposed Plaintiffs' experts, which is unworkable and prejudicial to Defendants. Defendants should not have to file their *Daubert* briefs until all expert reports are served and expert discovery is closed. Defendants' proposed modifications allow the parties to complete expert discovery and then proceed to simultaneous class certification and *Daubert* briefing.

| **Event** | **Current PTO 12 Deadline** | **Class Plaintiffs' Proposed Deadlines** | **DAPs' Proposed Deadlines** | **Defendants' Proposed Deadlines[2]** |
|---|---|---|---|---|
| **Plaintiffs' Reply Expert Reports (Class & Merits)** | 2/16/2027 | 4/18/2028 | 4/18/2028 | 6/2/2028 |
| **Close of *Expert* Discovery** | 2/1/2027 | 7/30/2028 | 7/30/2028 | 7/30/2028[18] |
| **Class Certification & *Daubert* Motions** | 11/16/2026: Class Certification Motions<br><br>12/31/2026: Defendants' *Daubert* Motions<br><br>2/16/2027: Plaintiff's *Daubert* Motions | 12/17/2027: Class Certification Motions<br><br>2/18/2028: Defendants' *Daubert* Motions<br><br>4/18/2028: Plaintiffs' *Daubert* Motions | 12/17/2027: Class Certification Motions<br><br>8/2/28: *Daubert Motions* | 9/8/2028 |
| **Class Certification Oppositions & *Daubert* Oppositions** | 12/31/2026: Class Certification Oppositions<br><br>2/16/2027: Plaintiffs' Oppositions to | 2/18/2028: Class Certification Oppositions<br><br>4/18/2028: Plaintiffs' Opposition to | 2/18/2028: Class Certification Opposition<br><br>9/5/28: Oppositions to *Daubert* Motions | 11/3/2028 |

[18] Defendants' Position: Each expert may only be deposed once.

| **Event** | **Current PTO 12 Deadline** | **Class Plaintiffs' Proposed Deadlines** | **DAPs' Proposed Deadlines** | **Defendants' Proposed Deadlines**[2] |
|---|---|---|---|---|
| | Defendants' *Daubert* Motions<br><br>3/9/2027: Defendants' Oppositions to Plaintiffs' Daubert Motions | Defendants' *Daubert* Motions<br><br>5/19/2028: Defendants' Oppositions to Plaintiffs' *Daubert* Motions | | |
| **Class Certification Replies & *Daubert* Replies** | 2/16/2027: Plaintiffs' Class Certification Reply<br><br>3/9/2027: Defendants' Replies in Support of Defendants' *Daubert* Motions<br><br>3/23/2027: Plaintiffs' Reply Briefs in Support of Plaintiffs' *Daubert* Motions | 4/18/2028: Plaintiffs' Class Certification Reply<br><br>5/19/2028: Defendants' Replies in Support of Defendants' *Daubert* Motions<br><br>6/16/2028: Plaintiffs' Reply Brief in Support of Plaintiffs' *Daubert* Motions | 4/18/2028: Plaintiffs' Class Certification Reply<br><br>10/5/28: Reply briefs in support of *Daubert* motions | 12/15/2028 |

| **Event** | **Current PTO 12 Deadline** | **Class Plaintiffs' Proposed Deadlines** | **DAPs' Proposed Deadlines** | **Defendants' Proposed Deadlines[2]** |
|---|---|---|---|---|
| **Dispositive Motions** | 4/22/2027 | 90 days after Court's decision on class certification or *Daubert* motions, whichever is later | 90 days after close of expert discovery[19] | 90 days after Court's decision on class certification and *Daubert* motions, whichever is later[20] |

[19] DAPs' Position: Unlike Class Plaintiffs, DAPs bear no burden of certifying a class. Accordingly, DAPs respectfully submit that they should not be required to await the resolution of class certification before the parties are required to file and brief dispositive motions. Moreover, Defendants face no prejudice or undue burden from DAPs' proposed schedule, which contemplates dispositive motions being filed 90 days following the close of expert discovery.

[20] Defendants' Position: Having waited more than two years to join these cases, the DAPs cannot complain that may need to wait until *Daubert* motions are resolved before proceeding to summary judgment briefing. Waiting until class certification and *Dauberts* are resolved will potentially narrow the issues for the summary judgment and allow the parties to present the issues in the most efficient manner for the Court.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Daniel E. Gustafson*
**GUSTAFSON GLUEK PLLC**
DANIEL E. GUSTAFSON (#0202241)
DANIEL C. HEDLUND (#0258337)
ABOU B. AMARA, JR. (#0401146)
GABRIELLE M. KOLB (#0504386)
MELANIE MILLER KAPANKE (#0506523)
Canadian Pacific Plaza
120 So. Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
aamara@gustafsongluek.com
gkolb@gustafsongluek.com
mmiller@gustafsongluek.com

*/s/ Michael L. Roberts*
**ROBERTS LAW FIRM US, PC**
MICHAEL L. ROBERTS
ERICH P. SCHORK
SARAH E. DELOACH
1920 McKinney Ave, Suite 700
Dallas, TX 75201
Telephone: (501) 821-5575
Fax: (501) 821-4474
mikeroberts@robertslawfirm.us
erichschork@robertslawfirm.us
sarahdeloach@robertslawfirm.us

***Appointed Interim Plaintiffs' Steering Committee Members and Co-Lead Counsel for the Direct Purchaser Plaintiffs Subgroup***

*/s/ Heidi M. Silton*
**LOCKRIDGE GRINDAL NAUEN PLLP**
HEIDI M. SILTON (#025759X)
JESSICA N. SERVAIS (#0326744)
JOSEPH C. BOURNE (#0389922)
MICHAEL J.K.M. KINANE (#0504621)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612/339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com
mjkmkinane@locklaw.com

*/s/ Kimberly A. Justice*
**JUSTICE JAGHER LONDON & MILLEN LLC**
KIMBERLY A. JUSTICE
923 Fayette Street
Conshohocken, PA 19428
Telephone: 610/234-6335
kjustice@jjlmlaw.com

**JUSTICE JAGHER LONDON & MILLEN LLC**
MATTHEW W. RUAN (#033909X)
DOUGLAS A. MILLEN
ROBERT J. WOZNIAK, JR.
SAMANTHA M. GUPTA
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@jjlmlaw.com
dmillen@jjlmlaw.com
rwozniak@jjlmlaw.com
sgupta@jjlmlaw.com

***Appointed Interim Plaintiffs' Steering Committee Member and Co-Lead Counsel for the Commercial Indirect Purchaser Plaintiffs Subgroup***

*/s/ Stacey P. Slaughter*
**ROBINS KAPLAN LLP**
STACEY P. SLAUGHTER (#0296971)
CAITLIN E. KEIPER (#0504799)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
sslaughter@robinskaplan.com
ckeiper@robinskaplan.com

**ROBINS KAPLAN LLP**
ELLEN G. JALKUT
1325 Avenue of the Americas
New York, NY 10019
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
EJalkut@RobinsKaplan.com

*/s/ Peter A. Barile III*
**LOWEY DANNENBERG, P.C.**
PETER A. BARILE III
VINCENT BRIGANTI
PETER ST. PHILLIP, JR.
SITSO BEDIAKO (#0389073)
NICOLE A. VENO
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Fax: (914) 997-0035
pbarile@lowey.com
vbriganti@lowey.com
pstphillip@lowey.com
sbediako@lowey.com
nveno@lowey.com

*/s/ Elizabeth A. Fegan*
**FEGAN SCOTT LLP**
ELIZABETH A. FEGAN
JONATHAN LINDENFELD
DERRICK LOVING
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Fax: (312) 264-0100
beth@feganscott.com
jonathan@feganscott.com
derrick@feganscott.com

***Appointed Interim Plaintiffs' Steering Committee Members and Co-Lead Counsel for the Consumer Indirect Purchaser Plaintiffs Subgroup***

*/s/ Lawrence E. Buterman*
Lawrence E. Buterman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Elyse M. Greenwald (*pro hac vice*)
Latham & Watkins LLP
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Facsimile: (424) 653-5501
elyse.greenwald@lw.com

David L. Johnson (*pro hac vice*)
Christopher J. Brown (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

david.johnson@lw.com
chris.brown@lw.com

***Counsel for Defendant United Sugar Producers & Refiners Cooperative, and Defendants' Lead Counsel and Liaison Counsel***

*<u>/s/ Djordje Petkoski</u>*
Djordje Petkoski
Paul D. Brachman
Amelia Rasmussen
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
dpetkoski@paulweiss.com
pbrachman@paulweiss.com
mrasmussen@paulweiss.com

Katherine B. Forrest
Matthew A. Robinson
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
kforrest@paulweiss.com
mrobinson@paulweiss.com

***Counsel for Defendants ASR Group International, Inc., American Sugar Refining, Inc., and Domino Foods, Inc. (except with respect to The Kraft Heinz Company as Plaintiff), and Defendants' Steering Committee Member***

*/s/ Christopher D. Plumlee*
Christopher D. Plumlee (AR Bar #96154)
Wendy L. Johnson (AR Bar #94067)
**RMP LLP**
5519 Hackett Street, Suite 300
Springdale, AR 72762
Phone:(479) 443-2705
Fax:(479) 443-2718
cplumlee@rmp.law
wjohnson@rmp.law

***Counsel for Defendants Richard Wistisen & Commodity Information, Inc., and Defendants' Steering Committee Member***

*/s/ Deborah E. Arbabi*
Deborah E. Arbabi (*pro hac vice*)
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, CA 92614
Phone: 949-798-1318
Fax: 949-263-8414
darbabi@crowell.com

William V. Reiss (*pro hac vice*)
Laura Song (*pro hac vice pending*)
**CROWELL & MORING LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Phone: 212-803-4029
Fax: 212-223-4134
wreiss@crowell.com
lsong@crowell.com

***Counsel for Plaintiffs McLane Company, Inc. d/b/a McLane/Southwest, McLane/Southeast, McLane Southeast, McLane/Northwest, McLane/Southeast – Dothan, McLane/ High Plains, and McLane/North Texas; McLane/Mid-Atlantic, Inc. d/b/a McLane***

***Bluegrass; McLane/Midwest, Inc., d/b/a McLane/Cumberland, McLane/Midwest, McLane Midwest, and McLane/Ozark; McLane Minnesota, Inc.; McLane New Jersey, Inc.; McLane/Eastern, Inc. d/b/a McLane/Northeast, McLane/Northeast-Concord, and McLane Pa; McLane Suneast, Inc., d/b/a McLane/Pacific, McLane/Southern California, McLane/Sunwest, McLane Sunwest, McLane/Suneast, and McLane Ocala; McLane Ohio, Inc.; McLane/Southern, Inc.; McLane/Western, Inc.; Kinexo, Inc.; McLane Foodservice Distribution, Inc.; McLane Foodservice, Inc.; PepsiCo, Inc.; Pepsi-Cola Advertising and Marketing, Inc.; SVC Manufacturing, Inc.; Frito-Lay, Inc.; The Quaker Oats Company; Quaker Manufacturing, LLC; Bimbo Bakeries USA, Inc.; Bimbo Bakehouse LLC; Bimbo Bakehouse Inc.; BB Global Investing Holding, S.L.; and Grupo Bimbo, S.A.B. De C.V.; Rich Holdings Inc.; Rich Products Corporation; Hicksville d/b/a Hanan Products Company, Inc.; Great Kitchens Intermediate Holdings, Inc.; and Great Kitchens Food Company, Inc.***

*<u>/s/ Brandon D. Fox</u>*

Brandon D. Fox (Bar No. 6272239)
Sati Harutyunyan (*pro hac vice application forthcoming*)
**JENNER & BLOCK LLP**
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
(213) 239-5100
bfox@jenner.com
sharutyunyan@jenner.com

Andrianna Kastanek (Bar No. 6286554)
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

akastanek@jenner.com

Jariel A. Rendell (*pro hac vice application forthcoming*)
**JENNER & BLOCK LLP**
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
(202) 639-6000
jrendell@jenner.com

***Counsel for Plaintiffs Mondelēz Global LLC; Nestlé USA, Inc.; The Hershey Company; The J. M. Smucker Company; The Kraft Heinz Company; and WK Kellogg Co***

*/s/ John P. Bjork*
Joseph Vanek, Esquire
David P. Germaine, Esquire
John P. Bjork, Esquire
Alberto Rodriguez, Esquire
Paul Bateman, Jr., Esquire
**SPERLING KENNY NACHWALTER, LLC**
321 North Clark Street
25th Floor
Chicago, IL 60654
(312) 641-3200
jvanek@sperlingkenny.com
dgermaine@sperlingkenny.com
jbjork@sperlingkenny.com
arodriguez@sperlingkenny.com
pbateman@sperlingkenny.com

William J. Blechman, Esquire
Douglas H. Patton, Esquire
Michael A. Ponzoli, Esquire
**SPERLING KENNY NACHWALTER, LLC**
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861

wjb@sperlingkenny.com
dpatton@sperlingkenny.com
mponzoli@sperlingkenny.com

Ryan Holt, Esquire
**SHERRARD ROE VOIGT & HARBISON**
1600 West End Avenue
Suite 1750
Nashville, TN 37203
Tel: (615) 742-4200
RHolt@srvhlaw.com

***Counsel for Plaintiffs:***
***Albertsons Companies, Inc., Associated Grocers of the South, Inc., Associated Grocers of Florida, Inc., H-E-B, LP, Hy-Vee, Inc., The Kroger Co., Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc., Raley's, Raley's Arizona, LLC, Supervalu, Inc., Unified Grocers, Inc., Tony's Fine Foods, Save Mart Supermarkets LLC, United Natural Foods, Inc., Us Foods, Inc. and Ahold Delhaize Usa, Inc.***

*<u>/s/ Linda P. Nussbaum</u>*

Linda P. Nussbaum
**NUSSBAUM LAW GROUP, P.C.**
1225 Franklin Avenue
Garden City, NY 11530
Telephone.: (917) 438-9189
lnussbaum@nussbaumpc.com

Roberta D. Liebenberg
Gerard A. Dever
Jeffrey B. Gittleman
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
rliebenberg@finekaplan.com
gdever@finekaplan.com

jgittleman@finekaplan.com

***Counsel for Plaintiffs***
***Krasdale Foods, Inc. and Wegmans Food Markets, Inc.***