# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In Re: Granulated Sugar Antitrust Litigation

MDL No. 24-3110 (JWB/ECW)

**[PROPOSED]**
**PRETRIAL ORDER NO. 14: Coordination Between Plaintiffs' Steering Committee and Direct Action Plaintiffs**

Pursuant to Paragraphs 4 and 5 of Pretrial Order No. 13 (ECF No. 797) and Paragraph 3 of the Court's order of September 30, 2026 (ECF No. 874), Plaintiffs' Steering Committee ("PSC") and Direct Action Plaintiffs' ("DAPs") Liaison Counsel jointly submit this Proposed Order addressing coordination between the Class Plaintiffs and DAPs, including common discovery, depositions, access to prior productions, avoidance of duplicative discovery, and whether further proceedings are necessary concerning common-benefit work or assessments.

It is hereby ORDERED that:

**No Prejudice to Individual Claims.** Nothing in this Order shall be construed to limit any DAP's right to pursue its individual claims, to conduct discovery specific to its individual claims, or to retain its own individual experts. Coordination under this Order does not constitute a waiver of any substantive right of any DAP.

**Amendment.** This Order may be amended by further order of the Court upon motion by any party or upon the Court's own initiative.

**Effective Date.** This Order is effective upon entry and shall govern all coordination

between the PSC and the DAPs in these consolidated pretrial proceedings from the date of entry forward.

This Order applies to all cases now pending in MDL No. 3110 (the "MDL") as well as to any DAP cases later filed in, transferred to, or removed to this Court and included as part of the MDL.

## I. DESIGNATION OF DAP' LIAISON COUNSEL

The Court approves DAP's designation of John P. Bjork of Sperling Kenny Nachwalter, LLC as DAP Liaison Counsel.

## II. COMMON DISCOVERY

### A. Access to Prior Productions and Discovery

Consistent with the Protective Order entered in this MDL, ECF No. 344[1], and the Court's guidance from the September 28, 2026 Status Conference, *see* Sept. 28, 2026 Hearing Tr. 30:21–43:10, all documents and information already produced by any Defendant or third party in the MDL shall be produced to DAPs within ten (10) days of the filing of the DAP's Amended Consolidated Master Complaint and Short-form Complaints (the "Prior Productions"). Any future productions shall be made to both DAPs and Class Plaintiffs. DAPs' counsel shall bear their own costs of reviewing the Prior Productions, except as otherwise agreed.

Following any initial production from Defendants or Class Plaintiffs to DAPs, when proper, DAP Liaison Counsel shall provide any future DAPs with copies of, or access to discovery requests, responses, and productions previously provided to DAP Liaison counsel in

[1] The Protective Order by its terms applies to "all parties to this MDL No. 3110 and each and every action consolidated for pretrial proceedings herein . . . , or which at any time may be transferred to, consolidated with, or otherwise joined with this MDL."

this matter.

The PSC shall provide DAPs, via DAP Liaison Counsel, with copies of any discovery requests served by or served upon the PSC ("Discovery Requests") within 5 days of entry of this Order.

### B. Common Discovery Going Forward

The PSC and DAP Liaison Counsel shall confer and coordinate on, to the extent practicable, all pretrial discovery initiated on behalf of any Plaintiff(s) in any action consolidated with this MDL. All future written discovery served on Defendants in this MDL shall be coordinated between the PSC and DAP Liaison Counsel to avoid, to the extent practicable, duplicative and overlapping discovery requests.

### C. Avoidance of Duplicative Discovery

Class Plaintiffs and DAPs that independently propound written discovery— including interrogatories, requests for production, or requests for admission—to any Defendant shall first consult and coordinate with the PSC and DAP Liaison Counsel to avoid serving duplicative discovery requests.

## III. DEPOSITIONS

All fact depositions taken in MDL No. 3110 shall be conducted on a coordinated basis, to the greatest extent practicable. Depositions noticed and conducted by class counsel and DAP counsel shall be treated as common depositions available for use by all plaintiffs in their individual cases.

## IV. STATUS CONFERENCES, DISCOVERY DASHBOARD, AND COURT PRESENTATIONS

Consistent with Pretrial Order No. 13, the parties shall file monthly discovery status reports on the fifteenth (15th) day of each month, or the next business day if the fifteenth falls on a weekend or court holiday, otherwise ordered by the Court. The PSC, DAP Liaison Counsel, and the DSC shall meet and confer to coordinate the content of the monthly status report and to ensure that the status of discovery in this MDL is accurately reflected therein.

Once approved by the Court, the PSC, DSC, and DAP Liaison Counsel shall coordinate in good faith on the population and maintenance of the Discovery Dashboard.

The PSC and DAP Liaison Counsel shall coordinate in advance of each status conference regarding presentations to the Court, including presentations on the status of common discovery, deposition scheduling, Dashboard metrics, and other matters of shared concern. Where relief from the Court is sought on a matter common to multiple DAPs, DAP Liaison Counsel shall coordinate and ensure that any such filing is made on behalf of multiple DAPs, so as to avoid duplicative or piecemeal submissions to the Court on the same subject matter

## V. COMMON BENEFIT WORK AND ASSESSMENTS

To the extent Class Plaintiffs and DAPs share common work product or incur common expenses, including but not limited to those related to document repository and court reporter costs, the Class Plaintiffs and DAPs shall privately agree on an appropriate methodology to compensate Class Plaintiffs and/or DAPs for and/or allocate the costs attributable to any such common work product and expenses. At this time, no further proceedings are necessary

concerning common-benefit work or assessments. Class Plaintiffs and DAPs reserve rights to later bring a motion to the Court regarding common-benefit, if necessary.

## VI. STATUS OF NEW DAP PARTIES TO THE MDL

Any later filed or transferred DAP will enter the MDL as it is at that moment in time and will comply with the existing schedule, absent good cause. The arrival of a new DAP will not reopen completed custodian or search-term decisions or extend existing Defendants' production deadlines.

Date:____________________

______________________________
JERRY W. BLACKWELL
United States District Judge