**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: GRANULATED SUGAR ANTITRUST LITIGATION | Case No. 24-md-03110 (JWB/ECW) |
| This Document Relates To:<br>ALL ACTIONS | **PARTIES' SUBMISSION REGARDING THE COURT'S SEPTEMBER 30, 2026 ORDER (ECF NO. 874)** |

Pursuant to the September 30, 2026 Order Following September 28, 2026 Status Conference And Directing Further Submissions (ECF No. 874), the Plaintiffs' Steering Committee ("PSC"), the Defendants' Steering Committee ("DSC"), and the Direct Action Plaintiffs' ("DAPs") Liaison provide the following submission setting forth the parties' respective positions regarding the case schedule and discovery dashboard.[1]

## I. UPDATED SUBMISSIONS REGARDING MODIFICATIONS TO PRETRIAL ORDER NO. 12 AND CASE SCHEDULE

### A. Plaintiffs' Position

Following the Court's guidance from the September 28, 2026 Status Conference, Plaintiffs provide a proposed further modified case schedule. Plaintiffs' proposed further modified case schedule is attached as Exhibit A.

[1] Defendants' proposals included in this submission, including with respect to the case schedule, are made on behalf of the undersigned Defendants only and not on behalf of the newly named Defendants, many of whom have not yet been served. Accordingly, "Defendants" as used in this submission refers solely to the undersigned Defendants.

**<u>Non-Dispositive Motion Deadline for Documents.</u>** Although the parties discussed potentially adding a non-dispositive motion deadline specific to documents, or specific to the DAPs and/or new defendants, Plaintiffs are of the view that such deadlines would be unworkable or unwise in practice. Instead, any non-dispositive discovery motions should be governed by a single deadline set near the close of fact discovery. There are at least two reasons to adopt this approach. First, an earlier document-specific motion deadline would foreclose motion practice on documents that surface later (e.g., documents discovered through depositions). Second, such a deadline would also foreclose challenges to improperly withheld documents that the parties discover through privilege logs produced at or around the completion deadline itself. Therefore, the Plaintiffs respectfully request that the substantial completion of document production deadline remain, as proposed, March 19, 2027 for current defendants and June 1, 2027 for new defendants and DAPs, and any non-dispositive motions regarding fact discovery be filed by October 29, 2027, shortly after the October 15, 2027 close of fact discovery. Plaintiffs appreciate the Court's reminder that parties should not hold discovery motions until the end of discovery. Plaintiffs are committed to promptly identifying and, as necessary, seeking relief on discovery issues as they arise.

**<u>Sequencing of Expert Reports, Class Certification, and *Daubert*</u>**. Plaintiffs revised proposal comports with the Court's guidance regarding the sequencing between Expert Reports, Class Certification, and *Daubert* Motions. Therefore, Plaintiffs now propose Expert Reports being completed in their entirety at least 60 days before Class Certification and *Daubert* Motions would be due. *See* Ex. A. But at the same time, to

ensure this phase of the case is not "too long"[2] from today, Plaintiffs propose that Class Certification and *Daubert* Motions are briefed on a simultaneous schedule that is completed before September 2028. Lastly, Plaintiffs propose additional time contemplated in the schedule for the limited purpose of "clean up" or supplementation. *See* Ex. A. Per the Court's Order, Plaintiffs' Updated Submission includes and addresses each of the events identified by the Court.

**DAP and Defendant Discovery While Motions to Dismiss are Pending .** DAPs and Defendants are generally in agreement as to DAP discovery. While Defendants' motions to dismiss are pending, the DAPs and Defendants should be permitted to serve requests for production of documents on each other and required to provide their responses and objections to those requests, so that the negotiation of custodians and search terms and other discovery tasks can move forward. DAPs also accept Defendants' proposal to defer the following until the motions to dismiss are decided: 1) commencement of document productions in response to the DAP-specific requests for production to Defendants and Defendant requests for production to DAPs; and 2) service and responses to DAP specific interrogatories. However, DAPs propose the parties begin rolling productions with respect to DAP discovery within 30 days of the motion to dismiss rulings.

Assuming the Defendants promptly serve their requests, DAPs will agree to produce responsive organizational charts, subject to appropriate objections, while the motions are pending on the condition that Defendants do the same with respect to any

[2] Sept. 28, 2026 Hearing Tr. 53:8.

responsive organizational charts not already produced to the class plaintiffs. DAPs are agreeable to Defendants' proposed January 15, 2027 deadline for raising disputes regarding DAP specific proposed search terms and custodians, so long as DAP may seek, upon a showing of good cause, additional custodians and/or terms from the Defendants after January 15, 2027, in response to, for example, new material information disclosed in response to DAPs' interrogatories.[3]

**B. Defendants' Position**

Defendants' proposed further modified case schedule is attached as Exhibit B.

**DAP And New Defendant Discovery.** Defendants propose that, while Defendants' motions to dismiss are pending, the DAPs and Defendants be permitted to serve requests for production of documents on each other and provide their responses and objections to those requests, as that will allow Defendants and DAPs to begin negotiating custodians and search terms, and the scope of any DAP-specific discovery, and complete discovery by the June 1, 2027 deadline set by the Court, should the amended complaints survive dismissal. The parties, however, would not be required to produce documents in response to the DAP-specific requests for production unless and until the DAP complaints survive dismissal, except that the DAPs would be required to produce organizational charts in order to facilitate the negotiation of search terms and custodians while Defendants' motions to

[3] DAPs have not yet received any discovery requests from Defendants. Accordingly, DAPs do not interpret the October 15, 2026 custodian/search term deadline to require DAPs to identify custodians or search terms for DAP productions by that date. However, DAPs respectfully request clarification/confirmation from the Court on this issue.

dismiss are pending.[4] The parties would not serve any DAP-related interrogatories until after resolution of the motions to dismiss. With respect to search terms and custodians, Defendants propose that any DAP-specific search terms and custodians be finalized by January 15, 2027, but that deadline is only workable if the DAPs and Defendants are allowed to begin serving requests for production, and the DAPs are required to produce organizational charts, while the motions to dismiss are pending.[5]

Defendants propose the same approach to discovery for the "New Defendants," *i.e.*, those defendants that were either previously dismissed or not previously named as defendants in these actions.[6] The current Defendants understand that many of the New Defendants have still not been served. For that reason, among others, Defendants respectfully submit that the December 15, 2026 deadline for finalizing search terms and custodians with the New Defendants should be extended by a month to January 15, 2027.

As reflected in Defendants' proposed schedule, Defendants propose that the deadline for substantial completion of document productions for DAP-related discovery

---

[4] United and ASR/Domino have already produced organizational charts, which will be reproduced to the DAPs after the DAPs file their amended complaints, pursuant to the Court's direction at the September 28 status conference.

[5] Defendants reserve all rights to object to any additional custodians and search terms requested by the DAPs beyond those already agreed to or ordered by the Court, and reserve the right to seek additional custodians from the DAPs after January 15, 2027, in response to the DAPs' responses to interrogatories or RFPs, or for other good cause shown.

[6] "New Defendants" refers to Amalgamated Sugar Co., American Crystal Sugar Company, Florida Crystals Corporation, Michigan Sugar Company, Minn-Dak Farmers Cooperative, National Sugar Marketing, Southern Minnesota Beet Sugar Cooperative, United States Sugar Corporation, and Wyoming Sugar Company, LLC.

and discovery from the New Defendants remain June 1, 2027, as set by the Court at the September 28 status conference.

**<u>Non-Dispositive Motions Regarding Document Discovery</u>**. Defendants propose that any non-dispositive motions relating to document productions be brought within 30 days of the residual production deadlines absent a showing of good cause. This will ensure that there is finality to the parties' document productions while allowing the parties to raise issues that come up later during fact discovery for good cause shown.

**<u>Expert Discovery, *Dauberts*, and Class Certification Briefing</u>.** Defendants have proposed new deadlines based on the Court's guidance and the October 15, 2027 fact discovery deadline set by the Court at the September 28, 2026 conference. Under Defendants' proposed schedule, class certification would be briefed by late September 2028. Defendants do not agree to Plaintiffs' proposed deadlines, which are unnecessarily compressed and would require the parties to submit *Daubert* briefing before expert discovery has been completed. Additionally, Plaintiffs' affirmative class and merits reports can be written during the course of discovery, and Plaintiffs' proposed schedule gives themselves nine-weeks post-closing of fact discovery to further work on their reports, which will likely be hundreds of pages and include significant data analysis from an unknown number of experts, and nearly seven-weeks for their reply reports. On the other hand, Plaintiffs seek to impose an unnecessarily compressed schedule on Defendants' rebuttal reports, which must be prepared in response to Plaintiffs' opening reports, of only eight-weeks, including the winter holidays and New Years. Defendants' proposed schedule provides one additional month to prepare rebuttal reports, which is appropriate to

account for the complex nature of this action and the significant data and analytical work that will need to be completed in response to Plaintiffs' expert reports.

As the Court explained at the September 28, 2026 status conference, Plaintiffs' proposal presents a "legitimate structural problem" and that Defendants' proposed structure is a "much cleaner sequencing." Sept. 28, 2026 Hr'g Tr. at 52:13-53:8. Defendants proposed sequencing is consistent with established practice in complex litigation, *see* ECF No. 854 at 6 (citing Manual for Complex Litigation (Fourth) § 23.352)), and Defendants have now shortened their proposed schedule, per the Court's instruction at the status conference. There is no need for expert discovery to remain open for nine months and while the parties are briefing *Daubert* motions and class certification.

## II. DISCOVERY DASHBOARD

Attached as Exhibit C is an updated discovery dashboard that makes the changes requested by the Court at the September 28, 2026 conference, and in the September 30, 2026 Order (ECF No. 874).

Dated: October 5, 2026

Respectfully submitted,

*/s/ Daniel E. Gustafson*
**GUSTAFSON GLUEK PLLC**
DANIEL E. GUSTAFSON (#0202241)
DANIEL C. HEDLUND (#0258337)
ABOU B. AMARA, JR. (#0401146)
GABRIELLE M. KOLB (#0504386)
MELANIE MILLER KAPANKE (#0506523)
Canadian Pacific Plaza
120 So. Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
aamara@gustafsongluek.com
gkolb@gustafsongluek.com
mmiller@gustafsongluek.com

*/s/ Michael L. Roberts*
**ROBERTS LAW FIRM US, PC**
MICHAEL L. ROBERTS
ERICH P. SCHORK
SARAH E. DELOACH
1920 McKinney Ave, Suite 700
Dallas, TX 75201
Telephone: (501) 821-5575
Fax: (501) 821-4474
mikeroberts@robertslawfirm.us
erichschork@robertslawfirm.us
sarahdeloach@robertslawfirm.us

***Appointed Interim Plaintiffs' Steering Committee Members and Co-Lead Counsel for the Direct Purchaser Plaintiffs Subgroup***

*/s/ Heidi M. Silton*
**LOCKRIDGE GRINDAL NAUEN PLLP**
HEIDI M. SILTON (#025759X)
JESSICA N. SERVAIS (#0326744)
JOSEPH C. BOURNE (#0389922)
MICHAEL J.K.M. KINANE (#0504621)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612/339-6900
hmsilton@locklaw.com
jnservais@locklaw.com
jcbourne@locklaw.com
mjkmkinane@locklaw.com

*/s/ Kimberly A. Justice*
**JUSTICE JAGHER LONDON & MILLEN LLC**
KIMBERLY A. JUSTICE
923 Fayette Street
Conshohocken, PA 19428
Telephone: 610/234-6335
kjustice@jjlmlaw.com

**JUSTICE JAGHER LONDON & MILLEN LLC**
MATTHEW W. RUAN (#033909X)
DOUGLAS A. MILLEN
ROBERT J. WOZNIAK, JR.
SAMANTHA M. GUPTA
100 Tri-State International, Suite 128
Lincolnshire, IL 60069
Telephone: (224) 632-4500
mruan@jjlmlaw.com
dmillen@jjlmlaw.com
rwozniak@jjlmlaw.com
sgupta@jjlmlaw.com

***Appointed Interim Plaintiffs' Steering Committee Member and Co-Lead Counsel for the Commercial Indirect Purchaser Plaintiffs Subgroup***

*/s/ Stacey P. Slaughter*
**ROBINS KAPLAN LLP**
STACEY P. SLAUGHTER (#0296971)
CAITLIN E. KEIPER (#0504799)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
sslaughter@robinskaplan.com
ckeiper@robinskaplan.com

**ROBINS KAPLAN LLP**
ELLEN G. JALKUT
1325 Avenue of the Americas
New York, NY 10019
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
EJalkut@RobinsKaplan.com

*/s/ Peter A. Barile III*
**LOWEY DANNENBERG, P.C.**
VINCENT BRIGANTI
PETER ST. PHILLIP, JR.
PETER A. BARILE III
SITSO BEDIAKO (#0389073)
NICOLE A. VENO
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Fax: (914) 997-0035
vbriganti@lowey.com
pstphillip@lowey.com
pbarile@lowey.com
sbediako@lowey.com
nveno@lowey.com

/s/ Elizabeth A. Fegan
**FEGAN SCOTT LLP**
ELIZABETH A. FEGAN
JONATHAN LINDENFELD
DERRICK LOVING
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Fax: (312) 264-0100
beth@feganscott.com
jonathan@feganscott.com
derrick@feganscott.com

***Appointed Interim Plaintiffs' Steering Committee Members and Co-Lead Counsel for the Consumer Indirect Purchaser Plaintiffs Subgroup***

/s/ Deborah E. Arbabi
Deborah E. Arbabi (*pro hac vice*)
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, CA 92614
Phone: 949-798-1318
Fax: 949-263-8414
darbabi@crowell.com

William V. Reiss (*pro hac vice*)
Laura Song (*pro hac vice pending*)
**CROWELL & MORING LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Phone: 212-803-4029
Fax: 212-223-4134
wreiss@crowell.com
lsong@crowell.com

***Counsel for Plaintiffs McLane Company, Inc. d/b/a McLane/Southwest, McLane/Southeast, McLane Southeast, McLane/Northwest,***

***McLane/Southeast – Dothan, McLane/ High Plains, and McLane/North Texas; McLane/Mid-Atlantic, Inc. d/b/a McLane Bluegrass; McLane/Midwest, Inc., d/b/a McLane/Cumberland, McLane/Midwest, McLane Midwest, and McLane/Ozark; McLane Minnesota, Inc.; McLane New Jersey, Inc.; McLane/Eastern, Inc. d/b/a McLane/Northeast, McLane/Northeast-Concord, and McLane Pa; McLane Suneast, Inc., d/b/a McLane/Pacific, McLane/Southern California, McLane/Sunwest, McLane Sunwest, McLane/Suneast, and McLane Ocala; McLane Ohio, Inc.; McLane/Southern, Inc.; McLane/Western, Inc.; Kinexo, Inc.; McLane Foodservice Distribution, Inc.; McLane Foodservice, Inc.; PepsiCo, Inc.; Pepsi-Cola Advertising and Marketing, Inc.; SVC Manufacturing, Inc.; Frito-Lay, Inc.; The Quaker Oats Company; Quaker Manufacturing, LLC; Bimbo Bakeries USA, Inc.; Bimbo Bakehouse LLC; Bimbo Bakehouse Inc.; BB Global Investing Holding, S.L.; and Grupo Bimbo, S.A.B. De C.V.; Rich Holdings Inc.; Rich Products Corporation; Hicksville d/b/a Hanan Products Company, Inc.; Great Kitchens Intermediate Holdings, Inc.; and Great Kitchens Food Company, Inc.***

*/s/ Brandon D. Fox*
Brandon D. Fox (Bar No. 6272239)
Sati Harutyunyan (*pro hac vice application forthcoming*)
**JENNER & BLOCK LLP**
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
(213) 239-5100
bfox@jenner.com
sharutyunyan@jenner.com

Andrianna Kastanek (Bar No. 6286554)
**JENNER & BLOCK LLP**

353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
akastanek@jenner.com

Jariel A. Rendell (*pro hac vice application forthcoming*)
**JENNER & BLOCK LLP**
1099 New York Ave., N.W., Suite 900
Washington, DC 20001
(202) 639-6000
jrendell@jenner.com

***Counsel for Plaintiffs Mondelēz Global LLC; Nestlé USA, Inc.; The Hershey Company; The J. M. Smucker Company; The Kraft Heinz Company; and WK Kellogg Co***

*/s/ John P. Bjork*
William J. Blechman, Esquire
Douglas H. Patton, Esquire
Michael A. Ponzoli, Esquire
**SPERLING KENNY NACHWALTER, LLC**
1441 Brickell Avenue
Suite 1100
Miami, Florida 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
wjb@sperlingkenny.com
dpatton@sperlingkenny.com
mponzoli@sperlingkenny.com

Ryan Holt, Esquire
**SHERRARD ROE VOIGT & HARBISON**
1600 West End Avenue
Suite 1750
Nashville, TN 37203
Tel: (615) 742-4200
RHolt@srvhlaw.com

Joseph Vanek, Esquire

David P. Germaine, Esquire
John P. Bjork, Esquire
Alberto Rodriguez, Esquire
Paul Bateman, Jr., Esquire
**SPERLING KENNY NACHWALTER, LLC**
321 North Clark Street
25th Floor
Chicago, IL 60654
(312) 641-3200
jvanek@sperlingkenny.com
dgermaine@sperlingkenny.com
jbjork@sperlingkenny.com
arodriguez@sperlingkenny.com
pbateman@sperlingkenny.com

***Counsel for Plaintiffs:***
***Albertsons Companies, Inc., Associated Grocers of the South, Inc., Associated Grocers of Florida, Inc., H-E-B, LP, Hy-Vee, Inc., The Kroger Co., Meijer, Inc., Meijer Distribution, Inc., Publix Super Markets, Inc., Raley's, Raley's Arizona, LLC, Supervalu, Inc., Unified Grocers, Inc., Tony's Fine Foods, Save Mart Supermarkets LLC, United Natural Foods, Inc., Us Foods, Inc. and Ahold Delhaize Usa, Inc.***

*<u>/s/ Linda P. Nussbaum</u>*
Linda P. Nussbaum
**NUSSBAUM LAW GROUP, P.C.**
1225 Franklin Avenue
Garden City, NY 11530
Telephone.: (917) 438-9189
lnussbaum@nussbaumpc.com

Roberta D. Liebenberg
Gerard A. Dever
Jeffrey B. Gittleman
**FINE, KAPLAN AND BLACK, R.P.C.**
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565

rliebenberg@finekaplan.com
gdever@finekaplan.com
jgittleman@finekaplan.com

***Counsel for Plaintiffs Krasdale Foods, Inc. and Wegmans Food Markets, Inc.***

*/s/ Lawrence E. Buterman*

Lawrence E. Buterman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Elyse M. Greenwald (*pro hac vice*)
Latham & Watkins LLP
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
Telephone: (424) 653-5500
Facsimile: (424) 653-5501
elyse.greenwald@lw.com

David L. Johnson (*pro hac vice*)
Christopher J. Brown (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
david.johnson@lw.com
chris.brown@lw.com

***Counsel for Defendant United Sugar Producers & Refiners Cooperative, and Defendants' Lead Counsel and Liaison Counsel***

*/s/ Djordje Petkoski*

Djordje Petkoski

Paul D. Brachman
Amelia Rasmussen
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
dpetkoski@paulweiss.com
pbrachman@paulweiss.com
mrasmussen@paulweiss.com

Katherine B. Forrest
Matthew A. Robinson
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
kforrest@paulweiss.com
mrobinson@paulweiss.com

***Counsel for Defendants ASR Group International, Inc., American Sugar Refining, Inc., and Domino Foods, Inc. (except with respect to The Kraft Heinz Company as Plaintiff), and Defendants' Steering Committee Member***

*<u>/s/ Christopher D. Plumlee</u>*
Christopher D. Plumlee (AR Bar #96154)
Wendy L. Johnson (AR Bar #94067)
**RMP LLP**
5519 Hackett Street, Suite 300
Springdale, AR 72762
Phone:(479) 443-2705
Fax:(479) 443-2718
cplumlee@rmp.law
wjohnson@rmp.law

***Counsel for Defendants Richard Wistisen & Commodity Information, Inc., and Defendants' Steering Committee Member***